UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case NO. 19-24184-Civ-Cooke/Goodman

JAMES BUCKMAN, et al.,

    Plaintiff,
v.

LANCASTER MORTGAGE CO., et al.,

    Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Series RAST 2006-8 (CSFB) ("Deutsche"), pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Plaintiffs' Amended Complaint [D.E. 7] with prejudice, and in support, states as follows:

## INTRODUCTION

Plaintiffs' have filed countless lawsuits, frivolous motions, appeals and bankruptcies related to the property commonly described as 1977 NE 119th Road, Miami, FL 33181 (the "Subject Property"). The entire basis for the instant lawsuit surrounds a state court foreclosure action involving the Subject Property that was filed in the Circuit Court in and for Miami-Dade County, case number 2007-CA-018226 ("Foreclosure Action") and what Plaintiffs describe as an "unsigned fake Note and Mortgage dated October 20, 2005." Although not parties to the Foreclosure Action, both Plaintiffs, Maurice Symonette and James Buckman, Jr. are listed on the case docket for the Foreclosure Action as "Interested Parties" based on the countless appearances by Plaintiffs and the various documents field in the Foreclosure Action by Plaintiffs. Plaintiffs and the defendants named in the Foreclosure Action have spent well over ten (10) years asserting frivolous challenges to Deutsche's Foreclosure Action in the form of frivolous filings, appeals, bankruptcies and collateral lawsuits. Plaintiff, Maurice Symonette has held himself out to be the "mastermind" or driving force behind the significant delay that has been created in connection with Deutsche's

1

Foreclosure Action. Plaintiffs are also pursuing identical claims to those asserted in this case in the Circuit Court in and for the Eleventh Judicial Circuit in and for Miami-Dade County in case number 2019-CA-30415. A copy of Plaintiffs' Complaint in that action is attached hereto as Exhibit "A".

Ultimately, the instant lawsuit fails because Final Judgment of Foreclosure was entered in the Foreclosure Action on April 29, 2008. Although Plaintiffs and the defendants named in the Foreclosure Action have attempted to challenge the Final Judgment in the form of frivolous motions, appeals and collateral lawsuits, every court has rejected these challenges as frivolous. The Amended Complaint should also be dismissed as a shotgun pleading. Specifically, Plaintiffs' Amended Complaint intermingles allegations as to all named Defendants and fails to identify the parties that each of the eleven counts are directed at, fails to plead with particularity and simply hurls legal conclusions that do not meet the pleading standards of this or any other Court. This matter should also be dismissed with prejudice pursuant to the doctrine of *Rooker-Feldman*. Even if these basis for dismissal did not exist, each of the causes of action asserted fail to state a cause of action upon which relief can be granted. As such, Deutsche requests that the instant lawsuit is dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2007 Deutsche filed its foreclosure Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, which sought to foreclose a mortgage on real property. On March 31, 2008, Deutsche proceeded to file a Motion for Summary Judgment, which sought the entry of a final judgment of foreclosure. On April 29, 2008, the state court held a hearing on Deutsche's Motion for Summary Judgment and proceeded to enter a final judgment in favor of Deutsche. Further, the state court set a foreclosure sale of the subject property for June 12, 2008. Subsequently, Plaintiff's Maurice Symonette and James Buckman led the defendants in the Foreclosure Action to file countless motions, appeals, collateral lawsuits and bankruptcies to prevent the Subject Property from going to foreclosure sale and challenging the final judgment of foreclosure that was entered.

Ultimately, on June 22, 2017 the foreclosure sale proceeded and Deutsche was the highest bidder so a Certificate of Sale was issued on June 27, 2017. On June 30, 2017 defendants proceeded to file an Objection to Sale and Demand for Evidentiary Hearing. The basis for the objection was that Deutsche did not have standing and the sale price was

inadequate. On July 11, 2017 Deutsche filed a Motion to Strike defendants' Objection to Sale and Demand for Evidentiary Hearing. On August 17, 2017 defendants filed an Amended Objection to Sale and Demand for Evidentiary Hearing. Subsequently, a hearing was held and the state court entered an order denying/overruling the Amended Objection to the foreclosure sale, which reflected that no future objections to the sale would be heard by the court.

In response, on September 1, 2017 defendants proceeded to file a Notice of Appeal in relation to the state court's denial of their objection to the foreclosure sale and the appellate court later affirmed the trial court. On September 28, 2017 Certificate of Title was issued to Deutsche. On January 12, 2018 Deutsche filed a Motion for Order Directing the Clerk to Issue an Amended Certificate of Title on the basis that Certificate of Title that was previously issued contained an error in its name, which the trial court granted. On March 21, 2019 the state court entered an order directing the clerk of court to issue a writ of possession. On the same day, Plaintiff, Maurice Symonette filed an Emergency Motion to Stop Illegal Eviction and on March 26, 2019 the state court entered an order denying the emergency motion. In response, on April 19, 2019 defendants noticed an appeal of the state court's denial of the Emergency Motion to Stop Illegal Eviction. Similarly, on April 26, 2019 Plaintiff, Maurice Symonette noticed an appeal of the state court's denial of the Emergency Motion to Stop Illegal Eviction. Deutsche filed a motion to dismiss the appeal noticed by Plaintiff, Maurice Symonette and on June 6, 2019 the appellate court granted Deutsche's motion and dismissed the appeal. Although the state court directed the clerk of court to issue a writ of possession, when the Miami-Dade County Sheriff's office went to execute the writ, parties occupying the Subject Property provided documentation reflecting that defendant, Mack Wells had commenced a new bankruptcy proceeding. In response, Deutsche filed a Motion for Relief from Stay with the bankruptcy court, which included a request for the court to find that the bankruptcy was part of a scheme to hinder and delay the state court foreclosure action. The bankruptcy court held a hearing and issued an order finding that the bankruptcy filing was in fact part of a scheme to hinder and delay the state court foreclosure action. Subsequently, the writ of possession was executed on and Deutsche took possession of the Subject Property.

As outlined by the above, Plaintiffs and the defendants in the state court Foreclosure Action have filed countless frivolous bankruptcies, appeals and motions to create delay and

3

to prevent the Foreclosure Action from being finalized and to prevent Deutsche from taking possession. Although not parties to the state court foreclosure action, Plaintiffs, Maurice Symonette and James Buckman have been the driving force in challenging the Foreclosure Action and have been heavily involved in the litigation.

The case at bar meanders its way through eleven causes of action: (1) quiet title; (2) slander of title; (3) violation of Fla. Stat. §559.715; (4) unjust enrichment; (5) violation of 12 U.S.C. 2605; (6) violation of Fla. Stat. § 697.10; (7) fraud and concealment; (8) Violation of Fla. Stat. §45.031(8); (9) violation of timely assignment; (10) lack of consideration; (11) Violation of GAAP FASB FAS 140 Rule as governed bye the SEC and the United States Department of the Treasury. As will be discussed, Plaintiff's Amended Complaint fails on the merits due to the finality of the state foreclosure action, procedurally due to the obvious shotgun pleading and fails to state any of the purported causes of action and, therefore, should be dismissed with prejudice.

I. **ARGUMENT**

A. **MOTION TO DISMISS STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached Exhibits, including documents referred to in the complaint that are central to the claim." *Lage v. Ocwen Loan Servicing, LLC*, 2015 WL 631014 (S.D. Fla. Feb. 15, 2015). The Eleventh Circuit has held that when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Bryant v. Avado Brands Inc.,* 187 F. 3d 1271, 1279-80 (11th Cir. 1999)).

A district court need not give a plaintiff a chance to file an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by

4

amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Birdette v. Saxon Mortg.*, 502 Fed. Appx. 839, 841 (11th Cir. 2012).

### B. PLAINTIFFS' COMPLAINT IS AN INCOMPREHENSIBLE SHOTGUN PLEADING

Plaintiff's Complaint must be dismissed as a "shot-gun pleading." The Eleventh Circuit has identified four categories of shot-gun pleadings as follows:

> The most common type [of shot-gun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) ; *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 205 F.3d 1293, 1295 (11th Cir. 2002) (defining a shot-gun complaint as containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions").

Recently, the Eleventh Circuit addressed this very issue in *Jackson v. Bank of America, N.A.*, 898 F.3d 1348 (11th Cir. 2018). In *Jackson*, the Eleventh Circuit reviewed a lengthy Report and Recommendation that dismissed sixteen counts for failing to state a cognizable claim. *Id.* at 1356. The Court affirmed the dismissal but based on the plaintiff's improper pleading. *Id.* The Court specifically found that each allegation was incorporated into each claim "making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Id.* The Court noted that, "in a case in which a party, plaintiff or defendant, files a shotgun pleading, the district

5

court 'should strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b).'" *Id* at. 1358, *citing Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (*quoting Cramer*, 117 F.3d at 1263).

Plaintiff's Amended Complaint in this case contains the same errors as the complaint in *Jackson*. The pleading is incoherent, indecipherable and the allegations are splattered indiscriminately without delineation of each Defendant. Each count incorporates all paragraphs which precede it. This is particularly of concern as all of the counts do not appear to be directed at all Defendants. Plaintiffs' Amended Complaint contains numerous allegations referencing acts done by the "Defendants" lumping them together. These references are improper as Plaintiffs fail to state allegations specific to acts alleged to be committed by each Defendant, including Deutsche. The Court should dismiss Plaintiffs' Amended Complaint as frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 325 & 328 (1989) (holding that a complaint is "frivolous" and should be dismissed when the factual allegations are "fanciful," "fantastic," or "delusional"); *Curtis*, 2017 U.S. Dist. LEXIS 220526, at *9 ("As Plaintiffs' allegations are undeniably legally insufficient to create a plausible claim, they are clearly frivolous (and borderline malicious.").

### C. ALL COUNTS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Based on the allegations contained in the Amended Complaint, Plaintiffs impermissibly seek review of the Judgment entered by the State Court in the Foreclosure Action. Significantly, the *Rooker-Feldman* doctrine is the outgrowth of two United States Supreme Court cases which dictate that federal courts do not have jurisdiction to review the judgments and decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Critically, "[t]he *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman,* 558 F. 3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe,* 558 F. 3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar,* 630 F. 3d 1336, 1340–41 (11th Cir. 2011) (where applicable, *Rooker–Feldman* deprives federal court of subject matter jurisdiction).

The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *Lozman v. City of Riviera Beach, Fla.,* 713 F. 3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). Thus, the *Rooker-Feldman* doctrine prevents a party who had an opportunity to contest, through the state court system, the propriety of the entry of a state court judgment "from seeking what in substance would be appellate review" from a federal district court. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

Moreover, the *Rooker-Feldman* doctrine not only prohibits federal district courts from reviewing matters actually resolved in connection with the state court judgment but also those claims "inextricably intertwined" with the judgment. *Figueroa v. MERSCORP, Inc.*, 477 Fed. Appx. 558, 560 (11th Cir. 2012). Indeed, *Rooker–Feldman* analysis is a two-part inquiry: first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856–57 (11th Cir. 2013). More specifically, such claims lie outside of federal jurisdiction when they meet the requirements outlined by the Supreme Court in *Exxon Mobil*:

> (1) [T]he federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

*Hoblock v. Albany County Bd. Of Elections,* 422 F. 3d 77, 85 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

Plaintiffs' claims in this case are "inextricably intertwined" with the Foreclosure Action, foreclosure judgment and the proceedings related thereto. A claim is inextricably intertwined with a state court judgment "if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale,* 558 F.3d at 1260 (quoting *Powell v. Powell,* 80 F. 3d 464, 467 (11th Cir. 1996) and

7

*Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Figueroa v. MERSCORP, Inc.,* 766 F.Supp. 2d 1305, 1316 (S.D. Fla. 2011).

Similarly, the Eleventh Circuit and many district courts within the Eleventh Circuit have applied *Rooker–Feldman* to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments. *See, e.g., Parker v. Potter,* 368 Fed. Appx. 945, 947–48 (11th Cir .2010) (rejecting under *Rooker–Feldman* a federal claim under the Truth in Lending Act ("TILA") that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 Fed. Appx. 890, 892–93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman*); *Harper v. Chase Manhattan Bank,* 138 Fed. Appx. 130, 132–33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collection Practices Act ("FDCPA"), and Equal Credit Opportunity Act ("ECOA") claims under *Rooker–Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *AboyadeCole Bey v. BankAtl.,* No. 6:09–cv–1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC,* No. 09–61460–CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) ("Although plead as conspiracy claims ..., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker–Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter.").

Here, Plaintiffs' claims and alleged injuries rest upon their assertion that foreclosure proceedings and the judgment were improper. This Court lacks jurisdiction under the *Rooker-Feldman* doctrine because Plaintiffs' are waging a federal court collateral attack on the state court foreclosure judgment that was entered in the Foreclosure Action. Plaintiffs demand reversal of the Foreclosure Action and damages in relation to the state court proceeding. These damages can only be predicated upon a finding that the final judgment entered in the Foreclosure Action is erroneous. Thus, Plaintiffs' Amended Complaint is essentially a broad base attack on the judgment entered by the state court in the Foreclosure Action and an attempt to re-litigate/review the final judgment. Plaintiffs' allegations fall squarely within the

province of *Rooker–Feldman* because they seek relief from this Court which requires adjudging that the Foreclosure Action and final judgment are erroneous. Because Plaintiffs cannot overcome the *Rooker-Feldman* doctrine, all counts of the lawsuit must be dismissed with prejudice.

### B. ALL COUNTS RAISED IN PLAINTIFFS' AMENDED COMPLAINT FAIL TO STATE A CAUSE OF ACTION AND MUST BE DISMISSED WITH PREJUDICE

#### 1. Count I Seeking to Quiet Title to the Subject Property Fails to State a Cause of Action

Plaintiffs' first claim asserts a cause of action seeking to quiet title to the Subject Property based on alleged fraud and Plaintiffs' political affiliation. However, Plaintiffs fail to identify that to state a cause of action to quiet title, a party must actually hold title to property. To state a claim to quiet title in Florida, Plaintiffs must not only allege plausible facts showing their title to the land at issue, but also plausible facts showing that a cloud on that title exists, identify and show what is clouding the title, and allege facts giving rise to the validity and invalidity of the claim. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Id*. *See also McDaniel v. McElvy*, 108 So. 820, 830 (1926) ("Thus, if the suit is brought to remove a particular cloud, the facts which show the existence—actual, apparent, or potential—of that cloud are essential parts of the complainant's cause of action, and must be alleged.").

Plaintiffs completely fail to allege facts that support the elements required to assert a claim for quiet title. As outlined above, on September 28, 2017, Certificate of Title was issued to Deutsche in connection with the Foreclosure Action. Due to an error in Deutsche's name in the Certificate of Title, an Amended Certificate of Title was issued on March 13, 2018. Copies of the Certificate of Title and Amended Certificate of Title are attached hereto as Composite Exhibit "B". Because Deutsche holds title to the Subject Property, it is impossible for Plaintiff's to satisfy the first element of stating a claim to quiet title to real property. Notwithstanding this, even if Plaintiffs held title to the subject property, their claim would fail as Plaintiffs have failed to allege plausible facts showing that a cloud on title exists. As such, Count I of Plaintiffs' Amended Complaint fails to state a cause of action and must be dismissed.

### 2. Count II Asserting a Claim for Slander of Title Fails to State a Cause of Action

Plaintiffs' second cause of action attempts to assert a claim for slander of title on the basis that Defendants recorded documents, including, but not limited to the Notice of Default, Notice of Trustee's Sale and Trustee's Deed. The elements to state a claim for slander of title under Florida law are that: "(1) A falsehood; (2) has been published, or communicated to a third person; (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff; and (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with plaintiff; and (5) [actual and/or] special damages are proximately caused as a result of the published falsehood." *McAllister v. Breakers Seville Ass'n, Inc.*, 981 So. 2d 566, 573 (Fla. 4th DCA 2008). *See also, Residential Communities of Am. V. Escondido Cmty. Ass'n*, 645 So. 2d 149, 150 (Fla. 5th DCA 1994) (applying elements). Failure to plead these elements subjects a complaint to dismissal. *Law Offices of David J. Stern*, P.A. v. SCOR Insurance Corp., 354 F.Supp.2d 1338, 1342 (S.D. Fla. 2005).

First, as an initial matter, Plaintiffs do not hold title to the Subject Property so it is impossible for a claim for slander of title to survive. This is demonstrated by the allegations set forth in Plaintiffs' Complaint and the exhibits thereto. Specifically, Paragraph 12 of Plaintiffs' Complaint reflects that "[t]he property was subsequently sold pursuant to a foreclosure sale by Deutsche Bank National Trust on February 22, 2013" and Plaintiffs attach the certificate of title as Exhibit "A" to their Amended Complaint. The allegations and documents attached to Plaintiffs' Amended Complaint directly negate Plaintiffs' claims of slander of title, which merits dismissal.

Furthermore, Plaintiffs have completely missed the mark on asserting facts to support each of the required elements to state a cause of action for slander of title. For instance, Plaintiffs assert that the recorded documents, such as the Notice of Default, Notice of Trustee's Sale and Trustee's Deed are the documents that support the claim for slander of title. However, none of these documents were ever recorded by Deutsche, Plaintiffs have failed to assert facts that Deutsche published anything to a third party and Plaintiffs fail to attach any of these documents as exhibits to their Amended Complaint. Plaintiffs fail to assert the alleged falsehood of these documents, where or who published them, that Deutsche was

aware of that publishing the documents would induce third parties not to deal with Plaintiffs and ultimately, that damages resulted. Furthermore,

> "Although the Court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there."

*Saunders v. Hunder*, 980 F.Supp. 1236, 1241 (M.D. Fla. 1997). Under the facts alleged in Plaintiffs' Amended Complaint and the documents attached thereto, it is impossible for Plaintiffs to recover under a slander of title theory, and the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### 3. Count III Asserting a Claim for a Violation of Fla. Stat. §559.715 Fails to State a Cause of Action

Plaintiff's third cause of action appears to assert that Deutsche violated Fla. Stat. §559.715 by failing to provide written notice of assignment of the debt within thirty (30) days, however, Plaintiffs fail to even allege what Deutsche failed to assign. Fla. Stat. §559.715 provides:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the **debtor** written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

(emphasis added). As a threshold matter, Plaintiffs lack standing to assert any claims pursuant to Fla. Stat. §559.715. As the plain language of the statute reflects, only a debtor is entitled to notice of the assignment of debt. Plaintiffs are not and have never alleged that they are debtors of Deutsche. As such, Plaintiffs' claims completely fail.

Furthermore, Contrary to Plaintiffs' claims, the notice requirement in Fla. Stat. §559.715 does not act as a condition precedent to debt collection. In *Brindise v. U.S. Bank Nat. Ass'n*, plaintiffs appealed a final foreclosure judgment due to the defendant's lack of notice of the mortgage assignment pursuant to Fla. Stat. §559.715. 183 So. 3d 1215, 1216 (Fla. 2d DCA 2016). The Second District Court of Appeals in and for Florida affirmed the final judgment, finding that "the notice described in Fla. Stat. §559.715 is not a condition precedent to foreclosure." *Id*. at 1216. The *Brindise* court observed that "Section 559.715 has no language making written notice of assignment a condition precedent to suit." *Id.* at 1219. The

11

court noted that "[t]he Legislature knows how to create a condition precedent . . . [but] declined to be more specific when enacting section 559.715" therefore, the court refused to "expand the statute to include language the Legislature did not enact." *Id*.  Simply stated, Fla. Stat. §559.715 contains no condition precedent language, period.  Hence, it cannot create a condition precedent to debt collection activities.

Additionally, this court has previously held that section 559.715 does not create a private right of action.  *See Renfrow v. First Mortg. America, Inc.*, 2011 WL 2416247, *4 n.1 (S.D. Fla. 2011) (citing *Pack v. Unifund CCR Partners, G.P.,* 2008 WL 686800, *2 n. 2 (M.D. Fla. 2008)).  Based on the foregoing, Plaintiffs fail to state a cause of action for a violation of Fla. Stat. §559.715 and as such, Plaintiffs' Amended Complaint must be dismissed.

### 4. Count IV Asserting a Claim for Unjust Enrichment Fails to State a Cause of Action

Plaintiff's fourth cause of action asserts that Deutsche's pending foreclosure action on the Subject Property constitutes unjust enrichment.  Specifically, it appears that Plaintiffs are arguing that Deutsche's loan was previously satisfied and therefore, the foreclosure constitutes unjust enrichment.  While Plaintiffs' Amended Complaint makes non-factual and implausible conclusory allegations that Deutsche's loan interest has been satisfied, Plaintiffs do not allege a direct relationship sufficient to state a claim for unjust enrichment.  "A benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment."  *Century Senior Servs. v. Consumer Health Benefit Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011).  Based on this alone, Plaintiffs' claim for unjust enrichment fails.

Even if Plaintiffs had standing to assert a claim for unjust enrichment, it would be barred by the applicable statute of limitations.  "The statute of limitations on a claim for unjust enrichment is four years."  *E.g. Swafford v. Schweitzer*, 906 So. 2d 1194, 1195 (Fla. 4th DCA 2005).  "Under Florida law, a cause of action for unjust enrichment is extinguished unless the action is brought within four years after the transfer was made, regardless of when the transfer is ultimately discovered."  *Steinberg v. A Analyst Ltd.*, No. 04-60898-CIV, 2009 WL 806780, at *10 (S.D. Fla. Mar. 26, 2009).  Plaintiffs allege that that the loan was satisfied "as a result of proceeds of sale through securitization to private investors many times and insurance proceeds from credit default swaps."  Final judgment of foreclosure was entered on April 29,

2008, which extinguished the mortgage loan that was foreclosed. As such, any alleged unjust enrichment as a result of securitization would have to have occurred prior to Final judgment being entered. Even using the date that final judgment was entered, any claim for unjust enrichment would be barred by the applicable statute of limitations.

Under Florida law, a claim for unjust enrichment has three elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof.'" *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). Here, Plaintiffs don't even attempt to establish the elements required to state a cause of action. Specifically, Plaintiffs fail to identify any benefit that was conferred on Deutsche by Plaintiffs, that Deutsche accepted the benefit and that it would be inequitable for Deutsche to retain the benefit. As such, Plaintiffs' claim for unjust enrichment fails and must be dismissed.

### 5. Count V Asserting a Claim for a Violation of the Real Estate Settlement Procedures Act Fails to State a Cause of Action

Plaintiff's fifth cause of action purportedly asserts a claim for violations of the Real Estate Settlement Procedures Act[1]. To state a RESPA claim, a plaintiff must allege facts to support that: (1) defendant is a loan servicer; (2) plaintiff sent defendant a request for information; (3) defendant failed to adequately respond within the appropriate framework; and (4) plaintiff is entitled to actual or statutory damages. 12 U.S.C. § 2605 (2014); *see Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (holding that damages allegation is a necessary element of any claim under § 2605).

Courts have observed that good faith—not borrower satisfaction—is the relevant standard for loan servicers to meet the substance of RESPA. *See Russell v. Nationstar Mortgage, LLC*, 2015 WL 5819663, *1, *8 (S.D. Fla. Oct. 6, 2015). "Congress could not have intended for § 2605(e)(2) to operate in hindsight as a 'gotcha' – essentially enabling borrowers to tie the hands of loan servicers 'by inundating a lender with qualified written requests until they receive a single unsatisfying response.'" *Id.* (quoting *Banayan v. OneWest Bank F.S.B.*, 2012 WL 896206, at *6-7 (S.D. Cal. March 14, 2012)).

---

[1] Notably, Count V of Plaintiffs' Amended Complaint references the Truth in Lending Act, but fails to cite to any section or how Deutsche violated the Truth in Lending Act.

13

Plaintiffs' Amended Complaint fails because it does not assert any of the elements required to establish a claim pursuant to RESPA. Furthermore, Plaintiffs' allegations are all based on a purported loan between Deutsche and Plaintiffs, however, Plaintiffs have never entered into a loan transaction with Deutsche in connection with the Subject Property. Plaintiffs also fail to identify how any purported violation of RESPA resulted in damage to Plaintiffs. As such, Count V of Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted.

### 6. Count VI Asserting a Claim for a Violation of Fla. Stat. § 697.10 Fails to State a Cause of Action

Count VI of Plaintiffs' Amended Complaint attempts to assert a violation of Fla. Stat. §697.10. This statute states that "[i]n any action relating to real property, if the court shall find that any person has prepared an instrument which due to an inaccurate or improper legal description impairs another person's title to real property, the court may award to the prevailing party all costs incurred by her or him in such action, including reasonable attorney's fees, and in addition thereto may be award to the prevailing party all actual damages that she or he may have sustained as a result of such impairment of title." Section 697.10 creates no cause of action, it simply permits an award of damages, attorney's fees and costs to any party that prevails on a slander or cloud of title claim. As such, Count VI of Plaintiffs' Amended Complaint fails to state a cause of action and must be dismissed.

### 7. Count VII Asserting a Claim for Fraud and Concealment Pursuant to Fla. Stat. §726.105(d)

Count VII of Plaintiffs' Amended Complaint appears to assert a claim for fraud and concealment pursuant to Fla. Stat. §726.105(d). The statute states that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation, [b]efore the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit. The factual basis for the claim appears to be that "Bank filed Complaint before they owned the Note . . . Plaintiff foreclosed on the property before they owned it by way of making a Fraudulent Assignment and taking

14

Defendants property without having Note ownership."  First, Plaintiffs allegations make absolutely no sense as they reflect that "Plaintiff foreclosed", which is factual incorrect.  Further, the statute relied upon pertains to situations where a debtor commits fraudulent conduct, however, Deutsche has never been a debtor in relation to Plaintiffs and Plaintiffs fail to allege any facts that comport with the language of the statute.  As such, Count VII of Plaintiffs' Amended Complaint fails to state a cause of action.

### 8. Count VIII Asserting a Claim Related to the Foreclosure Sale of the Subject Property Fails to State a Cause of Action

Count VIII of Plaintiffs' Amended Complaint argues that the Subject Property sold at the foreclosure sale for $42,000.00, which shocks the conscience pursuant to Fla. Stat. §45.031(8).  This factual allegation about the sale price is just incorrect.  On or about June 22, 2017 Deutsche was the highest bidder at the foreclosure sale held in connection with the Foreclosure Action and Deutsche's final bid amount was $888,300.00.  A copy of the Foreclosure Sale Results is attached hereto as Exhibit "C".  An objection to the foreclosure sale was filed and the state court overruled the objection.  Further, this exact issue was raised on appeal to the Third District Court of Appeals for the State of Florida in case number: 3D18-0391 and the appellate court affirmed the lower court on all grounds.  Plaintiffs are now asking the third separate court to issue relief in connection with this foreclosure sale.  However, Count VIII fails to state a cause of action and should be dismissed.

### 9. Count IX Asserting a Claim for a Violation of Timely Assignment Fails to State a Cause of Action

Count IX of Plaintiffs' Amended Complaint appears to allege that assignments were untimely because they were recorded after the Foreclosure Action was commenced.  However, an assignment of mortgage is not required pursuant to the Florida Supreme Court ruling in the controlling authority on this issue in the case of *Johns v. Gillian*, 134 Fla. 575 (Fla. 1938), "[i]f the note or other debt secured by a mortgage be transferred without any formal assignment of mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties"; *see also*, *WM Specialty Mortgage, LLC v. Salomon*, 874 So. 2d 680 (Fla. 4th DCA 2004) (upholding a retrospective assignment of mortgage that recited that the assignment took

15

place previous to the assignment document being signed and notarized). See also, *Collins v. W.C. Briggs, Inc.*, 98 Fla. 422, 123 So. 833 (Fla. 1929); *Mortgage Electronic Registration System, Inc. v. Revoredo*, 955 So. 2d 33 (Fla. 3rd DCA 2007) (holds that MERS has standing to foreclose by possession of the note.) Based on this, Defendants arguments related to any assignment of mortgage fail as an assignment of mortgage is not required pursuant to Florida law.

Based on this, assignments of mortgage were not required in the Foreclosure Action for final judgment to be entered. As such, Count IX of Plaintiffs' Complaint fails to state a cause of action.

10. **Count X Asserting that there was a Lack of Consideration Fails to state a Cause of Action**

Count X of Plaintiffs' Amended Complaint alleges that there was a lack of consideration, but it's not clear what Plaintiffs are referring to. Plaintiffs' state that "Florida Contract (Mail Box Law) (4) says you must in order to consummate a contract or an assignment you must give consideration money." Count X of Plaintiffs Amended Complaint in barely legible and makes absolutely no sense. As outlined above, Plaintiffs failed to identify which counts are directed at each individual defendant and as such, it is impossible to decipher exactly what Plaintiffs are asserting. As such, Count X fails to state a cause of action and must be dismissed.

11. **Count XI Asserting a Claim for a Violation of GAAP FASB FAS 140 Rule Fails to State a Cause of Action**

County XI of Plaintiffs' Amended Complaint alleges a violation of GAAP FASB FAS 140 Rule. However, similar to County X, the allegations do not reflect which defendant they are directed at and it is nearly impossible to decipher what Plaintiffs are alleging. As such, Count XI fails to state a cause of action and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant, Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Series RAST 2006-8 (CSFB), respectfully request that the Court grant their Motion to Dismiss, dismiss Plaintiffs' Amended Complaint with prejudice and for such other and further relief, at law or in equity, to which the Court deems Defendants to be justly entitled.

Respectfully submitted,

BLANK ROME LLP
Counsel for Defendant Deutsche Bank
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33394
Telephone: 954-512-1800
Facsimile: 954-512-1818

 /s/ Daniel S. Hurtes
DANIEL S. HURTES
Florida Bar No.: 69104
DHurtes@BlankRome.com
BRFLeservice@BlankRome.com
NICOLE R. TOPPER
Florida Bar No. 558591
NTopper@BlankRome.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on January 17, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document will be served upon all parties requesting electronic notice.

/s/ Daniel S. Hurtes
DANIEL S. HURTES