UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case NO. 19-24184-Civ-Cooke/Goodman

JAMES BUCKMAN, et al.,

    Plaintiff,

v.

LANCASTER MORTGAGE CO., et al.,

    Defendants.

_____/

**DEFENDANTS' MOTION TO STRIKE OR IN THE ALTERNATIVE REPLY TO PLAINTIFF'S RESPONSE [D.E. 27]**

COMES NOW, Defendant, Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Series RAST 2006-8 (CSFB) ("Deutsche"), hereby files its Motion to Strike or in the Alternative Reply to Plaintiffs' Response [D.E. 27] (the "Response") to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [D.E. 22] and states:

**MEMORANDUM OF LAW**

The facts plead by Plaintiffs against Deutsche fail to state a single cause of action against Deutsche and should be dismissed with prejudice. Plaintiff's Response fails to refute any of the grounds alleged in the Motion and the Motion should be granted for the plethora of reasons set for therein.

    **I.    Plaintiff's Response in Opposition to Deutsche's Motion to Dismiss was Untimely and Should be Stricken**

Plaintiffs' Response to Deutsche's Motion to Dismiss Amended Complaint is untimely and should be stricken. Rule 7.1(c), Local Rules for the Southern District of Florida states in pertinent part that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after filing and service of the motion." Here, Deutsche filed its Motion to Dismiss Plaintiffs' Amended Complaint on January 17, 2020. [D.E. 22]. Pursuant to this Court's rules, Plaintiffs were required to file a response by January 31, 2020. However, Plaintiffs failed to file a response until February 11, 2020 [D.E.

1

27], which is untimely[1].  Although this Court construes *pro se* briefs liberally, *pro se* litigants must conform to procedural rules.  *Taylor v. National Security Agency*, 618 Fed. Appx. 478, 481 (11th Cir. 2015).  Because Plaintiffs response is untimely, Deutsche respectfully requests that it is stricken from the record and Deutsche's Motion to Dismiss Plaintiffs' Amended Complaint is granted with prejudice.

II.   **Even if Plaintiff's Response was Timely, it Fails to Overcome the Arguments Raised in Deutsche's Motion to Dismiss Plaintiffs' Amended Complaint**

Deutsche moved to dismiss Plaintiffs' Amended Complaint on both procedural and substantive grounds.  Plaintiffs' Response entirely fails to address any of the procedural deficiencies with Plaintiffs' Amended Complaint.  Instead, Plaintiffs' Response is comprised of a rant of conclusions asserting that the loan documents in the underlying foreclosure action are fraudulent.  Specifically, Plaintiffs assert in their Response that Deutsche "st[ole] plaintiffs[sic] property using a[sic] invalid and void and useless Mortgage, Promissory Note and fake Mortgage Assignment".  However, Plaintiffs are third parties to the promissory note, mortgage and assignments of mortgage, and therefore, lack standing to challenge the validity of these documents or their use in the underlying foreclosure.  *See Henry v. Guaranteed Rates, Inc.*, 415 Fed. Appx. 985, 985-86 (11th Cir. 2011) ("[Plaintiff] lacked standing to complain about any alleged misconduct regarding a loan to which she was not a party."); *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 873-74 (affirming dismissal of IFP complaint for plaintiff's lack of standing to bring claims against mortgage loan servicer where she was "not a party to loan"); *Correa v. BAC Home Loans Servicing, LP*, 853 F. Supp. 2d 1203, 1207-08 (M.D. Fla. 2012) ("Because [the Plaintiff] was not a party to the loan transaction, he cannot sue under rights arising out of that contract when he is not an intended third party beneficiary.").

A.   *Quiet Title*

Plaintiffs' Response fails to address the arguments raised by Deutsche asserting that Plaintiffs' claim fails to state a cause of action.  Instead of addressing how Plaintiffs can possibly assert a claim to quiet title when they do not hold title to the subject property, Plaintiff's go on a rant about how the loan documents—which they are not a party to—are

---

[1] Notably, Plaintiffs never moved this Court for an order to file a response out of time.

fraudulent.  Plaintiffs' Response fails to address the arguments presented by Deutsche in its Motion to Dismiss, and as such, Plaintiffs' claim to quiet title must be dismissed.

### B. *Slander of Title*

Plaintiffs' Response fails to address how Deutsche could have slandered Plaintiffs' title when Deutsche holds title to the subject property.  Further, Plaintiffs Response fails to identify how they plead a cause of action asserting a claim for slander of title.  Instead, Plaintiffs appear to assert that Deutsche claimed that it owned the subject property when it foreclosed and complaint of alleged fraudulent documents.  Plaintiffs' Response fails to overcome the arguments presented in by Deutsche in its Motion to Dismiss, and as such, Plaintiffs' claim for slander of title should be dismissed.

### C. Alleged Violation of Fla. Stat. §559.715

Plaintiffs' Response fails to address how they have a private right of action to assert claims under Fla. Stat. §559.715 or how the statute created a condition precedent in the underlying foreclosure action—both of which are contrary to the law.  Instead, Plaintiffs discuss an assignment of mortgage, which is not even relevant to the statute or Plaintiffs' claims.  As such, Plaintiffs have failed to overcome the arguments presented in Deutsche's Motion to Dismiss and Plaintiffs' Amended Complaint must be dismissed.

### D. Unjust Enrichment

Plaintiffs' Response fails to overcome Deutsche's arguments that Plaintiffs' claims for unjust enrichment are barred by the applicable statute of limitations and fail to state a cause of action.  Plaintiffs don't even attempt to address the arguments.  Instead, Plaintiffs argue that Deutsche has no interest in "Plaintiffs' Mortgage so the pending foreclosure on the Plaintiffs' property would constitute unjust enrichment."  First, Plaintiffs to not have a mortgage and are not parties to the mortgage that was foreclosed in the underlying foreclosure action.  Similarly, Plaintiffs fail to even identify the alleged unjust enrichment.  Ultimately, Plaintiffs fail to overcome the arguments presented in Deutsche's Motion to Dismiss, and as such, Plaintiff's Amended Complaint should be dismissed.

### E. Violation of RESPA

Plaintiffs' Response fails to overcome the arguments presented by Deutsche that Plaintiffs' claims asserting alleged violations of RESPA fail to state a cause of action.  First, Plaintiffs claims are based on an alleged loan transaction between Plaintiffs and Deutsche,

3

however, these facts are contrary to the record as there is no long transaction between Plaintiffs and Deutsche. Further, Plaintiffs Response fails to outline how they alleged the elements required to state a claim for RESPA or how the alleged violation of RESPA led to Plaintiffs being damaged. Based on these failures, Plaintiffs' Response does not overcome the arguments calling for dismissal of Plaintiffs' RESPA claims.

### F. Violation of Fla. Stat. § 697.10

Plaintiffs' Response fails to overcome the arguments presented by Deutsche calling for dismissal of Plaintiffs' claims of an alleged violation of Fla. Stat. § 697.10. Specifically, Plaintiffs fail to address how they have a private right of action under the statute and how a statute that simply provides a basis for recovery under a slander or cloud of title claim pertains. Instead, Plaintiffs discuss assignments of mortgage, which they are not parties to or relevant to the matter. As such, Plaintiffs have failed to overcome the arguments raised by Deutsche in its Motion to Dismiss so Plaintiffs claims related to Fla. Stat. § 697.10 must be dismissed.

### G. Fraud and Concealment Pursuant to Fla. Stat. §726.105(d)

Plaintiffs' Response fails to overcome the arguments presented by Deutsche calling for dismissal of Plaintiffs' claims of fraud and concealment claims pursuant to Fla. Stat. §726.105(d). Plaintiffs don't even attempt to reconcile in any way how Deutsche was a debtor that committed fraud to support their claim. Instead, Plaintiffs go on a rant about standing and assignments of mortgage. Plaintiffs' failure to address the arguments raised by Deutsche further demonstrates that Plaintiffs' Amended Complaint must be dismissed.

### H. Claims Related to Foreclosure Sale

Plaintiffs' Response fails to even attempt to address Deutsche's arguments for dismissal of all claims that relate to the foreclosure sale that was held in the underlying foreclosure action. Based on Plaintiffs' failure to even address the arguments, the claims should be dismissed.

### I. Claims for a Violation of Timely Assignment

Plaintiffs' Response fails to address Deutsche's arguments calling for dismissal of Plaintiffs' claims that there was no timely assignment. Specifically, Plaintiffs fail to address the fact that Florida does not require assignments of mortgage for a party to foreclose a mortgage. Similarly, Plaintiffs fail to address how they could possibly have standing to

4

challenge any assignments under the facts at hand. As such, Plaintiffs' claims that relate to assignments of mortgage should be dismissed.

### J. Lack of Consideration

Plaintiffs' Response fails to address Deutsche's arguments calling for dismissal of Plaintiffs' claims of lack of consideration. Instead, Plaintiffs argue that the judge in the underlying foreclosure action erred by not dismissing the lawsuit because "MERS" a party not named in the instant lawsuit did not buy the promissory note at issue. Further, Plaintiffs' Response continues to raise arguments related to assignments of mortgage that are not valid and Plaintiffs don't even attempt to clarify who the claim of lack of consideration is directed at. As such, Plaintiffs failed to overcome the arguments raised by Deutsche in its Motion to Dismiss and Plaintiffs' Amended Complaint should be dismissed with prejudice.

### K. Violation of GAAP FASB FAS 140 Rule

Plaintiffs' Response fails to address the arguments raised by Deutsche in its Motion to Dismiss. Instead, Plaintiffs allege that the IRS and SEC helped and unnamed party—likely Deutsche—in foreclosing on the subject property. As Deutsche's Motion to Dismiss Plaintiffs' Amended Complaint points out, Plaintiffs fail to identify the party that allegedly violated the rule at issue in Count XI of their Amended Complaint and fail to identify how a cause of action is born out of the alleged violation. Furthermore, Plaintiffs state that their eleventh cause of action entitles them to quiet title to the subject property. However, Count XI does not involve claims to quiet title in any way. Ultimately, Count XI of Plaintiffs' Amended Complaint is comprised of a rant on conclusions that in not way amount to a cause of action under Florida law. As such, Plaintiffs' Amended Complaint should be dismissed with prejudice.

Plaintiffs' Response is untimely and fails to mend the incurable maladies of Plaintiffs' Amended Complaint. For the reasons stated above and in Deutsche's Motion to Dismiss, Plaintiffs' Amended Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Series RAST 2006-8 (CSFB), respectfully requests that this Court enters an order striking Plaintiffs' Response and dismissing Plaintiffs' Amended Complaint with Prejudice, and for such other and further relief that this Court deems just and appropriate under the circumstances.

Respectfully submitted,

BLANK ROME LLP
Counsel for Defendant Deutsche Bank
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33394
Telephone: 954-512-1800
Facsimile: 954-512-1818

 /s/ Daniel S. Hurtes

DANIEL S. HURTES
Florida Bar No.: 69104
DHurtes@BlankRome.com
BRFLeservice@BlankRome.com
NICOLE R. TOPPER
Florida Bar No. 558591
NTopper@BlankRome.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 18, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document will be served upon all parties requesting electronic notice and was served via U.S. mail to: James Buckman, 15020 South River Drive, Miami, FL 33167 and Maurice Symonette,  15020 South River Drive, Miami, FL 33167.

/s/ Daniel S. Hurtes
DANIEL S. HURTES

6