PART TWO OF AMENDED COMPLAINT
FOR CASE 19 ~~██████~~  19-



FILED BY_____ D.C.

AUG 0 6 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CFN  2005R1193500
OR Bk 23966 Pgs 3465 - 3482; (18ses)
RECORDED 11/16/2005 16:44:30
MTG DOC TAX 5,250.00
INTANG TAX 3,000.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

This Instrument Prepared By:

After Recording Return To:
LANCASTER MORTGAGE BANKERS
20 INDEPENDENCE BLVD
WARREN, NEW JERSEY 07059
Loan Number: 150008387

[Space Above This Line For Recording Data]

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated  OCTOBER 20, 2005          , together with all Riders to this document.
(B)  "Borrower" is  LEROY WILLIAMS, AN UNMARRIED MAN

Borrower is the mortgagor under this Security Instrument.
(C)  "Lender" is LANCASTER MORTGAGE BANKERS

Lender is a LIMITED LIABILITY COMPANY                                      organized and existing under the laws of NEW JERSEY
Lender's address is 20 INDEPENDENCE BLVD, WARREN, NEW JERSEY 07059

Lender is the mortgagee under this Security Instrument.
(D)  "Note" means the promissory note signed by Borrower and dated   OCTOBER 20, 2005
The Note states that Borrower owes Lender ONE MILLION FIVE HUNDRED THOUSAND AND
00/100                               Dollars (U.S. $ 1,500,000.00        )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than NOVEMBER 1, 2035       .
(E)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                                    Page 1 of 18

DocMagic ☎Forms 800-649-1362
www.docmagic.com



(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☒ Other(s) [specify]
☐ 1-4 Family Rider    ☐ Biweekly Payment Rider    PREPAYMENT RIDER TO SECURITY INST

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in the

COUNTY      of      MIAMI-DADE
[Type of Recording Jurisdiction]      [Name of Recording Jurisdiction]

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01      Page 2 of 18      DocMagic eForms 800-649-1362
www.docmagic.com



consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  Preservation, Maintenance and Protection of the Property; Inspections.  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property.  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition.  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage.  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property.  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property.  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  Borrower's Loan Application.  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  Protection of Lender's Interest in the Property and Rights Under this Security Instrument.  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.  Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument; including its secured position in a bankruptcy proceeding.  Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10.  Mortgage Insurance.  If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect.  If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                                        Page 7 of 15

DocMagic eForms 800-649-1362
www.docmagic.com



proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Attorneys' Fees. As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01
Page 13 of 15

DocMagic *DocMagic* 800-649-1362
www.docmagic.com





BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
-Borrower
LEROY WILLIAMS
1977 NE 119TH ROAD, NORTH
MIAMI, FLORIDA 33181

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Signed, sealed and delivered in the presence of:

michelle Austin-wilks

Peggy O'Brien

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01
Page 14 of 15

DocMagic *****  800-649-1362
www.docmagic.com



EXHIBIT A

———————— [Space Below This Line For Acknowledgment] ————————

STATE OF FLORIDA
COUNTY OF Broward

The foregoing instrument was acknowledged before me this 20 day of October, 2005
by LEROY WILLIAMS, a single

who is personally known to me or who has produced valid D/L
as identification.                                                  (Type of Identification)

Michelle Austin-Wilk
Commission # 110___
Expires Dec. 2__
Bonded Th__
Atlantic Bond__

_____
Signature

_____
Name of Notary

(Seal)                             _____
                                   Title

                                   _____
                                   Serial Number, if any

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3010 1/01                          Page 15 of 18

DocMagic eForms 800-649-1362
www.docmagic.com



# Exhibit A

**LOT 103, BLOCK 14, SANS SOUCI ESTATES, according to the Plat threof as recorded in Plat Book 50, Page 86 of the Public Records of Mami-Dade County, Florida**

**Parcel Identification Number: 0622280113400**



File Number: 05e-138

Double Times



# PREPAYMENT RIDER

Loan Number:  150008387

Date:  OCTOBER 20, 2005

Borrower(s):  LEROY WILLIAMS

THIS PREPAYMENT RIDER (the "Rider") is made this 20th day of OCTOBER , 2005 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure repayment of Borrower's promissory note (the "Note") in favor of LANCASTER MORTGAGE BANKERS, A LIMITED LIABILITY COMPANY

("Lender"). The Security Instrument encumbers the Property more specifically described in the Security Instrument and located at

1977 NE 119TH ROAD, MIAMA A/K/A NORTH MIAMI, FLORIDA 33181
[Property Address]

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.   **PREPAYMENT CHARGE**
The Note provides for the payment of a prepayment charge as follows:

4   . **BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to these changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If this Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.

MULTISTATE PREPAYMENT RIDER - SPP
6/03

Page 1 of 2

DocMagic eForms 800-649-1362
www.docmagic.com



If within TWELVE ( 12 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to SIX ( 6 ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

Notwithstanding the foregoing provisions, I may make a full Prepayment without paying a Prepayment charge in connection with a bona fide and arms-length sale of all or any part of, or any legal or beneficial interest in, the Property within the first 12 months of the term of the Note. The phrase "bona fide and arms-length sale" means a sale in which all of the parties involved in the transaction, including without limitation, the buyer, seller, lender, real estate agent or broker, are independent of one another and unrelated by familial or financial interests. I agree to provide the Note Holder with any and all evidence reasonably requested by the Note Holder to substantiate that the sale of the Property is bona fide and arms-length.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Rider.

_____ (Seal)        _____ (Seal)
LEROY WILLIAMS              -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                            -Borrower                                -Borrower

DocMagic eForms 800-649-1362
www.docmagic.com



STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office. _____ AD 20 __
HARVEY RUVIN, CLERK of Circuit and County Courts
Deputy Clerk
JOSE SILVA #311082

*EXH. 142*

**IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA
CIVIL ACTION**

DEUTSCHE BANK NATIONAL TRUST COMPANY AS
TRUSTEE UNDER THE POOLING AND SERVICING
AGREEMENT SERIES RAST 2006-A8 (CSFB),

        **Plaintiff,**

07 - 18226 CA 02

vs.
                                    **CASE NO.
DIVISION**

JAMES LITTLE JOHN A/K/A JAMES LITTLEJOHN; THE UNKNOWN SPOUSE OF JAMES
LITTLE JOHN A/K/A JAMES LITTLEJOHN; LEROY WILLIAMS; MACK WELLS;
CYNTHIA L. WILCOXSON; ANY AND ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES
MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS; ATTORNEYS' TITLE INSURANCE FUND, INC.; LANCASTER MORTGAGE
BANKERS, LLC; FIRST COMMERCIAL CORP.; CITY OF NORTH MIAMI; STATE OF
FLORIDA - DEPARTMENT OF REVENUE; CAPITAL ONE BANK; TENANT #1, TENANT #2,
TENANT #3, and TENANT #4 the names being fictitious to account for parties in possession

           **Defendant(s).**
_____/

## MORTGAGE FORECLOSURE COMPLAINT

    Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING

AND SERVICING AGREEMENT SERIES RAST 2006-A8 (CSFB), sues Defendants, JAMES LITTLE JOHN

A/K/A JAMES LITTLEJOHN, THE UNKNOWN SPOUSE OF JAMES LITTLE JOHN A/K/A JAMES

LITTLEJOHN, LEROY WILLIAMS, MACK WELLS, CYNTHIA L. WILCOXSON; ANY AND ALL

UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED

INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID

UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR

OTHER CLAIMANTS; ATTORNEYS' TITLE INSURANCE FUND, INC.; LANCASTER MORTGAGE

BANKERS, LLC; FIRST COMMERCIAL CORP.; CITY OF NORTH MIAMI; STATE OF FLORIDA -

DEPARTMENT OF REVENUE; CAPITAL ONE BANK; TENANT #1, TENANT #2, TENANT #3 and

TENANT #4; the names being fictitious to account for parties in possession, and alleges:

FILE_NUMBER: F07015531



DOC_ID: M000100

1

Ex. A2

Pg. 3

**ORIGINAL**

**NOTE**  Loan Number: _____

OCTOBER 28, 2005  _____  NEW JERSEY

1977 NE 119TH ROAD, MIAMI A/K/A NORTH MIAMI, FLORIDA 33181

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 1,500,000.00 (this amount is called "Principal") plus interest, to the order of the Lender. The Lender is LANCASTER MORTGAGE BANKING, A LIMITED LIABILITY COMPANY.

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.250 %.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on DECEMBER 1, 2005.

I will make my monthly payments at P.O. BOX 650308, DALLAS, TEXAS 75265-0305

**4. BORROWER'S RIGHT TO PREPAY**

**5. LOAN CHARGES**

MULTISTATE FIXED RATE NOTE--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 1 of 3

23

*Exh. AAA*

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ███████████

Date: OCTOBER 20, 2005

Borrower(s): LEROY WILLIAMS

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this 20th day of OCTOBER, 2005 , and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of LANCASTER MORTGAGE BANKERS, A LIMITED LIABILITY COMPANY

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section 4 of the Note is amended to read in its entirety as follows:

## 4 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If this Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.

If within TWELVE ( 12 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to SIX ( 6 ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

MULTISTATE PREPAYMENT ADDENDUM TO NOTE - SPP
8/03
Page 1 of 2

DocMagic eFarms 800-649-1362
www.docmagic.com



LAN-1258
w/K (1AM)
1225 4UD58
MFB1C

Exh AAA

**Allonge to Promissory Note**

**Loan Number:** ▉▉▉▉▉

**Borrower(s):** Leroy Williams
**Property Address:** 1977 NE 119th Road, Miami A/K/A North Miami, Florida 33181
**Allonge to that certain Promissory Note dated:** October 20, 2005

**Executed by:**

Leroy Williams
**WITHOUT RECOURSE, Pay to the Order of**

IndyMac Bank, F.S.B.

**Note holder:**
LANCASTER MORTGAGE BANKERS, LLC

By: *Darlene Pereira*

**Typed Name:** Darlene Pereira

**Title:** Vice President

Service List

JAMES LITTLEJOHN
18610 NW 22ND AVE
OPA LOCKA, FL  33056

LEROY WILLIAMS
8152 NW 15TH MNR # FC2R
Plantation, FL  33322-5422

ATTORNEYS' TITLE INSURANCE FUND, INC.
c/o Ellen Patterson, Esq.
12514 W. Atlantic Blvd
Coral Springs, FL  3307:

LANCASTER MORTGAGE BANKERS, LLC
20 INDEPENDENCE BLVD.
WARREN, NJ  07059

MACK WELLS
15020 South River Drive
Miami, FL  33167

FIRST COMMERCIAL CORP.
C/o Schrama, Alfred L, R.a.
100 Lakeshore Drive L2
N. Palm Beach, FL  33408

CITY OF NORTH MIAMI
c/o V Lynn Whitfield, Esq.
776 N.E. 125th Street
North Miami, FL  33161

STATE OF FLORIDA - DEPARTMENT OF REVENUE
C/o Jim Zingale, Executive Director R.a. Carlton Building
501 S Calhoun St., Rm 104
Tallahassee, FL  32399

CYNTHIA L. WILCOXSON
4520 NW 185TH ST
OPA LOCKA, FL  33055

CAPITAL ONE BANK
C/o Legal Dept. 11011 West Broad Street
Glen Allen, VA  23233



Exh."B1"

*15020*

CFN 2005R0773767
OR Bk 23428 Pgs 2221 - 2220M (20pgs)
RECORDED 07/29/2005 12:41:05
MTG DOC TAX 1:540.00
INTANG TAX 880.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Return To:
Axton Financial Services
Attn: Post Closing Dept.
10540 West Bernardo Dr. Bldg 1
San Diego, CA 92127-1870

This document was prepared by:
Axton Financial Services
10000 Stonelake Blvd Suite 350
Austin, TX 78759-5847

——————[Space Above This Line For Recording Data]——————

## MORTGAGE
MIN 100176105062733202

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated June 30, 2005 together with all Riders to this document.

(B) "Borrower" is LEROY WILLIAMS, AN UNMARRIED MAN

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is Axton Financial Services

100176105062733                                    0506273320

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3010  1/01

-6A(FL) (0005).01
Page 1 of 16

VMP MORTGAGE FORMS - (800)521-7291

Exh. "B1"

(F) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(G) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County          [Type of Recording Jurisdiction]
of MIAMI-DADE                                                              [Name of Recording Jurisdiction]:
See Legal Description Addendum Page Attached

Parcel ID Number: 3021230221050                                    which currently has the address of
15400 SOUTH RIVER DRIVE                                                                      [Street]
MIAMI                                                                    [City], Florida 33167          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

100176105062733                    Initials _____              0506273320

-6A(FL) (0005).01                    Page 3 of 16              Form 3010   1/01

Exh. "B1"

STATE OF FLORIDA, Broward County ss
The foregoing instrument was acknowledged before me this June 30 2005 by
LEROY WILLIANS , a single man.

who is personally known to me or who has produced Vaild I D/L as identification.

Notary Public

100176105062733
Page 16 of 16

0506273320
Page 1016 1201

Exh."B1"

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_CArretha Robinson_ (signature)
CArretha Robinson

_Leroy Williams_ (signature) _____ (Seal)
LEROY WILLIAMS                                -Borrower

_Mitche Austin-wilks_ (signature)

8152 NORTH WEST 15 MANOR
FORT LAUDERDALE, FL 33322                     (Address)

_____ (Seal)
-Borrower

_____ (Address)

_____ (Seal)      _____ (Seal)
-Borrower                    -Borrower

_____ (Address)    _____ (Address)

_____ (Seal)      _____ (Seal)
-Borrower                    -Borrower

_____ (Address)    _____ (Address)

_____ (Seal)      _____ (Seal)
-Borrower                    -Borrower

_____ (Address)    _____ (Address)

100176105062733                    0506273320

Page 15 of 19                      Form 3010   1/01

**Exh."B2"**

RESPECTFULLY SUBMITTED

*Leroy Williams*

LEROY WILLIAMS

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served by U.S. Mail to Franklin Credit Management Corporation, c/o Corporation Service Company, 1201 Hays Street, Suite 105, Tallahassee, FL 32301-2525, City of North Miami c/o V. Lynn Whitfield, Esq., 776 N.E. 125th Street, N. Miami, FL 33161 and to Mark Wells, 15020 South River Drive, Miami, FL 33167 this 28th day of June, 2010.

*Leroy Williams*

LEROY WILLIAMS

# Exh."C"

CFN 2007R0290646
OR Bk 25468 Pss 0289 - 291; (3pss)
RECORDED 03/21/2007 13:16:02
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

This Instrument Prepared By:

After Recording Return To:

Brb Abstracting, Inc
6412 S Howell Ave.
Oak Creek, WI 53154

[Space Above This Line For Recording Data]

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

Mortgage Electronic Registration Systems, Inc.          P.O. Box 2026
whose mailing address is                                 Flint, MI 48501-2026

all of the undersigned's right, title and interest in, to and under that certain Mortgage dated
OCTOBER 20, 2005          executed by   LEROY WILLIAMS, AN UNMARRIED
MAN

, as mortgagor,

to   LANCASTER MORTGAGE BANKERS, A LIMITED LIABILITY COMPANY
, as mortgagee,

and recorded either

☐ concurrently herewith; or

☐ as Instrument No. 2005R1193500 on 11/16/05          in book 23966,

page 3465        , in the Official Records in the County Recorder's office of

FLORIDA                                                  MIAMI-DADE   County,

A.P.N. #: 0622280113400          , describing land therein as:

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.

MIN: 1000554012254 00581

FLORIDA ASSIGNMENT OF MORTGAGE/CORPORATION OR PART...
Page 1 of ...



Book25468/Page289   CFN#20070...

Exhibit "C"

| Signed, sealed and delivered in the presence of: Witnesses: | LANCASTER MORTGAGE BANKERS, LLC |
|---|---|
| _____ | *[signature]* |
| _____ | DARLENE PEREIRA VICE PRESIDENT |
| STATE OF ~~FLORIDA~~ New Jersey /ss. | _____ |
| COUNTY OF ~~MIAMI-DADE~~ Monmouth | _____ |
| The foregoing instrument was acknowledged before me this 20th day of OCTOBER, 2005 by DARLENE PEREIRA VICE PRESIDENT as for LANCASTER MORTGAGE BANKERS | _____ |
| Signature *[signature]* | |
| REBECCA M. GONZALEZ NOTARY PUBLIC OF NEW JERSEY (Print, Type or Stamp Commissioned Name of Notary Public) | |
| Personally known _____ or Produced Identification _____ Type of Identification Produced: _____ | (Seal) |
| My Commission expires: | |
| REBECCA M. GONZALEZ NOTARY PUBLIC OF NEW JERSEY My Commission Expires Mar. 19, 2008 | |
| (Affix Notarial Seal) | |

FLORIDA ASSIGNMENT OF MORTGAGE/CORPORATION OR PARTNERSHIP
Page 2 of 2

DocMagic eForms 800-649-1362
www.docmagic.com

Book25468/Page290    CFN#20070290646                    Page 2 of 3

FROM :TITLE                    FAX NO. :9547335336            Sep. 30 2005 05:48PM P2

# Exh."C"

## Exhibit A

LOT 168, BLOCK 14, SANS SOUCI ESTATES, according to the Plat thereof as recorded in Plat Book 56, Page 56 of the Public Records of Miami-Dade County, Florida

Parcel Identification Numbers 5622360113468

File Number: 88-438                                                    DoubleTime

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office.
HARVEY RUVIN, CLERK, of Circuit and County Courts
Deputy Clerk
JOSE SILVA #511082

Book25468/Page291    CFN#20070290646    Page 3 of 3

## NOTICE OF FILING

Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT SERIES RAST 2006-A8 (CSFB), gives Notice of Filing of attached ALLONGE TO PROMISSORY NOTE and PREPAYMENT ADDENDUM TO NOTE.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to all parties listed on the attached service list on this ___13___ day of August, 2010.

Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
(813) 251-4766

By: 

Justin J. Kelley
Florida Bar No. 32106
Jessica M. Lowe
Florida Bar No. 69668
Tamara M. Walters
Florida Bar No. 922951

FILE_NUMBER: F07015531

Serial: 14785937
DOC_ID: M003100

Exh. [CC1]

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE UNDER THE POOLING
AND SERVICING AGREEMENT SERIES RAST
2006-A8 (CSFB),
     Plaintiff,

CASE NO.: 2007-18226-CA
DIVISION: 2

vs.

Exh. "C"

Signed, sealed and delivered in the presence of:
Witnesses:

LANCASTER MORTGAGE BANKERS, LLC

DARLENE PEREIRA
VICE PRESIDENT

STATE OF ~~FLORIDA~~ New Jersey
COUNTY OF ~~MIAMI-DADE~~ Somerset } SS.

The foregoing instrument was acknowledged before
me this 20th day of OCTOBER, 2005
by _____
DARLENE PEREIRA
as VICE PRESIDENT
for LANCASTER MORTGAGE BANKERS

Signature _____

REBECCA M. GONZALEZ
NOTARY PUBLIC OF NEW JERSEY

(Print, Type or Stamp Commissioned Name of Notary Public)

Personally known _____ or
Produced Identification _____
Type of Identification Produced: _____

My Commission expires:

REBECCA M. GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Mar. 15, 2008

(Seal)

(Affix Notarial Seal)

FLORIDA ASSIGNMENT OF MORTGAGE/CORPORATION OR PARTNERSHIP
Page 2 of 2

**Exh.CC4**

LAN-1250
(WILLIAM)
132540058
1MFB1C

**Allonge to Promissory Note**

Loan Number: ▓▓▓▓▓

Borrower(s):   Leroy Williams
Property Address:      1977 NE 119th Road, Miami A/K/A North Miami, Florida 33181
Allonge to that certain Promissory Note dated:       October 20, 2005

Executed by:

Leroy Williams
**WITHOUT RECOURSE,** Pay to the Order of

IndyMac Bank, F.S.B.

Note holder:
LANCASTER MORTGAGE BANKERS, LLC

By: _Darlene Pereira_

Typed Name:   Darlene Pereira

Title:   Vice President



**Exh.CC2**

# PREPAYMENT ADDENDUM TO NOTE

Loan Number: ▮▮▮▮▮▮▮

Date: OCTOBER 20, 2005

Borrower(s): LEROY WILLIAMS

THIS PREPAYMENT ADDENDUM TO NOTE (the "Addendum") is made this 20th day of OCTOBER, 2005 , and is incorporated into and shall be deemed to amend and supplement that certain promissory note (the "Note") made by the undersigned ("Borrower") in favor of LANCASTER MORTGAGE BANKERS, A LIMITED LIABILITY COMPANY

("Lender") and dated the same date as this Addendum. Repayment of the Note is secured by a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") given by Borrower in favor of Lender and dated the same date as this Addendum. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note, the provisions of this Addendum shall supersede the inconsistent provisions of the Note.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree as follows:

Section 4 of the Note is amended to read in its entirety as follows:

## 4 . BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes.

If the Note contains provisions for a variable interest rate, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase. If this Note provides for a variable interest rate or finance charge, and the interest rate or finance charge at any time exceeds the legal limit under which a Prepayment penalty is allowed, then the Note Holder's right to assess a Prepayment penalty will be determined under applicable law.

If within TWELVE ( 12 ) months from the date the Security Instrument is executed I make a full Prepayment or one or more partial Prepayments, and the total of all such Prepayments in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to SIX ( 6 ) months' advance interest on the amount by which the total of my Prepayments within any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.



**Exh.CC5**

Service List

JAMES LITTLEJOHN
18610 NW 22ND AVE
OPA LOCKA, FL 33056

LEROY WILLIAMS
8152 NW 15TH MNR # FC2R
Plantation, FL 33322-5422

ATTORNEYS' TITLE INSURANCE FUND, INC.
c/o Ellen Patterson, Esq.
12514 W. Atlantic Blvd
Coral Springs, FL 3307!

LANCASTER MORTGAGE BANKERS, LLC
20 INDEPENDENCE BLVD.
WARREN, NJ 07059

MACK WELLS
15020 South River Drive
Miami, FL 33167

FIRST COMMERCIAL CORP.
C/o Schuma, Alfred L., R.a.
100 Lakeshore Drive L2
N. Palm Beach, FL 33408

CITY OF NORTH MIAMI
c/o V Lynn Whitfield, Esq.
776 N.E. 125th Street
North Miami, FL 33161

STATE OF FLORIDA - DEPARTMENT OF REVENUE
C/o Jim Zingale, Executive Director R.a. Carlton Building
501 S Calhoun St., Rm 104
Tallahassee, FL 32399

CYNTHIA L. WILCOXSON
4520 NW 185TH ST
OPA LOCKA, FL 33055

CAPITAL ONE BANK
C/o Legal Dept. 11011 West Broad Street
Glen Allen, VA 23233



3/16/2019        Miami-Dade Official Records - Print Document     **Exh. [D1]**

*1977*

Prepared by:
James Buckman
1977 NE 119 Rd.
Miami, Florida 33181

CFN 2004R0860746
OR Bk 22698 Pg 4158 (1pg)
RECORDED 10/01/2004 14:27:03
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

# Quit Claim Deed

**This Quit Claim Deed** made this September 30, 2004 between **ALEXANDER MORERA**, a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181 grantor, and **ALEXANDER MORERA** a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, **TANNA CARTER** a single woman, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, **JAMES BUCKMAN** a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, grantee.

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release, and quitclaim to said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, situated, lying and being in **Miami-Dade County, Florida** to-wit:

LOT 103, BLOCK 14, OF SANS SOUCI ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

A/K/A: 1977 NE 119 Rd., North Miami, Florida 33181
FOLIO NUMBER: 06-22-28-011-3400

THAT AT ANY TIME JAMES BUCKMAN OR TANNA CARTER CAN PAYOFF THE FIRST AND SECOND MORTGAGE AND BECOME THE SOLE OWNER OF THE PROPERTY WITHOUT ALEXANDER MORERA.

**To Have and to Hold**, the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity, and claim whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: _____

Witness Name: _____      **ALEXANDER MORERA**

SATE OF FLORIDA
COUNTY OF MIAMI-DADE      * ALEXANDER MORERA

The foregoing instrument was sworn to, subscribed and acknowledge before me this ___1st___ day of ___October___, 2004 by all signors, who have produced their Florida Drivers License, as identification.

[Notary Seal]

Notary Public
Print Name: Rachelle Rodriguez
Commission Expires: April 24, 2005

Miami-Dade Official Records - Print Document

# Exh. D1

*1977*

Prepared by:
James Buckman
1977 NE 119 Rd.
Miami, Florida 33181

CFN  2004R0860746
OR Bk 22698 Pg 4158 (1ps)
RECORDED 10/01/2004 14:27:03
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## Quit Claim Deed

**This Quit Claim Deed** made this September 30, 2004 between ALEXANDER MORERA, a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181 grantor, and ALEXANDER MORERA a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, TANNA CARTER a single woman, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, JAMES BUCKMAN a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, grantee;

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release, and quitclaim to said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, situated, lying and being in **Miami-Dade County, Florida** to-wit:

LOT 103, BLOCK 14, OF SANS SOUCI ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

A/K/A: 1977 NE 119 Rd., North Miami, Florida 33181
FOLIO NUMBER: 06-22-28-011-3400

THAT AT ANY TIME JAMES BUCKMAN OR TANNA CARTER CAN PAYOFF THE FIRST AND SECOND MORTGAGE AND BECOME THE SOLE OWNER OF THE PROPERTY WITHOUT ALEXANDER MORERA.

**To Have and to Hold,** the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity, and claim whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

ALEXANDER MORERA

Witness Name: Emilio A. Jaez

Witness Name: Sergay Courvoisies

SATE OF FLORIDA
COUNTY OF MIAMI-DADE

✳ ALEXANDER MORERA

The foregoing instrument was sworn to, subscribed and acknowledge before me this ___1st___ day of ___October___, 2004 by all signors, who have produced their Florida Drivers License, as identification.

[Notary Seal]

Notary Public
Print Name: Rachelle Rodriguez
Commission Expires: April 24, 2005

Page 1 of 1

Book22698/Page4158    CFN#20040860746

Miami-Dade Official Records - Print Document

# Exh. D1

1977

...red by:
...nes Buckman
1977 NE 119 Rd.
Miami, Florida 33181

CFN 2004R0860746
OR BK 22698 Pg 4158 (1ps)
RECORDED 10/01/2006 14:27:03
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## Quit Claim Deed

**This Quit Claim Deed** made this September 30, 2004 between ALEXANDER MORERA, a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181 grantor, and ALEXANDER MORERA a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, TANNA CARTER a single woman, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, JAMES BUCKMAN a single man, whose post office address is 1977 NE 119 Rd., North Miami, Florida 33181, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release, and quitclaim to said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, situated, lying and being in **Miami-Dade County, Florida** to-wit:

LOT 103, BLOCK 14, OF SANS SOUCI ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

A/K/A: 1977 NE 119 Rd., North Miami, Florida 33181
FOLIO NUMBER: 06-22-28-011-3400

THAT AT ANY TIME JAMES BUCKMAN OR TANNA CARTER CAN PAYOFF THE FIRST AND SECOND MORTGAGE AND BECOME THE SOLE OWNER OF THE PROPERTY WITHOUT ALEXANDER MORERA.

**To Have and to Hold,** the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity, and claim whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: _____

Witness Name: _____

ALEXANDER MORERA

* ALEXANDER MORERA

SATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was sworn to/subscribed and acknowledge before me this ___ 1st day of October , 2004 by all signors, who have produced their Florida Drivers License, as Identification.

[Notary Seal]

Notary Public
Print Name: Rachelle Rodriguez
Commission Expires: April 22, 2005

# Exh. D2

When recorded return to: _____

# Quitclaim Deed:

PrepareR: MicAhiel NichLosoN
1220 Nw 200th St Miami FL 33169

THIS QUITCLAIM DEED, executed this __6th__ day of __December__, 20 __04__,
by first party, Grantor, _Alexander Morera, JAMES BuckmAN AND TANNA CARTER_
whose post office address is _1977 NE 119th Rd. Mami FLA 33181_
to second party, Grantee, _James LittleJohN And LeRoy WilliAms_
whose post office address is _1977 NE 119th Rd. Miami FLA 33181_

WITNESSETH, That the said first party, for good consideration and for the sum of __TEN DollARS__
__TEN__ Dollars ($ __10.00__ )
paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of _MiAmi, DADE_
State of _FloridA_ to wit: _FoliO-06-2228-011-3400_
_28 33 52 42 SANS SouRi ESTS PB 50-86 LoT_
_103 BlK 14 Lot Size 75000 x 125 OR 20516-_
_4414 05 20021 CO CoC 26198-1620-162011_
_2005 5_

© 2004, Socrates Media, LLC

# Exh. D2

Grantor's Property Tax Parcel/Account Number(s): _____

[faded paragraph] The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

Signature of Witness: _____

Printed Name of Witness: Anton White

Signature of First Party: _____

Printed Name of First Party: Alexander Moroz, Jose Budion and James Carter

Address of Witness: 14100 NW 14th Ave. Miami Fla. 33167

Barlene Williams
Signature of Notary

Affiant ____ Known ____ Produced ID
Type of ID _____
(Seal)

State of
County of
On
appeared

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Barlene Williams
Signature of Notary

Affiant ____ Known ____ Produced ID
Type of ID _____
(Seal)

Barlene Williams
Signature of Preparer

13000 NW 5 st
Address of Preparer

Carlene Williams
Print name of Preparer

PemBroke Pines Fl 33028
City, State, Zip

# Exh. D3

When recorded return to: _____

# Quitclaim Deed:

PrePArer: MICAHIEL NichLoSoN
_Micahiel Nicholson_
1220 NW 200th St. MIAMI FL 33169

THIS QUITCLAIM DEED, executed this __1st__ day of __November__, 20 __05__,
by first party, Grantor, __LEROY WilliAMS__
whose post office address is __1977 NE 119th Rd MiAMI FLA 33181__
to second party, Grantee, __JAMES LittleJohN__
whose post office address is __1977 NE 119TH Rd MiAMi FLA 33181__

WITNESSETH, That the said first party, for good consideration and for the sum of __TEN DollARS__
__TEN__ Dollars ($ __10.00__ )
paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the
said second party forever, all the right, title, interest and claim which the said first party has in and to the following described
parcel of land, and improvements and appurtenances thereto in the County of __MiAMi DADE__
State of _____ to wit: __Folio 06-2228-011-3400__
__28 33 52 42 SANS Souci ESTS DB 50-86 LoT__
__103 BlK 14 Lot Size 75000 X 125 OB 20516-4414__
__05 20021 Co Coc 26198-1680-162011 2005 5__

Page 1

© 2004, Socrates Media, LLC

# Exh. D3

Assessor's Property Tax Parcel/Account Number(s): _____

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

Signature of Witness: _Clyde  Mc Phatter_

Printed Name of Witness: _Clyde  McPhATTeR_

Signature of First Party: _Leroy  Williams_

Printed Name of First Party: _Leroy  Williams_

Address of Witness: _1977 NE 119TH Rd Miami FLA. 33181_

State of _____
County of _____ } ss.

I certify that I know or have satisfactory evidence that _____ (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as _____ (officer, trustee, etc.) of _____ (name of party on behalf of whom instrument was executed) to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _____        Signature: _____

            (Seal or Stamp)        Title: _____

            My appointment expires: _____

© 2004, Socrates Media, LLC

# Exh. D4

3/20/2019

Miami-Dade Official Records - Print Document

Prepared by
TAL DAVIS
14100 NW 14 AVE
Miami, FL 33167

CFN 2008R00V2024
OR Bk 26198 Pgs 1620 - 1621 (2pgs)
RECORDED 02/05/2008 13:11:00
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Above Space Reserved for Recording
(If required by your jurisdiction, list above the name & address of: 1) where to return this form; 2) preparer; 3) party requesting recording.)

# Quitclaim Deed

Date of this Document: __November 10, 2005__

Reference Number of Any Related Documents: _____

Grantor:

**Name** __James LittleJohn__

**Street Address** __1977 NE 119th Rd__

**City/State/Zip** __Miami, FL 33181__

Grantee:

**Name** __James LittleJohn, Robert Clark, LeRoy Williams__

**Street Address** __1977 NE 119th Rd__

**City/State/Zip** __Miami, FL 33181__

Abbreviated Legal Description (i.e., lot, block, plat or section, township, range, quarter/quarter or unit, building and condo name): __28 83 52 42 Sans Souci Ests PB 50-86 Lot 103 Blk 14 Lot__

Assessor's Property Tax Parcel/Account Number(s): __06-2228-011-3400__

**THIS QUITCLAIM DEED**, executed this __10th__ day of __November__ 20 __05__, by first party, Grantor __James LittleJohn__, whose mailing address is __1977 NE 119th Rd Miami FL 33181__, to second party, Grantee __James LittleJohn, Robert Clark, LeRoy Williams__ whose mailing address is __1977 NE 119th Rd Miami FL 33181__

**WITNESSETH** that the said first party, for good consideration and for the sum of __Ten Dollars__ Dollars ($ __10.00__ ) paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim,

Page 1 of 2

© 2005 Socrates Media, LLC
LF298-1 • Rev. 05/05

3/20/2019

Miami-Dade Official Records - Print Document

# Exh. D4

OR BK 26198 PG 1621
LAST PAGE

which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of _DADE_ _____ State of _Florida_
to wit: 29 53 52 42 Sans Souci Ests PB 50-86 Lot 103 Blk 14 Lot Size 75000 X 125 OR 20516-4414 05 2008 1 Doc 25192-3749 07 2006 4

**IN WITNESS WHEREOF,** the said first party has signed and sealed these presents the day and year first written above. Signed, sealed and delivered in the presence of:

Signature of Witness

Print Name of Witness _Andres Simonette_

Signature of Witness

Print Name of Witness _Carfel Cornileus_

Signature of Grantor

Print Name of Grantor _James LittleJohn_

State of _Florida_
County of _Dade_

On _November 10 2005_, before me, _Andrea Chenault_ appeared _James LittleJohn, Robert Clark, Leroy Williams_ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary

ANDREA M CHENAULT
MY COMMISSION # DD184718
EXPIRES December 25, 2010
FloridaNotaryService.com

Affiant ____ Known ✓ Produced ID
Type of ID _____
(Seal)

DL# L 342 - 453 - 51 - 444 - 0

3/12/2019                    Miami-Dade Official Records - Print Document       **Exh. D5**

CFN 2004R1333173
OR Bk 23192 Pgs 3749 - 2750; (2pgs)
RECORDED 12/15/2004 10:14:58
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

## QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this 8th day of July
(year) 2006

by first party, Grantor, Leroy Williams

whose post office address is 1977 NE 119 Rd miami 33181

to second party, Grantee, James Little John

whose post office address is 1977 NE 119 Rd. Miami Fla 33181

WITNESSETH, That the said first party, for good consideration and for the sum of
Dollars ($ 10.00 ) paid by the said second
party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there-
to in the County of Dade , State of Florida to wit:

Lot 103 Block 14 of SansSouci Estates, According to the Plat there of,
As recorded in Plat Book 50, At Page 86, of the Public Records
of Miami-Dade County, Florida. 1977 NE 119 Rd Miami Fla
33181

Folio # 06 - 2228011-3400

Book25192/Page3749     CFN#20061333173              **Page 1 of 2**

3/12/2019                          Miami-Dade Official Records - Print Document        **Exh. D5**

OR BK 25192 PG 3750
LAST PAGE

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

_Signature of Witness_
SC

Steve Cruz
_Print name of Witness_
SC

Billy Williams
_Signature of Witness_

Bill Williams
_Print name of Witness_

_Signature of First Party_

Leroy Williams
_Print name of First Party_

_Signature of First Party_

_Print name of First Party_

State of **Florida**
County of **Dade**
On **7/8/86**                      before me,
appeared **Leroy Williams**
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Carline William
_Signature of Notary_

Affiant _____ Known _____ Produced ID
Type of ID _____
                                    (Seal)

State of
County of
On
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), executed the instrument.
behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Carline Williams
_Signature of Notary_

Affiant _____ Known _____ Produced ID
Type of ID _____
                                    (Seal)

Carline Williams
_Signature of Preparer_

Carline William
_Print name of Preparer_

13040 NW 5st
_Address of Preparer_

Pembroke Pines Fl 33028
City, State, Zip

James Buckman
1977 NE 119th Rd
Miami, Florida 33181

# Exh. D6

## Quit Claim Deed

**This Quit Claim Deed** made this November 1st, 2005 between Robert Clark, a single man, whose address is 1977 NE 119 Rd., North Miami, Florida 33181 grantor, and James Littlejohn a single man, whose address 1977 NE 1 19 Rd., North Miami, Florida 33181, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum TEN AND NO/ 100 DOLLARS (10.00) and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, **release, and quitclaim to said grantee**, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the Following described land, situated, lying and being in **Miami-Dade** County, **Florida** co-wit:

LOT 103, BLOCK 14, OF SANS SOUCI ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT **BOOK 50**, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY. FLORIDA

A/K/A: 1977 NE 119 Rd., North Miami, Florida 33181
FOLIO NUMBER: 06-22-28-011-3400

**To Have and to Hold,** the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity, and claim whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

_____          _____
Witness Name: Micahiel Nicholson          ROBERT CLARK

_____          _____
Witness Name: Antione White

The foregoing instrument was sworn to subscribed and acknowledged before me this _1st_ day of November, 2005 by all signors, who have produced their Florida Drivers license, as identification.

_____
Notary Public
Print Name: _____
Commission Expires: _____

Page 1 of 1

# Exh. D7

CFN 2016R0123007
OR BK 29979 Pgs 2105-2106 (2Pgs)
RECORDED 02/23/2016 13:39:37
DEED DOC TAX $0.60
HARVEY RUVIN, CLERK OF COURT
MIA-DADE COUNTY

When recorded return to: *Prepared by James Buckman*
3320 NE 119th St RD Miami, FL 33160

# Quitclaim Deed:

THIS QUITCLAIM DEED, executed this _____1_____ day of _January_, 20_17_,
by first party, Grantor: _James M. Littlejohn_
whose post office address is _1972 NE 119th Rd. Miami Fl. 33181_
to second party, Grantee: _Maurice Symonette, James M. Littlejohn and Mahid Nicholson_
whose post office address is _1972 NE 119th Rd. Miami Fl. 33181_
_Maurice Symonette has the right to sell the property without James Little john's_
_company, James Littlejohn gives only one percent interest in the property Maurice Symonette_
_for James Little john Permission to sign for anything concerning this Property._
WITNESSETH, That the said first party, for good consideration and for the sum of _____
_____Ten_____ Dollars ($ _10.00_ )
paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the
said second party forever, all the right, title, interest and claim which the said first party has in and to the following described
parcel of land, and improvements and appurtenances thereto in the County of _Miami Dade_
State of _Florida_ to wit: _Folio: 06-2224011-3400_

_Lot 103 Block 14 of Sans Soucci Estates_
_According to the Plat There of As Recorded in Plat_
_Book 50 at Page 86 of the Public Records of Miami_
_Dade County Florida, 1972 NE 119th rd. Miami Fl. 33181_

Page 5

© 2004, Socrates Media, LLC

# Exh. D7

Assessor's Property Tax Parcel/Account Number(s): _____

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

Signature of Witness: *Mack Wells*

Printed Name of Witness: *Mack Wells*

Signature of First Party: *James M. Littlejohn*

Printed Name of First Party: *James M. Littlejohn*

Address of Witness: *15020 S. River Dr. Miami Fl. 33167*

Second Witness: *Clyde Ward Clyde Ward*
*1220 NW 200 ST Miami Fl. 33169*

State of
County of *Broward*   }ss.

I certify that I know or have satisfactory evidence that *James M. Littlejohn* _____ (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as *James M. Littlejohn* (officer, trustee, etc.) of *James M. Littlejohn, Maurice Symonette, Minidel Nicholson* _____ (name of party on behalf of whom instrument was executed) to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: *1-1-2007*

Signature: *Fannie Mitchell*

(Seal or Stamp)

Title: _____

My appointment expires: *3-8-2011*

© 2004, Socrates Media, LLC

3/24/2019                          Miami-Dade Official Records - Print Document          **Exh. D7**

*1977*

Prepared By and Return to:
Mack Wells ~ 736- 859- 9431
PO Box 222692
Hollywood, Florida 33022

CFN 2007R0017713
OR Bk 25253 Pg 3151; (1ps)
RECORDED 01/05/2007 11:26:30
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## CLAIM OF LIEN

State of Florida
County of Miami-Dade

BEFORE ME, the undersigned authority, personally appeared this day Mack Wells, who, upon being first duly sworn, says that; he is Lienor herein whose address P.O. Box 222692 Hollywood, Florida 33022 and that in accordance with a contract, Lienor furnished labor, services, and/or materials on the following described real property:

**1977 NE 119 RD MIAMI FL 33161**

**28 33 52 42 SANS SOUCI ESTS PB 50-86 LOT 103 BLK 14 LOT SIZE 75.000 X 125 OR 20516-4414 05 2002 1 COC 23966-3463 10 2005 1**

Property Folio Number: 00-2228-011-3400
Which property is owned by: LEROY WILLIAMS

Said labor, materials, and/or services were of total value of $321,000.46 of which there remains unpaid $321,000.46, for labor materials, and/or services plus interest furnished since December 4, 2006.

By: *Mack L Wells*
Mack Wells

State of Florida
County of Miami-Dade

THE FOLLOWING DOCUMENTS SUBSCRIBED AND SWORN BEFORE ME 4 TH day of _____ 2007 by Mack Wells. Who has produced a Florida Drivers License as identification W400-552-57-525-0 and who has been personally sworn therein.

_____
Printed Name of Notary

My Commission Expires: _____

*Exhibit* **E**

# RESIDENTIAL LEASE AGREEMENT

1. **IDENTIFICATION OF PARTIES AND PREMISES** This Agreement is made and entered into this _1st_ day of _October_, 20_21_, between the following named persons:

_____   _Jnena Buckmon, James Littlejohn_
_____   _Tavon Carter and Leroy Williams_

(herein called "Tenants") and _Alexandra Morera_ (herein called "Landlord"). Subject to the terms and conditions set forth in this Agreement, Landlord rents to Tenants, and Tenants rent from Landlord, the premises located at _1972 NW 119th Rd. Miami FL 33181_, California (herein called "the premises"). The premises shall be occupied only by the above mentioned Tenants. Tenants shall use the premises for residential purposes only and for no other purpose without Landlord's prior written consent. Occupancy by guests for more than ten days in any six-month period is prohibited without Landlord's written consent and shall be considered a breach of this Agreement.

2. **INDIVIDUAL LIABILITY** Each tenant who signs this Agreement, whether or not said person is or remains in possession, shall be jointly and severally liable for the full performance of each and every obligation of this Agreement, but not limited to, the payment of all rent due and the payment of costs to remedy damages to the premises regardless of whether such damages were caused by a Tenant or invitee of a Tenant.

3. **TERM OF THE TENANCY** The term of this Agreement shall commence on _10/1/_, 20_21_ and shall continue from that date

   ☐ a. on a month-to-month basis. This Agreement will continue for successive terms of one month each until either Landlord or Tenants terminate the tenancy by giving the other thirty (30) days written notice of an intention to terminate the premises. In the event such notice is given, Tenants agree to pay all rent up to and including the notice period.

   ☐ b. for a period of _12_ months expiring on _11/1/_, 20_25_. Should Tenants vacate before the expiration of the term, Tenants shall be liable for the balance of the rent for the remainder of the term, less any rent Landlord collects or could have collected from a replacement tenant by reasonably attempting to re-rent. Tenants who vacate before expiration of the term are also responsible for Landlord's costs of advertising for a replacement tenant. In the event Tenants fail to give written notice of an intention to vacate the premises at the end of the term, the tenancy shall become one of month-to-month on all terms specified in section (a) of this clause.

4. **PAYMENT OF RENT** Tenants shall pay Landlord rent of $_14,180.00_ per month, payable in advance on the _1st_ day of each month. If that day falls on a weekend or legal holiday, the rent is due on the next business day. Rent shall be paid by personal check, money order or cashier's check only, to _PO Box 222682_ at _Hollywood FL 33022_, or at such other place as Landlord shall designate from time to time.

5. **LATE CHARGES AND RETURNED CHECKS** If rent is paid after the _5th_ day of the month, there will be a late charge of $_250.00_ assessed. If any check given by Tenants to Landlord for the payment of rent or for any other sum due under this Agreement is returned for insufficient funds, a "stop payment" or any other reason, Tenants shall pay Landlord a returned check charge of $_35.00_.

6. **FAILURE TO PAY** As required by law, Tenants are hereby notified that a negative credit report reflecting on Tenants' credit history may be submitted to a credit reporting agency if Tenants fail to fulfill the terms of their credit obligations, such as their financial obligations under the terms of this Agreement.

7. **SECURITY DEPOSIT** Before the commencement of this Agreement, Tenants shall pay Landlord $_86,000.00_ as a security deposit. Landlord may use therefrom such amounts as are reasonably necessary to remedy Tenants' default in the payment of rent, repair damages to the premises exclusive of ordinary wear and tear, and to clean the premises if necessary. Landlord shall refund Tenants the balance of the security deposit after such deductions within

**Exh. E**

twenty-one (21) days after the expiration of this Agreement. If deductions have been made, Landlord shall provide Tenants with an itemized account of each deduction including the reasons for and the dollar amount of each deduction.

Interest payments on security deposits accrue as follows:

☑ a. Local law does not require Landlord to pay interest on security deposits.
☐ b. Local law requires Landlord to pay Tenants interest payments on security deposits as follows:
_____
_____

8. **UTILITIES** Tenants shall pay directly for all utilities, services and charges provided to the premises, including any and all deposits required, except for the following, which shall be paid by Landlord:

☑ a. None.
☐ b. _____

9. **PARKING** Tenants are assigned parking as follows:

☑ a. None.
☐ b.

This space shall be used for the parking of _____ car(s) only. Tenants may not repair vehicles of any kind in any parking space or anywhere else on or about the property. Grease, oil and any other drippings must be cleaned by Tenants when they occur and at Tenants' expense. Cars are not to be washed on or about the premises. In addition to rent, Tenants shall pay Landlord a parking fee of $ _____ per month. This fee is payable in advance along with the rent and shall be paid at the same address as designated by Landlord for payment of rent.

10. **PETS** No animal, bird or other pet shall be brought on or kept on the premises without Landlord's prior written consent, except for the following:

☐ a. None.
☑ b. _written Consent or verbal Consent_

11. **QUIET ENJOYMENT** Tenants shall be entitled to quiet enjoyment of the premises. Tenants shall not use the premises in such a way as to violate any law or ordinance, commit waste or nuisance, or annoy, disturb, inconvenience, or interfere with the quiet enjoyment of any other or nearby resident.

12. **ASSIGNMENT AND SUBLETTING** No portion of the premises shall be sublet nor this Agreement assigned without the prior written consent of the Landlord. Any attempted subletting or assignment by Tenants shall, at the election of Landlord, be an irremediable breach of this Agreement and cause for immediate termination as provided here and by law.

13. **POSSESSION OF THE PREMISES** The failure of Tenants to take possession of the premises shall not relieve them of their obligation to pay rent. If Landlord is unable to deliver possession of the premises for any reason not within Landlord's control, Landlord shall not be liable for any damage caused thereby, nor will this Agreement be void or voidable, but Tenants shall not be liable for any rent until possession is delivered. If Landlord is unable to deliver possession within _____ calendar days after the agreed commencement date, Tenants may terminate this Agreement by giving written notice to Landlord, and shall receive a refund of all rent and security deposits paid.

14. **CONDITION OF THE PREMISES** Tenants agree to

(i)    properly use, operate and safeguard the premises and all furniture and furnishings, appliances and fixtures within the premises,

(ii)   maintain the premises in clean and sanitary condition, and upon termination of the tenancy, to surrender the premises to Landlord in the same condition as when Tenants first took occupancy, except for ordinary wear and tear,

(iii)  if the surrounding grounds are part of the premises and for exclusive use of Tenants, Tenants agree to irrigate and maintain the surrounding grounds in a clean and safe manner, keeping the grounds clear of rubbish and weeds and trimming all grass and shrubbery as necessary to effect a neat and orderly appearance to the property,

**Exh. E**

(iv)    notify Landlord in writing upon discovery of any damages, defects or dangerous conditions in and about the premises; and

(v)    reimburse Landlord for the cost of any repairs to the premises of damages caused by misuse or negligence of Tenants or their guests or invitees.

Tenants acknowledge that they have examined the entire interior and exterior of the premises, including plumbing, heating and electrical appliances, smoke detector(s), fixtures, carpets, drapes and paint, and have found them to be in good, safe and clean condition and repair, with the following exceptions:  (Specify "none" if there are no exceptions)

OK

15.  **REPAIRS, ALTERATIONS AND DAMAGES**  Except as provided by law or as authorized by the prior written consent of Landlord, Tenants shall not make any repairs or alterations to the premises, including but not limited to, painting the walls, installing wallpaper, murals, paneling, tile, or hanging posters or pictures weighing in excess of twenty pounds.

If the premises are damaged or destroyed as to render them uninhabitable, then either Landlord or Tenants shall have the right to terminate this Agreement as of the date on which such damage occurs, through written notice to the other party to be given within fifteen days of occurrence of such damage.  However, if such damage should occur as the result of the conduct or negligence of Tenants or Tenants' guests or invitees, Landlord only shall have the right to termination and Tenants shall be responsible for all losses, including, but not limited to, damage and repair costs as well as loss of rental income.

16.  **EMERGENCY ENTRY AND INSPECTION**  Tenants shall make the premises available to Landlord or Landlord's agents for the purpose of making repairs or improvements, or to supply agreed services or show the premises to prospective buyers or tenants, or in case of emergency.  Except in case of emergency, Landlord shall give Tenants reasonable notice of intent to enter.  For these purposes, twenty-four (24) hour written notice shall be deemed reasonable, and reasonable hours shall be defined as 9:PM to 4:PM  Monday through Friday and 12:PM to 4:PM on Saturdays.  In order to facilitate Landlord's right of access, Tenants shall not, without Landlord's prior written consent, add, alter or re-key any locks to the premises.  At all times Landlord shall be provided with a key or keys capable of unlocking all such locks and gaining entry.  Tenants further agree to notify Landlord in writing if Tenants install any burglar alarm system, including instructions on how to disarm it in case of emergency entry.

17.  **EXTENDED ABSENCES AND ABANDONMENT**  In the event Tenants will be away from the premises for more than _____ consecutive days, Tenants agree to notify Landlord in writing of the absence.  During such absence, Landlord may enter the premises at times reasonably necessary to maintain the property and inspect for damages and needed repairs.

Abandonment is defined as absence of the Tenants from the premises, for at least ___15___ consecutive days without notice to Landlord.  If the rent is outstanding and unpaid for fourteen (14) days and there is no reasonable evidence, other than the presence of the Tenants' personal property, that the Tenants are occupying the unit, Landlord may at Landlord's option terminate this agreement and regain possession in the manner prescribed by law.

18.  **INSURANCE DISCLAIMERS**  Tenants assume full responsibility for all personal property placed, stored or located on or about the premises.  Tenants' personal property is not insured by Landlord.  Landlord recommends that Tenants obtain insurance to protect against risk of loss from harm to Tenants' personal property.  Landlord shall not be responsible for any harm to Tenants' property resulting from fire, theft, burglary, strikes, riots, orders or acts of public authorities, acts of nature or any other circumstance or event beyond Landlord's control.

19.  **HOLD HARMLESS**  Tenants expressly release Landlord from any and all liability for any damages or injury to Tenants, or any other person, or to any property, occurring on the premises unless such damage is the direct result of the negligence or unlawful act of Landlord or Landlord's agents.

20.  **SMOKE DETECTORS**  The premises are equipped with a smoke detection device(s), and Tenants shall be responsible for reporting any problems, maintenance or repairs to Landlord.  Replacing batteries is the responsibility of Tenants.

# Exh. E

21. **LEAD BASED PAINT DISCLOSURE** By initialing, Tenant acknowledges receipt of disclosure of information on lead-based paint and lead-based paint hazards. Landlord has no reports or knowledge of lead-based paint on the premises.

Tenants initial here: _JB._ _JL._ _TC._ _LW._

22. **LIQUID-FILLED FURNITURE** Tenant shall not use or have any liquid-filled furniture on the premises without Landlord's prior written consent.

23. **ADDITIONAL PROVISIONS** (Specify "none" if there are no additional provisions)

(None)

24. **ENTIRE AGREEMENT** This document constitutes the entire Agreement between the Tenants and Landlord. This Agreement cannot be modified except in writing and must be signed by all parties. Neither Landlord nor Tenants have made any promises or representations, other than those set forth in this Agreement and those implied by law. The failure of Tenants or their guests or invitees to comply with any term of this Agreement is grounds for termination of the tenancy, with appropriate notice to Tenants and procedures as required by law.

_Alexander Morera_
Landlord/Manager                         Date _10/1/2004_

_1977 NE 119th Rd._
_Miami Fl. 33181_
Landlord/Manager's Street Address, City, State & ZIP

_James Buckman, James Buckman Jr._
Tenant                                   Date _10/1/2004_

_Tanara Carter, Tanara Carter_
Tenant                                   Date _10/1/2004_

_James Littlejohn, James Littlejohn_
Tenant                                   Date _10/1/2004_

_Leroy Williams, Leroy Williams_
Tenant                                   Date _10/1/2004_

# Exh. E

21. **LEAD BASED PAINT DISCLOSURE** By initialing, Tenant acknowledges receipt of disclosure of information on lead-based paint and lead-based paint hazards. Landlord has no reports or knowledge of lead-based paint on the premises.

Tenants initial here: _JB.  JL.  TC.  LW._

22. **LIQUID-FILLED FURNITURE** Tenant shall not use or have any liquid-filled furniture on the premises without Landlord's prior written consent.

23. **ADDITIONAL PROVISIONS** (Specify "none" if there are no additional provisions)

(None)

24. **ENTIRE AGREEMENT** This document constitutes the entire Agreement between the Tenants and Landlord. This Agreement cannot be modified except in writing and must be signed by all parties. Neither Landlord nor Tenants have made any promises or representations, other than those set forth in this Agreement and those implied by law. The failure of Tenants or their guests or invitees to comply with any term of this Agreement is grounds for termination of the tenancy, with appropriate notice to Tenants and procedures as required by law.

_Alexander Morera_
Landlord/Manager                                    Date _10/1/2004_

_1977 NE 119th Rd._
_Miami. FL. 33181_
Landlord/Manager's Street Address, City, State & ZIP

_James Buckman, Jim Buckman Jr._
Tenant                                              Date _10/1/2004_

_Tanaya Carter, Tanaya Carter_
Tenant                                              Date _10/1/2004_

_James Littlejohn, James L. Littlejohn_
Tenant                                              Date _10/1/2004_

_Leroy Williams, Leroy Williams_
Tenant                                              Date _10/1/2004_

,2019                                   Miami-Dade Official Records - Print Document

# Exh. [E-2]

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ATTORNEYS' TITLE INSURANCE FUND
      Plaintiff,

                            Case No.: 06-14625 CA 05
                            Division: General Jurisdiction

vs.

JAMES BUCKMAN, ALEXANDER MORERA
& TANNA CARTER
         Defendant.

## NOTICE OF VOLUNTARY DISMISSAL

    COMES NOW, Defendant/Counter Plaintiff, Tanna Carter, by and through undersigned counsel and files a Voluntary Dismissal as to the Counterclaim against Plaintiff/Counter Defendant, Attorney's Title Insurance Fund, without prejudice.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this 1st day of _November_, 2006 to: Ellen Patterson, Esquire, Rothman & Tobin, P.A., 12514 W. Atlantic Blvd., Coral Springs, FL 33071, James Buckman 15020 S. River Drive, Miami, FL 33167 and Alexander Morera, 410 SE 1st Street, Hialeah FL 33010.

                    MCFARLANE & NIXON-CALAMARI, P.A.,
                    7481 W. Oakland Park Blvd.
                    Suite 302
                    Ft. Lauderdale, FL 33319
                    (954) 742-5991
                    (954) 742-5992 (fax)

                    By: _____
                    Christine Nixon-Calamari, Esquire
                    FBN. 0046541

**Exh. E**

ldoc

IN THE CIRCUIT COURT OF THE 11ᵉ
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 06-14625 CA 05

ATTORNEYS' TITLE INSURANCE FUND,
INC.,

　　　　　Plaintiff,

vs.

JAMES BUCKMAN; ALEXANDER MORERA;
TANNA CARTER; FLAMINGO TITLE
SERVICES, INC.

　　　　　Defendants.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／

## NOTICE OF VOLUNTARY DISMISSAL OF COUNT IV
## AND OF DROPPING PARTY DEFENDANT

　　Pursuant to Fla. R. Civ. P. 1.420(a)(1), Plaintiff hereby dismisses COUNT IV only of the Third-Amended Complaint filed in the above-styled cause and drops Defendant, FLAMINGO TITLE SERVICES, INC., as a Defendant in the instant action for the reason that the dispute subject of COUNT IV has been resolved, finalized or otherwise concluded. Each party shall bear its/his/her on fees and costs. All other counts and claims against all Defendants other than FLAMINGO TITLE SERVICES, INC., shall remain in force and shall be unaffected by this Notice of Voluntary Dismissal of Count IV.

## CERTIFICATE OF SERVICE

　　WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13 day of _____ 2008 to: James Buckman, 15020 S. River Drive, Miami, Florida 33167 and 1977 NE 119ᵗʰ Road, North Miami, Florida 33181; Alexander Morera, 410 SE 1ˢᵗ Street, Hialeah, Florida 33010; Tanna Carter 2070 Reston Circle, Royal Palm Beach, FL 33411; and Michael Sastre, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 100 SE 2ⁿᵈ Street, Suite 3800, Miami, FL 33131; Edward S. Polk, Esq., Cole, Scott & Kissane, P.A., 1390 Brickell Avenue, 3ʳᵈ Floor, Miami, Florida 33131.

　　　　　　　　　ROTHMAN & TOBIN, P.A.
　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　12514 W. Atlantic Blvd.
　　　　　　　　　Coral Springs, Florida 33071
　　　　　　　　　Telephone: 954-510-0500
　　　　　　　　　Telefax:    954-510-0440
　　　　　　　　　By: ＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　Ellen Patterson
　　　　　　　　　　　Florida Bar No. 0520012

# Exh. [F1]



**COLE, SCOTT & KISSANE, P.A.**

Attorneys at Law
MIAMI - WEST PALM BEACH - TAMPA - KEY WEST - FT. LAUDERDALE - NAPLES - JACKSONVILLE - SOUTH MIAMI - ORLANDO

PACIFIC NATIONAL BANK BUILDING
1390 BRICKELL AVENUE, THIRD FLOOR
MIAMI, FLORIDA 33131

TELEPHONE (305) 350-5300
FACSIMILE (305) 373-2294

WEBSITE www.csklegal.com
DIRECT LINE (305) 350-5338
EMAIL edward.polk@csklegal.com

April 4, 2008

<u>U.S. Mail and Certified Mail</u>
<u>Return Receipt Requested</u>

James Little John
1977 NE 119 Road
Miami, Florida 33181

RE:   Attorneys' Title Insurance Fund, Inc.
      v. James Buckman, Alexander Morera and Tanna Carter
      Case # 06-14625 CA 05
      Our File No.: 3467-0078-00

Dear Mr. John,

This firm represents Landmark American Insurance Company ("Landmark"). Landmark is now the owner and holder of the following interests which operate as liens against your property located at 1977 NE 119th Road, North Miami, Florida 33181:

1. *MORTGAGE DATED SEPTEMBER 30, 2004, BETWEEN ALEXANDER MORERA AND COUNTRYWIDE HOME LOANS, INC. (copy attached)*

2. *JUDGMENT ON THE PLEADINGS ENTERED AGAINST ALEXANDER MORERA (copy attached)*

For your convenience, please also find enclosed copies of the Assignment of Judgment, Assignment of Mortgage, and the Mortgage, which operate to transfer the assignment from Attorneys' Title Insurance Fund to Landmark.

It is important that you contact me to discuss this matter as soon as possible in order to discuss a means of resolving Landmark's claims in this matter. If we are unable to resolve this matter, it may become necessary to file mortgage foreclosure or to execute against the property on the judgment. I can be reached at the address and telephone numbers set forth above, and I look forward to hearing from you at your earliest opportunity.

Sincerely,

Edward S. Polk

L:\3467-0078-00\L\Little John 001.doc

**Exh. F2**



Michael Rothman

Michael S. Tobin

Ellen Patterson

Reply to Coral Springs

October 4, 2007

The Honorable Judge Jon I. Gordon
Miami-Dade County Courthouse
73 W. Flagler Street
Room 400
Miami, Florida 33130

Re:   *Attorneys' Title Insurance Fund, Inc. v. James Buckman, et. al.*
       **Miami-Dade Circuit Case No.: 06-14625 CA 05**

Dear Judge Gordon:

Enclosed please find a courtesy copy of Defendant's, Flamingo Title Service, Inc., Motion to Dismiss, along with a proposed Agreed Order regarding same. Should Your Honor deem it appropriate, kindly enter the enclosed Order. Copies for conforming, along with pre-addressed and stamped envelopes, are enclosed for your convenience.

Thank you for your consideration of the enclosed. Should Your Honor have any questions or require any additional information, please do not hesitate to contact the undersigned.

Respectfully yours,

ROTHMAN & TOBIN, P.A.

Ellen Patterson, Esq.

Encl.
cc: all interested parties



**Exh. F3**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 06-14625 CA 05

ATTORNEYS' TITLE INSURANCE FUND,

      Plaintiff,

v.

JAMES BUCKMAN; ALEXANDER MORERA;
and TANNA CARTER,

      Defendants.

                    /

TANNA CARTER,

      Third Party Plaintiff,

v.

FLAMINGO TITLE SERVICES, INC.,

      Third Party Defendant.

                    /

### FLAMINGO TITLE SERVICES, INC.'S MOTION TO DISMISS
### COUNT IV OF THE SECOND AMENDED COMPLAINT

Defendant, FLAMINGO TITLE SERVICES, INC. ("Flamingo"), by and through undersigned counsel and pursuant to the Florida Rules of Civil Procedure, moves this Court to dismiss Count IV of the Second Amended Complaint, and as grounds therefore states as follows:

    1.    Plaintiff ATTORNEYS' TITLE INSURANCE FUND (the "Fund") is a title insurer, and Defendant Flamingo is an agent of the Fund.

    2.    In Count IV of the Second Amended Complaint (the only Count directed to Flamingo), the Fund purports to assert a claim for breach of contract against Flamingo.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET · SUITE 3800 · MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 · FACSIMILE (305) 579-0261

248307.1

**Exh. F5**

CASE NO.: 06-~~~ CA 05

3.   At Paragraph No. 47 of the Second Amended Complaint, the Fund alleges that Flamingo's Agency Application to the Fund constitutes the operative contract between the parties.

4.   The Fund has failed to attach a copy of the alleged contract to the Second Amended Complaint.

5.   Accordingly, Flamingo cannot properly evaluate whether or not the alleged actions complained of by the Fund constitute a breach of the terms of the alleged contract.

6.   Fla. R. Civ. P. 1.130(a) states as follows:

**(a) Instruments Attached.** All bonds, notes, bills of exchange, *contracts*, accounts, or documents upon which action be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleadings...

Emphasis added.

7.   The Fund's failure to comply in any way with Fla. R. Civ. P. 1.130(a) has made it impossible for Flamingo to formulate a meaningful response to the Second Amended Complaint.

WHEREFORE, Flamingo respectfully requests this Court to enter an Order dismissing Count IV of the Second Amended Complaint and granting such other and further relief as the Court shall deem just and proper.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

248307.1

**Exh. F6**

CASE NO.: 06-14625 CA 05

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
*Attorneys for Third*
*FLAMINGO TITLE SER*
Bank of America Tower
100 SE Second Street - S_____
Miami, FL 33131
Telephone:    (305) 374-4400
Facsimile:    (305) 579-0261

By: _____
WILLIAM H. STROP
Florida Bar No. 052477

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and complete copy of the foregoing was furnished via U.S. Mail this ___ day of August 2007, to: **ELLEN PATTERSON ESQ.**, Rothman & Tobin, P.A., *Counsel for Attorneys' Title Insurance Fund*, 12514 West Atlantic Blvd., Coral Springs, FL 33071; **TANA CARTER**, 2070 Reston Circle, Royal Palm Beach, FL 33411; **JAMES BUCKMAN**, 15020 South River Drive, Miami, FL 33167; and **ALEXANDER MORERA**, 410 S.E. 1st St., Hialeah, FL 33010.

By: _____
WILLIAM H. STROP

- 3 -

# Exh. G

CFN 2005R1193499
OR Bk 23966 Pgs 3643 - 3644; (2pgs)
RECORDED 11/16/2005 16:44:30
DEED DOC TAX 17,000.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Prepared by and return to:

Flamingo Title Services, Inc.
1236 SE 4th Avenue
Fort Lauderdale, FL 33316
302.374.8888
File Number: 06a-136
Will Call No.:

_____ [Space Above This Line For Recording Data] _____

## Warranty Deed

**This Warranty Deed** made this 26th day of October, 2005 between Morora Alexander, a single man and Teana Carter, a single woman and James Buckman, a single man whose post office address is 15030 S. River Drive , Miami, FL. 33167, grantor, and Leroy Williams, a single man who se post office address is 1977 NE 119 Road, Miami, FL. 33161, grantee

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Miami-Dade County, Florida to-wit:

LOT 113, BLOCK 14, SANS SOUCI ESTATES, according to the  Plat thereof as recorded in Plat Book 50, Page 86 of the Public Records of Miami-Dade County, Florida

Parcel Identification Number: 3622280113400

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

_____                              _____ (Seal)
Witness Name:                                        Morora Alexander

_____
Witness Name:

_____                              _____ (Seal)
Witness Name:                                        Teana Carter

_____
Witness Name:

_____                              _____ (Seal)
Witness Name:                                        JAMES BUCKMAN

_____
Witness Name:

2

# Exh. [H1]

CFN 2005R1193499
OR Bk 23966 Pgs 3463 - 3464 (2pgs)
RECORDED 11/16/2005 16:44:30
DEED DOC TAX 12,000.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Prepared by and return to:

Flamingo Title Services, Inc.
1236 SE 4th Avenue
Fort Lauderdale, FL 33316
305-314-4888
File Number: 06a-130
Will Call No.:

_____ [Space Above This Line For Recording Data] _____

# Warranty Deed

This Warranty Deed made this 20th day of October, 2005 between Merwin Alexander, a single man and Tanas Cortes, a single woman and James Buckman, a single man whose post office address is 19030 S. River Drive , Miami, FL 33167, grantor, and Leroy Williams, a single man whose post office address is 1977 NE 119 Road, Miami, FL 33161, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

Witnesseth, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Miami-Dade County, Florida to-wit:

LOT 183, BLOCK 16, SANS SOUCI ESTATES, according to the Plat thereof as recorded in Plat Book 98, Page 86 of the Public Records of Miami-Dade County, Florida

Parcel Identification Number: 0622280113400

Together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

To Have and to Hold, the same in fee simple forever.

And the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

In Witness Whereof, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name:                                     Merwin Alexander

Witness Name:

Witness Name:                                     Tanas Cortes                    (Seal)

Witness Name:

Witness Name:                                     JAMES BUCKMAN               (Seal)

Witness Name:

DoubleTime

2

H-J

OR BK 23966 PG 3464
LAST PAGE

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this 20th day of October, 2005 by Monera Alexander, who [ ] is personally known or [X] has produced a driver's license as identification.

[Notary Seal]

Notary Public

Printed Name: _____

Michelle Austin-Wilde
Commission # DD_____
Expires Dec. 25, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

My Commission Expires: _____

Warranty Deed - Page 2

DoubleTime®

Book23966/Page3464   CFN#20051103490

# Exh. H1

### AFFIDAVIT

I  James Buckman Jr. was not at the closing that was to have taken place

For the house at 1977 NE 119th rd. Miami, Florida on Oct. 20, 2005.


James Buckman Jr.
1977 NE 119th rd.
Miami, Florida 33181


Dated: _Feb 9. 2008_     Signature: _Fannie Mitchell_

(Seal or Stamp)               Title: _____

                              My appointment expires: _20 11_



16478—0
N

IndyMac Bank
8900 Beatrice Drive
PO BOX 4045
Kalamazoo Michigan 49003-4045


## IndyMac Bank.
Home Loan Servicing

LEROY WILLIAMS
1977 NE 119TH RD
NORTH MIAMI FL 33161-3319

**Speedpay Date: 06/19/07**

**RE: Account Number: 3001585912**

**Dear Leroy Williams,**

**This letter is to confirm the transaction that you authorized by phone to make payment to IndyMac Bank.**

**Details regarding the transaction appear below:**

| | |
|---|---|
| Payment Amount: | $15,720.66 |
| Transaction fee: | $15.00 |
| Total Transaction Amount: | $15,735.66 |

| | |
|---|---|
| ACH Date: | 06/19/07 |
| ACH Draw On: | Washington Mutual Bank |
| Last Four Digits of Checking/Savings Account: | 9156 |
| Confirmation Number: | 0002091863 |

**The ACH draft to make this payment will draw funds from your checking account. Please retain this letter for your records.**

**If you have any questions, please contact us at 1-800-781-7399 or send an e-mail to servicing@indymacbank.com.**

Sincerely,

Home Loan Servicing

08929-2
N

Exh. K2

IndyMac Bank
8900 Beatrice Drive
PO BOX 4045
Kalamazoo Michigan 49003-4045



**IndyMac Bank.**
Home Loan Servicing

LEROY WILLIAMS
1977 NE 116TH RD
NORTH MIAMI FL  33181-3319

Speedpay Date: 09/29/07

RE: Account Number: 3001585912

Dear Leroy Williams,

This letter is to confirm the transaction that you authorized by phone to make payment to IndyMac Bank.

Details regarding the transaction appear below:

| | |
|---|---|
| Payment Amount: | $43,314.51 |
| Transaction fee: | $15.00 |
| Total Transaction Amount: | $43,329.51 |

| | |
|---|---|
| ACH Date: | 09/29/07 |
| ACH Draw On: | Suntrust Bank |
| Last Four Digits of Checking/Savings Account: | 7107 |
| Confirmation Number: | 0002396518 |

The ACH draft to make this payment will draw funds from your checking account.  Please retain this letter for your records.

If you have any questions, please contact us at 1-800-781-7399 or send an e-mail to servicing@indymacbank.com.

Sincerely,

Home Loan Servicing

15348—6
N

**Exh. K3**

IndyMac Bank.
8900 Beatrice Drive
PO BOX 4045
Kalamazoo Michigan 49003-4045


**IndyMac Bank.**
Home Loan Servicing

LEROY WILLIAMS
1977 NE 119TH RD
NORTH MIAMI FL 33181-3318

Speedpay Date: 08/09/07

RE: Account Number: 3001585912

Dear Leroy Williams,

This letter is to confirm the transaction that you authorized by phone to make payment to IndyMac Bank.

Details regarding the transaction appear below:

| | |
|---|---|
| Payment Amount: | $14,438.17 |
| Transaction fee: | $15.00 |
| Total Transaction Amount: | $14,453.17 |

| | |
|---|---|
| ACH Date: | 08/09/07 |
| ACH Draw On: | Wachovia Bank, Na |
| Last Four Digits of Checking/Savings Account: | 2850 |
| Confirmation Number: | 0002331941 |

The ACH draft to make this payment will draw funds from your checking account. Please retain this letter for your records.

If you have any questions, please contact us at 1-800-781-7399 or send an e-mail to servicing@indymacbank.com.

Sincerely,

Home Loan Servicing

15348-6
N

IndyMac Bank
8800 Baltics Drive
PO BOX 4045
Kalamazoo Michigan 49003-4045



# IndyMac Bank.
### Home Loan Servicing

LEROY WILLIAMS
1877 NE 119TH RD
NORTH MIAMI FL 33181-3318

Speedpay Date: 08/09/07

RE: Account Number: 3001585912

Dear Leroy Williams,

This letter is to confirm the transaction that you authorized by phone to make payment to IndyMac Bank.

Details regarding the transaction appear below:

| | |
|---|---|
| Payment Amount: | $14,438.17 |
| Transaction fee: | $15.00 |
| Total Transaction Amount: | $14,453.17 |

| | |
|---|---|
| ACH Date: | 08/09/07 |
| ACH Draw On: | Wachovia Bank, Na |
| Last Four Digits of Checking/Savings Account: | 2850 |
| Confirmation Number: | 0002331941 |

The ACH draft to make this payment will draw funds from your checking account.  Please retain this letter for your records.

If you have any questions, please contact us at 1-800-781-7399 or send an e-mail to servicing@indymacbank.com.

Sincerely,

Home Loan Servicing

**Exh. K4**

26764-1
N

IndyMac Bank
6900 Beatrice Drive
PO BOX 4045
Kalamazoo Michigan  49003-4045



**IndyMac Bank.**
Home Loan Servicing

LEROY WILLIAMS
1977 NE 119TH RD
NORTH MIAMI FL 33181-3319

Speedpay Date: 07/29/07

RE: Account Number: 3001585912

Dear Leroy Williams,

This letter is to confirm the transaction that you authorized by phone to make payment to IndyMac Bank.

Details regarding the transaction appear below:

| | |
|---|---|
| Payment Amount: | $15,818.09 |
| Transaction fee: | $15.00 |
| Total Transaction Amount: | $15,833.09 |

| | |
|---|---|
| ACH Date: | 07/29/07 |
| ACH Draw On: | First Tennessee Bank, Na |
| Last Four Digits of Checking/Savings Account: | 7330 |
| Confirmation Number: | 0002288192 |

The ACH draft to make this payment will draw funds from your checking account.  Please retain this letter for your records.

If you have any questions, please contact us at 1-800-781-7399 or send an e-mail to servicing@indymacbank.com.

Sincerely,

Home Loan Servicing

26764—1
N

EXh. K4 

IndyMac Bank
6900 Beatrice Drive
PO BOX 4045
Kalamazoo Michigan 49003-4045


IndyMac Bank.
Home Loan Servicing

LEROY WILLIAMS
1977 NE 119TH RD
NORTH MIAMI FL 33181-3319

Speedpay Date: 07/29/07

RE: Account Number: 3001585912

Dear Leroy Williams,

This letter is to confirm the transaction that you authorized by phone to make payment to IndyMac Bank.

Details regarding the transaction appear below:

Payment Amount:              $15,818.09
Transaction fee:             $15.00
Total Transaction Amount:    $15,833.09

ACH Date:                    07/29/07
ACH Draw On:                 First Tennessee Bank, Na
Last Four Digits of
Checking/Savings Account:    7330
Confirmation Number:         0002286192

The ACH draft to make this payment will draw funds from your checking account. Please retain this letter for your records.

If you have any questions, please contact us at 1-800-781-7399 or send an e-mail to servicing@indymacbank.com.

Sincerely,

Home Loan Servicing



**Exh. K5**

February 10, 2007

Larry Williams
1977 NE 119th Rd
Miami FL 33181

SUBJECT: Credit Reporting Dispute for Loan Number 3001585912

Dear Larry Williams :

After reviewing your account history, I understand the events surrounding the late reporting of the December 1, 2006 payment.

A correction has been submitted to the credit bureaus in order to remove the 30 day late payment reported to the credit bureaus on January 5, 2007 for the December 1, 2006 payment.

Please allow 15 to 30 business days for each credit reporting agency to update your credit report with this information.  Please retain a copy of this letter for your records.

If you have questions or would like more information about your loan, please visit our website at www.indymacbank.com.  By clicking on Log In to My Mortgage, you will be directed to My Mortgage login where you can register your account, view loan information and contact us via Secure Messaging.

Sincerely,

Lena Anderson
Correspondence/Research Dept.

R0075 012
611

www.indymacbank.com

8100 America Drive, P.O. Box 4045
Kalamazoo, MI 49003-4045

Tel. 888.789.7389
International Callers 269.556.3406



**IndymacBank**

**Property Address:** 1977 NE 119TH RD,
NORTH MIAMI, FL 33181

015816 RE

#BMNDXCT
#6682195851003020#

LEROY WILLIAMS
1977 NE 119TH RD
MIAMI FL 33181-3319

|  | 02/26/07 |
|---|---|
|  | 3001585912 |
|  | 8.250% |
|  | $1,484,924.50 |
|  | $8,792.21 |
|  | $4,613.19 |
|  | $.00 |
|  | $2,008.63 |
|  | $20,439.17 |
|  | $.00 |
|  | $4,293.75 |

(305) 696 3505
(305) 654 0888

For statement questions,
please call Customer Service at
1.800.781.7399.

| | $11,269.00 | | | **Payment Due:** |
| | $3,169.17 | | | **03/01/07** |
| | $.00 | | | |
| | $.00 | | | Unless otherwise agreed upon, |
| | $14,438.17 | | | additional funds may be applied |
| | $.00 | | | to advances prior to being |
| | $14,438.17 | | | applied to fees/charges. |
| | $563.45 | | | |
| | $40.00 | | | Itemized detail available upon |
| | $15.00 | | | request. |
| | $.00 | | | Payment calculation includes |
| | $15,056.62 | | | Late Charge fee. |
| | $15,620.07 | | | |

| Date | Transaction | Total | Principal/Deferred Interest | Interest | Escrow | Fees/Misc. |
|---|---|---|---|---|---|---|
| 02/26/07 | Funds Applied | 14,438.17 | 1,052.91 | 10,216.09 | 3,169.17 | |
| 02/26/07 | Funds Applied | 14,453.17 | 1,045.72 | 10,223.28 | 3,169.17 | 15.00 |

**TAX SEASON IS JUST AROUND THE CORNER – ARE YOU PREPARED?**
If you already know you're getting a refund, you don't have anything to
worry about. But for many of us, tax season means that we'll owe money,
and not a small amount either. Know your options. An Indymac Bank Home
Equity Line is the perfect solution to cover a variety of expenses
including income tax. It's easy to open with no application fees or bank
related closing costs. Use only what you need, when you need it, and the
interest you pay may be up to 100% tax deductible (You may wish to consult
with your financial advisor to see how this loan may benefit you).
Call us toll free at 1.877.307.0178 to find out more.

**AS AN INDYMAC CUSTOMER, YOU GET EXTRA SAVINGS.**
For a limited time, we are offering you $500 off our already low closing
costs when you originate a new first mortgage through Indymac Bank Home
Loan Servicing (offer does not apply to home equity loans, Mod Xpress or
Indymac Xpress). To get started, just call us today at 1.866.217.2834.

**ACCESS YOUR 2006 YEAR-END INTEREST STATEMENT ONLINE!**
Did you know that by registering your mortgage loan online, not only can
you have convenient, 24/7 access to your mortgage information, but to your
2006 Year-End Interest Statement as well? Read the back of this statement
to find out more.



# Exh. L

## AFFIDAVIT

I Maurice Symonette, was there at the closing that that was done on October 20, 2005, for the property at 1977 NE 119th Rd. Miami Fla. 33181 , and Witness that James Buckman, Leroy Williams and Tanner Carter did not attend the closing for Lancaster Bank.

Maurice Symonettee

1977 NE 119th Rd.

Miami, Fla. 33181

March 9, 2016    Prince Mitchell

Fla. Notary

7/28/19

2/12/2019

Miami-Dade Official Records - Print Document     **Exh. M**

CFN 2007R0615640 OR BK 25716 Pg 1859 (1ps)
RECORDED 06/20/2007 08:57:58
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## IN THE CIRCUIT COURT OF THE ELEVENTH
## JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA
## CIVIL ACTION

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE
UNDER THE POOLING AND SERVICING AGREEMENT SERIES
EAST 2006-A8 (CSFB),

      **Plaintiff**

vs.             **DIVISION**

                **07 - 18226 CA 02**

                                      *SPACE FOR RECORDING ONLY PLEASE*

JAMES LITTLE JOHN A/K/A JAMES LITTLEJOHN;  THE UNKNOWN SPOUSE OF JAMES LITTLE
JOHN A/K/A JAMES LITTLEJOHN;  LEROY WILLIAMS;  MACK WELLS;  CYNDRIA L.
WILCOXON;  ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND
AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE
DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS;  ATTORNEYS' TITLE INSURANCE FUND,
INC.;  LANCASTER MORTGAGE BANKERS, LLC;  FIRST COMMERCIAL CORP.;  CITY OF NORTH
MIAMI;  STATE OF FLORIDA - DEPARTMENT OF REVENUE;  CAPITAL ONE BANK;  TENANT #1,
TENANT #2, TENANT #3, and TENANT #4 the names being fictitious to account for parties in possession

        Defendant(s).

_____/     **NOTICE OF LIS PENDENS**

To the above-named Defendant(s) and all others whom it may concern:

    You are notified of the institution of this action by the above-named Plaintiff, against you seeking to foreclose a
mortgage recorded in Official Records Book 23966, Page 3465, on the following property in DADE County, Florida:

    LOT 103, BLOCK 14 OF THE SANS SOUCI ESTATES, ACCORDING TO THE PLAT THEREOF,
AS RECORDED IN PLAT BOOK 50, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE
COUNTY, FLORIDA.

Dated this 14th day of _____June_____, 2007.

                    Echevarria, Codilis & Stawiarski
                    P.O. Box 25018
                    Tampa, Florida 33622-5018
                    (813) 251-4766

                    By:_____
                    E.Tyler Sansing
                    FLORIDA BAR NO. 0428388
                    Andrea D. Pidala
                    FLORIDA BAR NO. 0622848

INDYMAC-CONV-R-ejaydzz

FILE_NUMBER: F07015631

DOC_ID: M000105

**Book25716/Page1859**      CFN#20070615640           **Page 1 of 1**

8/19/2017                                     Miami-Dade Official Records - Print Document

CFN  2007R0831508
OR Bk 25873 Pg 24261 (1ps)
RECORDED 08/28/2007 08:45:18
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

# Exh. [N]

## ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY 7 2,695.25

FOR VALUE RECEIVED, on or before May 15, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, ("Assignor") whose address is 7700 W. Parmer Lane, Bldg D, Austin, Texas 78729, assigned, transferred and conveyed to: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT SERIES EAST 2005-AB (CERTS) ("Assignee") whose address is 469 Santa Monica Villa Ave, Suite 101, Mail Stop MS 01-04, Pasadena, CA 91107, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated October 28, 2005 and recorded November 16, 2005 in Official Records Book 23965 at Page 3465 of the public records of DADE County, Florida, encumbering the following-described real property:

LOT 103, BLOCK 14 OF THE SANS SOUCI ESTATES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

as the same may have been amended from time to time; together with the Note and indebtedness secured thereby.

MORTGAGOR(S):  LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this Instrument on
July 31 , 2007.

Signed, sealed and delivered
in the presence of:

Witness
Typed Name: Georgia Salinas

Witness
Typed Name: Sherry Brown

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INCORPORATED
By:
Typed Name: D. Bradley
Title: Vice President

Attest:
Typed Name: Paige Holen
Title: Vice President

(Affix Corporate Seal)

STATE OF TEXAS
COUNTY OF WILLIAMSON

BEFORE ME, the undersigned, personally appeared Don Bradley and Paige Holen as Vice President and Vice President respectively, of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED known to me to be the persons that executed the foregoing instrument, and acknowledged that they executed the foregoing on its duly authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED this 31 day of July , 2007.

Notary Public: (N. O. L.  L. Thao
My commission expires:

MAI LA THAO
Notary Public, State of Texas
My Commission Expires
June 15, 2011

Recording requested by, prepared by and return to:
Echevarria, Codilis & Stawiarski
P.O. Box 25018

FILE NUMBER: F07015531

DOC_ID: M001100

**\*F07015531\***

**\*M001100\***

2017

**Exh.O**

OCS Search

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 03/24/2008 | | Motion | Event | FOR LEAVE TO AMEND COMPLAINT |
| ▣ | 11/29/2007 | | Proof of Publication | Event | PUB DATE : |
| | 11/09/2007 | | Notice of Action - Publication | Event | PUB DATE :12/17/2007 COPY OF NOTICE AND COMP MAILED 3 *Parties: John James Little; Williams Leroy; Wilcoxson Cynthia L* |
| | 11/09/2007 | | Affidavit of Diligent Search | Event | |
| | 11/09/2007 | | Affidavit of Diligent Search | Event | NO SERVICE |
| | 11/09/2007 | | Text | Event | INSTRUCTIONS TO CLERK OF COURT |
| | 09/18/2007 | | Affidavit of: | Event | W/OUT SUMMONS RTD. NOT SERVED ON JAMES LITTLE |
| | 09/18/2007 | | Affidavit of Lost Instrument | Event | |
| | 09/18/2007 | | Affidavit of: | Event | W/OUT SUMMONS RTD. SERVE DON UNK SPOUSE JAMES LITTLE JOH |
| | 09/18/2007 | | Affidavit of Lost Instrument | Event | |
| | 09/18/2007 | | Affidavit of: | Event | W/OUT SUMMONS RTD. NOT SERVED ON CYNTHIA WILCOXSON |
| | 09/18/2007 | | Affidavit of Lost Instrument | Event | |
| | 09/18/2007 | | Affidavit of: | Event | W/OUT SUMMONS NOT SERVE DON LEROY WILIAMS |
| | 09/18/2007 | | Affidavit of Lost Instrument | Event | |
| | 09/26/2007 | | Service Returned | Event | BADGE # 00000 P 08/21/2007 *Parties: Capital One Bank* |
| | 09/26/2007 | | Service Returned | Event | BADGE # 118 P 08/29/2007 *Parties: State Of Fla (dor)* |
| | 09/26/2007 | | Text | Event | SUMMONS RTD NON-SERVED TENANT #2 |
| | 09/26/2007 | | Text | Event | SUMMON RTD NON-SERVED TENANT #1 |
| | 08/24/2007 | | Service Returned | Event | BADGE # 00000 S 08/20/2007 *Parties: Attorneys Title Ins Fund Inc* |
| | 08/24/2007 | | Service Returned | Event | BADGE # 00000 S 08/21/2007 *Parties: Wells Madr* |
| | 08/24/2007 | | Service Returned | Event | BADGE # 00000 S 08/18/2007 *Parties: City Of No Mia* |
| | 08/24/2007 | | Service Returned | Event | BADGE # 00000 S 08/21/2007 *Parties: First Commercial Corp* |
| | 08/24/2007 | | Service Returned | Event | BADGE # 466 S 08/21/2007 *Parties: Lancaster Mort Bankers (llc)* |
| ▣ | 07/11/2007 | | Answer | Event | ATTORNEY:00314021 *Parties: City Of No Mia* |
| ▣ | 07/09/2007 | | Answer and Affirmative Defense | Event | ATTORNEY:00038012 *Parties: Attorneys Title Ins Fund Inc* |
| | 06/29/2007 | | Notice of Appearance | Event | ATTORNEY:00038012 *Parties: Attorneys Title Ins Fund Inc* |
| | 06/29/2007 | | Notice of Service of Process | Event | W/O SUMMONS,ATTORNEYS TITLE INS FUND,INC,SERV 06/29 |