IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

19-CV-24184

JAMES BUCKMAN and
MAURICE SYMONETTE

Case No. 19-030415

Plaintiff,

SECOSAESSSSSECOND AMENDED COMPLAINT

FILED BY _____ D.C.

SEP 1 4 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

VS.

LANCASTER MORTGAGE LLC
CO.,DEUTSCHE BANK
NATIONAL TRUST CO. AS
TRUSTEE UNDER THE
POOLING AND SERVICING
AGREEMENT SERIES RAST
2006-A8 (CSFB), C/O OCWEN
ATTN: Vault Dept.
5720 Premier Park Drive,
West Palm Beach,
FL.,33407,SECURITY
EXCHANGE COMMISSION
(SEC), U.S. DEPARTMENT OF
THE TREASURY/1. IRS.


ATTORNEYS TITLE
INSURANCE FUND, DADE
COUNTY CLERK OF THE
COURTS, DADE COUNTY
RECORDS
DEPARTMENT, DADE COUNTY
EVICTION SHERIFFS,
NORTH MIAMI POLICE
DEPARTMENT, THE CITY OF
NORTH MIAMI, BLANK ROME
ATTORNEYS LLP, ATTORNEY
DANIEL HURTZE, DADE
COUNTY  JUDGE ALLEN FINE,
JUDGE RUDOLFO RUIZ, JUDGE
MONICA GORDO

1. **QUIET TITLE**

2. **SECOND CAUSE OF ACTION Damages And Declaratory Relief  pursuant to RICO LAW 18 U.S.C. 1961 (1) (a) (B) AND 1962 (B)**

3 **THIRD CAUSE OF ACTION FEDERAL ABUSE OF LEGAL PROCESS**

4. **UNJUST ENRICHMENT**

5. **VIOLATION OF RESPA 12 U.S.C 2605**

6. **VIOLATION FL. STAT. 697.10 NO CONTRACT**

7. **FRAUD &  CONCEALMENT**

8. **VIOLATON OF FLORIDA STAT.45.031(8) PROPERTY SOLD AT FORECLOSURE PRICE SO LOW THAT IT SHOCKS THE CONSCIENCE**

9. **VIOLATION OF TIMELY ASSIGNMENT**

10. **BANK NO CONSIDERATION, MONEY MUST BE GIVEN TO ASSIGN NOTE**

11. **CAUSE OF ACTION VIOLATION GAAP FASB FAS 140 RULE AS GOVERENED BY THE SEC AND THE US DEPARTMENT OF THE TREASURY/ (IRS)**

12. **FEDERAL WRONGFUL FORECLOSURE**

13. **Florida Deceptive and Unfair Trade Practice**

14. **Illegal Consumer Collection**

BLANK ROME LLP, DANIAL S. HURTES CC, NICOLE R. TOPPER
TO ALL INVOLVED.

15 VIOLATION OFTHE 1964 AND
AND 1983 CIVIL RIGHTS ACT

17. SLANDER OF TITLE

18. VIOLATION THE THIRTY-DAY NOTICE
FLA. STAT. 559.715

19. CAUSE OF ACTION
SLANDER OF TITLE

20 CAUSE OF ACTION: VIOLATION OF 7" &
8"AMENDMENT AND DEPRIVATION OF
RIGHTS AND PERJURY GENERALLY. UNDER
COLOR OF LAW BY VIOLATING OF FLORIDA
STATUTE 82 & 83.

21. FEDERAL VIOLATIONS OF
BANKRUPTCY STAY

22. VIOLATION OF FLORIDA
STATUTE 119 THAT SAYS
YOU CAN' T DESTROY THE
RECORDS

## COMPLAINT FOR QUIET TITLE ECT.

COMES NOW the Plaintiffs MAURICE SYMONETTE AND JAMES BUCKMAN, who are third party persons to QUITE TITLE **AMENDED COMPLAINT VERIFIED PETITION FOR DECLARATORY RELIEF AND JUDGMENT** as to this property who were not a party to the Foreclosure According to the 3DCA Case NO: 3D19-0821 LOWER TRIBUNAL 2007- 18226 CA-01on front page of Appealle's Motion to Dismiss the appeal #3, thereby eliminating Res Judicata and Rooker Feildman on Plaintiffs, Exhibit, A2.

**JURY TRIAL DEMANDED**

("Plaintiff's"), complaining about the Defendants as named above, and each of them,
as follows

**PARTIES AND JURISDICTION**

Plaintiff James Buckman whose address is 15020 S. River Dr. Miami Fl.
33167 is now and at all times relevant to this action and a resident of Dade
County and a holder of title to this said property. Plaintiff MAURICE
SYMONETTE Whose address is 15020 S. River Dr. Miami Fl. 33167 is now,
at and at all times relevant to this action, a resident of the County of DADE,
State of FLORIDA. and a holder of the Title to this said property Plaintiff
James Buckman is now and at all times relevant to this action and a resident
of Dade County and a holder of title to this said property. JAMES
BUCKMAN is informed and believe, and there on alleged that, Defendant
Lancaster Mortgage Bank LLC Defendant, who may have interest in the
subject Property. LANCASTER Mortgage Bank LLC, is a corporation, doing
business in the County of DADE, State of  FLORIDA and is the purported
Sponsor for Securitized Trust and/or purported participant in the
imperfect securitization of Note and/or the Deed of Trust as more
particularly described in this Complaint. who's address is 1794 Oregon
PIKE LANCASTER P.A. 17601. DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE, UNDER THE POOLING AND SERVICING
AGREEMENT SERIES RAST 2006-A8 (CSFB) who in this Complaint will be
refered to as (DBNT), who claims to  own the Subject Property as C/O
OCWEN: Vault Dept. who's address is 1761 East. Saint Andrews Place. Santa
Ana California. 92705 The U.S. TREASURY/IRS who's address is 1500
Pennsylvania Ave., N.W. Washington, D.C. 20220. The UNITED STATES
Treasury may have interest in this because the note was sold in RIMIC which
by law had to destroy the Note to turn it into a Bond or a stock because the

Note cannot exist at the same time as the Bond, because that would be called double- dipping  and because the Note was destroyed The U.S. Internal Revenue  (U.S. Treasury) gave Deutsche Bank National Trust Company As Trustee, Under The Pooling And Servicing Agreement Series Rast 2006-A8 (CSFB) a Tax wright off from the U.S. Treasury as a loss which gives The U.S. Treasury interest in the property if found to be Fraudulent, so therefore the title must be Quieted concerning The U.S. Treasury. Quite TITLE is the reason that 1 am Suing the SEC who in REMIC Facilitated the sale of the BOND on the Market which made it possible for the US dept. of Treasury/IRS in this Complaint. SECURITY AND EXCHANGE COMMISSION who's address is 801 Brickell AVE. #1800 Miami FL. 33131. ATTORNEYS TITLE INSURANCE FUND is a business doing business at 6545 Corporate Centre Blvd Ste 200, Orlando, FL 32822. Dade County Clerk Of Courts Located at 73 W. Flagler Street Miami, Florida 33130. Dade County Records Department Located at Courthouse East 22 NW 1st Street, 2nd Floor. DADE COUNTYEVICTION SHERIFFS Located at 9105 NW 25th St. Doral, FL. 33172. North Miami Police Department Located at 700 NE 124th St. North Miami, FL 33161. The city Of North Miami located at 776 NE 125th St. North Miami  Fl. 33161. BlankRome Atty's LLP Located at 500 E Broward Blvd #2100, Ft. Lauderdale, FL. 33394 DANIEL HURTES LOCATED AT Brownard Financial Centre 500 East Broward Boulevard Ft. Lauderdale. . FL 33394, DADE COUNTY JUDGE ALLEN FINE LOCATED AT 73 West Flagler ST, Miami. FL 33130. Dade County Judge RODOLFO RUIZ, JUDGE MONICA GORDO Located at 123 NW 1st Ave, Miami FL. 33128

## **CLAIM OF RELIEF**

Plaintiffs Brings this action against DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT SERIES RAST 2006-A8 (CSFB).  and Does 1- for selling Plaintiff's property At a Foreclosure sale to Deprive plaintiffs of their Residence without any

lawful claim to the property because we never signed or did any Warranty Deed, Mortgage or Note at all with Deffendants. And for using **RACISM** and **DISCRIMINATION** by DEUTSCHE BANK NATIONAL TRUST to illegaly try to Evict us out of a White Neighborhood because we are Black and lying to the Police saying we are not allowed in the house who removed us from the house without legally evicting us and violating our Bankruptcy earlier to evict us out of the house without a Court Order several times and stealing my furnishings property and four story 74 ft. yacht because we are ***BLACK and helpless***. And for RICO Colluding with DADE COUNTY JUDGES, CLERK OF THE COURTS, DADE COUNTY RECORDS NOTARY'S, ATTORNEYS TITLE INSURANCE FUND, DADE COUNTY SHERIFFS DEPT.  AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT SERIES RAST 2006-A8 (CSFB) from now seen as DEUTSCHE BANK NATIONAL TRUST.

## INTRODUCTION IURISDICTION AND VENUE

The transactions and events which are the subject matter of this Complaint all occurred within the County of DADE, State of FLORIDA. and the United States DEALING WITH THE U.S. TREASURY AND THE FEDERAL SECURITIES AND EXCHANGE COMMISSION (SEC) along with Federal Violations gives this Federal Court  Jurisdiction Violation of the 1964 and 1983 Discrimination, Violation of Bankruptcy, federal Quite Title, Violation of TILA ,

Violation of RESPA The Property is located within the County of DADE, State of FLORIDA with the address of 1977 NE 119th RD MIAMI FL. 33181. Maurice Symonette lives in the State of Texas Defendants/Respondents are citizens of the States of Oregon, CA, DC New York and Florida. There is complete diversity of citizenship between Plaintiff/Petitioner and Defendants/Respondents. Petitioners seek to quiet title to Petitioners' property. The amount in controversy exceeds $75,000.00.

## BACKGROUND

On information and belief, Deutsche Bank & Lancaster could not prove the terms of the instrument and its right to enforce the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. That never existed Fla. Stat. § 673.3091(2). On information and belief, Plaintiff specifically denied all necessary terms of the note were provided in the mortgage attached to the 2007 note and Mortgage because the Note and Mortgage has no signatures or initials foreclosure. The note attached to the foreclosure complaint and Plaintiffs challenged Deutsche Bank & Lancaster standing in this case with no closing signatures.. Neither Deutshe Bank or Lancaster could allege sufficient facts establishing that either was entitled to enforce the purported debt or otherwise establish either entity's standing before this Court in the 2007 case. Simply put, neither entity can be

entitled to enforce the note it claimed it owned with no signatures and intentionally withheld this material information from the Plaintiffs and the Court by asserting that they were entitled to collect the alleged defaulted debt in this fake case. Deutshe Bank and Lancaster therefore, failed to allege in its foreclosure complaint any ultimate facts whatsoever placing either within the chain of ownership of the purported note and mortgage. Plaintiff draws the Court's attention to Uniform Commercial Code, especially but not limited to UCC 3-604. Buckman avers that there are serious questions about the legitimacy of the instant foreclosure complaint filed in 2007 by Deutsche Bank, which also raise questions about how they got the unsigned Mortgage illegally on Dade County Records and how they came into possession of the unsigned note because they actually cannot own an unsigned note. If we do not raise these objections and another so called owner would later make a claim against us, we would not have the defense of having acted in good faith, and would not be protected against such third party fake Claims especially since we didn't go to any closing and sign any notes, Mortgages or any Warranty deed Conveying the property over to Leroy Williams at any Closing with Lancaster Bank under UCC 3-604. Therefore we are entitled to a declaratory ruling of relief by this Court. Under UCC, specifically, UCC Section 1-201(b)(21)(A), one can only be a holder as the payee on the note or by a bearer endorsement in blank, However, there was never a closing on the Lancaster Note so all of this is void. If Lancaster Bank could not plead status of a holder by a bearer endorsement, then Deutshe Bank cannot do so either. that it Deutsche Bank was Assigned the Mortgage by MERS from Lancaster. There is not a shred of evidence in the instant case of

2007 case. The instant loan ever existed as an asset of Deutsche Bank or Lancaster Bank. It follows that the foreclosure filing in 2007 is moot. Since Deutsche Bank

itself would only have been a holder by virtue of the of the unsigned Mortgage and Note to Deutsche Bank from Lancaster. This clearly shows that Deutsche Bank or Lancaster was not in possession of any Note that it claims in this case from 2007 or is entitled to file a Foreclosure by being the last in the chain of custody. Again, foreclosure is a "freeze frame" proceeding, the lack of standing and capacity by DEUSTCHE Bank in 2007 cannot be repaired because there was no closing or signatures, whether by Lancaster itself or even less, Deutshe Bank. In addition Deutsche Bank could only become successor holder of the subject loan if there was a signature on the Mortgage and Note or real signatures on a Warranty Deed of sale which never happened. We must see the evidence on the Lancasters Bank's general accounting ledger. Under the applicable law, any "servicer" which acquires a bad debt, such as one in foreclosure, is deemed a "debt collector." If Lancaster Bank disputes this identity it must set forth clear and convincing evidence to the contrary with proof of a full Chain of Title. Further, whether a party is a "debt collector" under the relevant statutes also relates the amount of debt collecting it performs compared to servicing. A significant portion of defendants Deutsche Bank MERS or Lancaster entities business, through robo-signors or Fake notariser BARBERA GONZALEZ such as is "debt collection. In addition to joint and several liability for misconduct among joint Tort feasors, defendants have also operated as a common enterprise, and each of them is jointly and severally liable for the acts and practices alleged herein. No alleged owner of the beneficial interest

in the subject unsigned promissory note and mortgage was a holder in due course. All references to defendants' "misrepresentations" are defined as fraudulent misrepresentations, reckless and wanton misrepresentations, and/or negligent misrepresentations, regardless of whether referred to as "misrepresentation" or "intentional misrepresentation" or "fraudulent misrepresentation," or any other characterization of the misrepresentation at issue, raised at any time Federal rules of procedure 3.1. Plaintiff/Petitioner moves for a Preliminary Injunction/Temporary Restraining Order to restrain and enjoin the sale and eviction of the property by Defendants/Respondents on February 19, 2014 pending resolution of Plaintiff/Petitioner's Quiet Title claim, as more fully set forth in Plaintiff/Petitioner's motion set forth herein below.

**FIRST CAUSE OF ACTION OUIET TITLE**

**28 U.S. Code ss 2409 2410 (a)(2), IRS 34.1.1.8.1 (08-11-2004) AND 34.1.5**

**(08-11-2004) AND FLA. STATUE 95.11**

**NEWLY DISCOVERED EVIDENCE. AND FRAUD.FEDERAL RULE 60 (B) (2) (4) AND Fla. R. of Civ. Proc. 1540. STANDING CAN BE QUESTIONED** AT **ANYTIME FEDERAL RULE 3.1** *This is total Fraud,* MERS and *DeutscheBank*Newly discovered evidence and fraud, March 4TH 2018, we went to the Dade County records Department because all Mortgage Notes are Required to be Recorded with Original Signatures F.S. 701.02 (1)(2)(3) exh. A. and. We discovered that the that the Note that we thought was Country Wide Bank from Alexander Morera that we thought we were paying on was actually a Lancaster Assignment of which that Note was a Lancaster Note never signed or closed on. This Lancaster MORTGAGE NOTE has absolutely no signatures of the so called buyer (Leroy Williams) on Note as Required by F.S. 695.26 (1) (a), which caused me to search the

whole record to discover that All Buyer's (Leroy William's) SIGNATURES and INTIALS are all Blacked Out and the blacked out signature as shown on gods2.com #1 showing two Dade County Clerks Jose Silva lD # 311083 and Guetty Jean 1 D # 21732S behind their Clerk's desk behind protective glass. He's on Video red stamping the mortgage and saying the records dept. will not Record Mortgages without the original signature and She's on video after  red stamping and putting my payment receipt on the Certified so called Leroy Williams showing Mortgage Note on Camera, video shows blacked out initials on Lancaster  Note. And two managers of the Clerk's office saying there's no way this Note should have been put on Record without the Signatures, see gods2.com # AA. and

AB. and I recorded this all on docket. For Leroy Williams there's no signed Mortgage, Promissory Note or Prepayment Rider Recorded in Dade County. There is no lost Note count in Deustche Bank Complaint and MERS is not listed in the fake Note as Nominee or anything at all, exh. A. Which is why they did a Fake Mortgage Assignment which included the Promissory Note as stated on the bottom of the Assigned Note from Lancaster Bank to MERS exh. C., signed by the FAKE Vice President of Lancaster (Darlene Perera) the same lady who on the exact same date she signed a fake Allonge to another Bank called lndy Mac Bank before the Assignment to from Lancaster Bank to MERS , illegal **see exh. CC 1-5 .**  You can't Give a Note to two different entities especially on the same date.  And did not record the Fake  assignment until 2007 1 year and 5 months after sale of  the fake Note which makes the

Note and Mortgage Void according to F.S. exh. C. Allowing an unsigned Mortgage or Note to

be Recorded in Florida is a Felony, F.S. 817.2341 and 775.082, 775.083 and 775.084. And are  all forgeries that can almost be seen under the blacked out ink when

comparing that signature to the other signatures of the other notes with the correct signature see **the**

**Plaintiffs Lancaster's Recorded Note shows Note has a blacked out wrong forged signatures that you can see under the blacked out signature, exh. A.** This is the Correct

Leroy William's real signature from the other note from real Recorded Note of Leroy William's other real Closings. see pgs. 16 and 20 of, exh. B1 and B2. And Flamingo Title Company was sued by Attorney Title Insurance Co. Because of money given but no Note, exh. F,. and there

was no valid Warranty Deed because Alexander Morera was not there and did not sign the Warranty Deed, exh. G. One of the owners of the home 1977 NE 119th Road Miami 33181,

James Buckman was not at the closing, see Jame's affidavit, exb. H. And James Buckman did

not sign anything as it APPEARED on the fake Warranty Deed, **exh.G.** See James Buckman's

real signature on Drivers license, exh. H2. Someone illegally signed for James Buchman.

See Affidavit from Maurice Symonette another owner saying that he [Maurice] was their

at the Angry wiped out non closing and witnessed that James Buckman, Tanner Carter, Alexander Morera nor did the buyer Leroy Williams show up to the closing and the

Warranty Deed was not signed, see exh. L. and Affidavit from James Buckman stating

that he was not at the closing and never signed. So there was no Legal Warranty filed

on the Record! So payments continued to Country Wide Bank who we thought was the bank ALEXANDER Morrea's Bank, exh. SP, S2, S3. and then EMC Mortgage Bank EMC. Mortgage

co. wrote us and said make all payments to INDY MAC BANK. And our Payments were

made on time even six months after Deutsche Bank started Foreclosure on our house

was started 06/20/2007, exh. M. See receipts showing payments 06/19/07 to 09/29/

07 4 months after Deutsche Bank oreclosure started exh. K1, K2,K3, K4. And unknown Bank. Deustch Bank Lis Pendance date filed with no Due Process Notice to us. see page

11 of Dade Docket exh. 0. This filed while Payments were still being made and on TIME,.

 And notice the Mortgage and Note blacked out the Loan Number so that you could not

check AND SEE THAT THE LOAN was a fake loan from Lancaster bank that we did not close

on, exh. A. they also made big mistake and showed that Lancaster Bank Allonged the Note to

IndyMac Bank, Exh. F. Which is why American Title INSURANCE sent to us that

had us thinking that this was Country wide Suing us using EMC as their SERVER and

changing to INDYMAC to be the Servicer, what a great DECEPTION! So the fact is either

way only Bank then that could sell or Assign the Lancaster Note to MERS is Indy Mac Bank

because the Allonge on Lancaster was to Indy Mac Bank first. Of course this was never

done. Because Lancaster without Note ownership because of the Allonge to Indy Mac Bank

old the fake NOTE illegally to MERS who then illegally Assigned the fake Note to

DEUTSCHE BANK but after they started The Foreclosure lawsuit, exh. E3. which is also

illegal according to Mclean Vs. JPMorgan. This is a totally a made up Foreclosure

thievery wow!

**SECOND CAUSE OF ACTION Damages And Declaratory Relief pursuant to RICO LAW 18 U.S.C. 1961 (1) (a) (B) AND 1962 (B) AS TO LANCASTER, MERS, DEUTSCHE BANK, THE SEC, DADE COUNTY, ATTORNEYS TITLE INSURANCE FUND, COUNTY CLERK OF COURTS, DADE COUNTY RECORDS DEPARTMENT, DADE COUNTY EVICTION SHERIFFS, NORTH MIAMI POLICE DEPARTMENT, CITY OF NORTH MIAMI, BLANK ROME ATTORNEYS LLP, ATTORNEY DANIEL HURTZE, DADE COUNTY JUDGE ALLEN FINE, JUDGE MIGUEL DE LA O, JUDGE MONICA GORDO, JUDGE RUDOLFO RUIZ, JUDGE___**

Plaintiff incorporate paragraphs inclusive. herein. as though set forth

herein. On OCT. 5TH 2005, and continuing, through the present, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities). Plaintiff further alleges that Defendants **LANCASTER, MERS, DEUTSCHE BANK, THE SEC, DADE ATTORNEYS TITLE INSURANCE FUND, COUNTY CLERK OF THE COURTS, DADE COUNTY RECORDS DEPARTMENT, DADE COUNTY EVICTION SHERIFFS, NORTH MIAMI POLICE DEPARTMENT, THE CITY OF NORTH MIAMI, BLANK ROME ATTORNEYS LLP, ATTORNEY DANIEL HURTZE, DADE COUNTY JUDGE ALLEN FINE, JUDGE MIGUEL DE LA O, JUDGE MONICA GORDO, , JUDGE RUDOLFO RUIZ, JUDGE RONALD M. FRIEDMAN** and Does, On their own behalf, and on behalf of their co-defendants, in conjunction with and in furtherance of the conspiracy with all the remaining Defendants, did commit two or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra.* At all times herein, defendants, on their own behalf, and on behalf of the co-defendants, and each of them, conspired with remaining defendants, to interfere with the quiet enjoyment of Plaintiff''s home; steal the equity in the Plaintiffs home through the use of sham pleadings, manufactured "evidence" such as fraudulent AFFIDAVITS, MORTGAGES, ASSIGNMENTS, NOTARYS, exh. A. C. and C2. in a civil court action in order to fraudulently obtain a judgment of foreclosure, at all times herein, defendants, on their own

behalf, and on behalf of the co-defendants, and each of them, conspired with remaining defendants, to interfere with the quiet enjoyment of Plaintiffs home; steal the equity in the Plaintiffs home through the use of sham pleadings, manufactured "evidence"such as fraudulent affidavits in a civil court action in order to fraudulently obtain a judgment of foreclosure, Wherefore Plaintiff seeks relief as accorded by the applicable Statute, including, but not limited to: Statutory Compensatory damages for each separate **violation** according to proof; Exemplary damages for each separate violation based on the net worth of the Defendants on their own behalf, and on behalf of the co-defendants; Declaratory relief, including permanent injunctive relief, prohibiting these defendants, or any of their agents or assigns, from any further breaches of the statute; Reasonable attorney's fees and court costs according to proof, Such other and further relief as the court deems just and proper.

Pursuant to §768.72 (2002), FLA. STAT., Plaintiff reserves the right to amend this complaint to add a prayer for punitive damages upon a showing by evidence in the record providing a basis for recovery of such damages.

THIRD CAUSE OF ACTION     **FEDERAL ABUSE OF LEGAL PROCESS**

**AS TO LANCASTER, MERS, DEUTSCHE BANK, THE SEC, DADE ATTORNEYS TITLE INSURANCE FUND, COUNTY CLERK OF THE COURTS, DADE COUNTY RECORDS DEPARTMENT, DADE COUNTY EVICTION SHERIFFS, NORTH MIAMI POLICE DEPARTMENT, THE CITY OF NORTH MIAMI, BLANK ROME ATTORNEYS LLP, ATTORNEY DANIEL HURTZE, DADE COUNTY JUDGE ALLEN FINE, JUDGE MIGUEL DE LA O, JUDGE MONICA GORDO, JUDGE RUDOLFO**

**RUIZ,**

Plaintiff realleges and avers paragraphs as if fully set forth herein and further states: This is an action for injunctive and declaratory relief and for damages based upon these Defendants abuse of the legal process in connection with the foreclosure lawsuits. From the filing of the 2007 action to present, LANCASTER, MERS, and DEUTSCHE BANK as successor, did not have sufficient documentation to establish it is the proper party to bring this action and the documentation upon which it relied on for standing was improperly manufactured by Defendants, individually or jointly. These Defendants created and/or used false documents in an effort to obtain a foreclosure final

judgment against homeowner. These documents include the aforementioned, Judgements, AOMS, Affidavit of Indebtedness, fake Mortgages , Prepayment Riders. Promissory Notes, Fake Warrenty Deeds, Fake Witnesses  Trusts, fake Complaints, Motions, Fake Notary, Illegal Evictions, Clerks Destroying Records,

Burning the Original Notes, Sinking/Stealing my Yachts, Stealing Gun, Stealing Property, Fake Arrests, Clerks Selling Our House while we are in Bankruptcy and Fake Illegal Foreclosure Sales. How they did this was easy everybody was against us and on the Conspiracy Rico Team from all the Judges on this House down. All the Judges on this Case were being Paid and were benefitting from the Foreclosing Bank this is very Serious CONFLICTS OF INTEREST. We never stood a chance from the top down the deck was stacked against here's proof of each of the four Judge's CONFLICTS OF INTEREST even the Administrative Judge Jennifer Baily who when JUDGE Thomas Williams Recused himself from this case sighting CONFLICTS OF INTEREST this Adminstrative

Judge who also has the same CONFLICTS OF INTEREST appointed

1. Judge Allen Fine who also has the same CONFLICTS OF INTEREST, did Judgements upholding JUDGE Friedmans Foreclosure Judgements in the case see Docket exh. Z. and he has the same in this case, exh. GG.

2. Judge Miguel De La O did the Order for Eviction over Maurice's third party claim who by Law must be heard in Eviction but he would not hear us after we gave him the Red Stamp copy from Dade County Records and Clerk's Dept. Judge De La O held the copies and looked at it and saw that there was no signature on

the Mortgage or the Note and no Notary on the Assignment Wow! But he also has the same CONFLICTS OF INTEREST, in this case, is doing business with City Bank and is with Deutsche Bank. exh. HH. and O.

3. Judge Monica Gordo who did the Order to Dismiss our Motions to Dismiss even Showing her that we were on time with our Payments Six Months after

Foreclosure Suit was filed on us without Notice to us and that DEUTSCHE did not own the Note and Mortgage and had filed the Suit before the Assignment in violation of Mclean V. JPMorgan "saying you can't foreclose before you Own the Note". But guess what this Judge also has the same CONFLICTS OF INTEREST, in this case, Monica Gordo is doing business with Chase and Chase is with Deutsche Bank exh.II. and O.

4. JUDGE RUDOLFO RUIZ did Judgements upholding JUDGE Friedmans Foreclosure Judgements in the case see Docket exh. Z. and he has the same CONFLICTS OF INTEREST. in this case. ON HIS FORM 6 HE'S DOING

BUSINESS WITH SUNTRUST AND SUNTRUST IS WITH DEUTSCHE BANK exh. JJ. and O.

5. ATTORNEYS TITLE INSURANCE FUND is a Co-conspiritor partner in this RICO Conspiracy who were upset that they had to pay Lancaster Bank back for the monies transferred to FLAMINGO Title for the closing that never happened so there was no Mortgage signed and given no Prepayment Rider signed and given no Promissory Note signed and given and no Warranty Deed signed and given at the closing that never happened and so therefore Lancaster Bank LLC was given their money back by ATTORNEYS TITLE INSURANCE FUND and so therefore never gave any money to be owed back to them and never owned the Promissory Note & Mortgage to Assign to MERS and Deutsche Bank. So ATTORNEYS TITLE INSURANCE FUND Sued Flamingo Title Co, James Buckman, Tanna Carter and Alexander Morerra. Flamingo Title Company Settled the ATTORNEYS TITLE INSURANCE FUND by giving some of the Money Back and unbeknown to Tanna Carter James Buckman  and Alexander Morerra ATTORNEYS TITLE INSURANCE FUND did a $400,000 short sale to buy CountryWide's $900,000 Note. And Participated in the creation of a new Mortgage and Note with the help of Dade

County Records Dept. who allowed ATTORNEYS TITLE INSURANCE FUND to put an unsigned Mortgage, Prepayment Rider, Warranty Deed and an unnotorized Fake Assignment on Dade County Records and then used Blank Rome Attorney

LLP (Attorney Daniel Hurtz) to foreclose using those fraudulent unsigned,

un notarized recorded documents that Atty. Daniel Hertz of Blank Rome Attorneys LLP knew was fraudulent because we talked to him outside the court room and showed him the unsigned fraudulent documents. And his reply was none of this matters because this Judge is us and with the Judgment.

6. Dade County Eviction Sheriffs and North Miami Police came by the house several times to put us out the house because they said the bank Said we were illegally there and had been evicted all of this said and being done while we were in Bankruptcy and Several times and the agents for Deutsche Bank came to the house and told the North Miami Police to make us to evacuate the house

7. The same Deutsche Bank agent was seen by our house when our yacht mysteriously sunk and called the authorities and covered my pool illegally so we couldn't swim in it and told the Police to Confiscate The Yacht. And the City of North Miami Police Dept. Confiscated The Yacht From our Back yard. The Yacht which was 75 feet and 4 stories high was made of aluminum and was Illegally crushed, they crushed the yacht three days later against the Code enforcement rules, which says they must hold your Confiscated property for 60 days and let you get it back if you can, and sold the Aluminum Appraised at $300,000 and all the furniture appraised at $120,000 all to Evict a Black man out of the White Neighborhood And steal the property. See gods2.com video #10A.

8. Dade County Sheriffs Dept. evicted us three times while we were in bankruptcy along with the city of North Miami Police Dept. Even though they will show the

Documents with the red stamp copy showing that there was no signed Mortgage or Promissory Note yet they tried it anyway assisting the Conspiracy

9. The City of North Miami police Dept. came by and arrested me because the Deutsche Bank Rep. said we were trespassing in the house. Note we were in Bankruptcy and they had no Judge's Order against us for eviction, and then Judge

10. Chief Judge Issicoff of the Bankruptcy Court kicked me out of Bankruptcy for 5 years concerning this case of which she also has a horrible conflict of interest and her brother owns the company that confiscates property from our evicted houses which is also a horrible conflict of interest.

11. Clerk of the Courts destroyed files and burned original Notes in violation of Florida Statue. Exh. See gods2.com click all Court Documents then click on House Documents and see video # 45.

12. Dade County Records Clerk allowed unsigned Mortgages and Prepayment Riders on to the record to be used to foreclose on in violation of Florida Statue and in Violation of Criminal Law Florida Statue. . as was told to them by Kimberly my childhood next door Neighbor who managed the Dade County Records Dept. telling me she's going to retire Dec. 2019 because she's tired of this crap and don't want to be involved in helping the Banks steal Property anymore.

13. Clerks Dept. They had on record the exact same Promissory Note with blacked out Signatures and initials of which I have the Red Stamp copy of the same exact Note and on another part of the Docket they tried to erase the blacked out part of the Note unsuccessfully to avoid criminal penalties

and they have destroyed the file like the Mongols burned the Books to hide the wrong doings exh. .

14. Dade County Clerks that administer the selling of foreclosed houses in unity with the conspiracy Rico scam to steal properties sold the house even though we showed them we were in bankruptcy and sold a $2.1Million house for $42,000 a price so low it shocks the system to avoid taxes Doc Stamps and money loss to enrich themselves and on Camera gave me a copy of the sale and said it sold for $42,000 on Camera but when we came back the next day for more information they legally changed the $42,000 sale to make appear as though it sold for $88,000 to avoid criminal Prosecution but all done on Camera because according to the Slave Code, the Black Code and the Jim Crow Code. Black people are not allowed to be Witnesses against them, Exh. . All this done and perfected with team work from the Judges down to steal our properties and they've done this to other property im involved with and these same Judges and groups of other judges are all in unity making money from the banks with grand Conflict of interest to rob people of their properties illegally to cause us to stress out and be homeless and broken hearted which also causes us to turn to crime which sends us to jail and cause us early death from stress! All in a conspiracy with the Banks, the judges, the County, the City, the Police, the Sheriffs and the Lawyers from the top down. Proverbs 22:27, Deut. 23:17-20 and Neh.5:1-18 says Yahweh is against Usuary, Foreclosures and Evictions. and King Aretaxeres the son of King Cyrus will deliver us out of the hands of these Beasts. Isa.45. I have reported and given the FBI and other Agencies this same information already set for true prosecution of these Devil Sons of Perdition who sit in the seat of high places who will be revealed, 2Thess. 2:1-11. Come out her my people and be not partakers in her sin, that includes the rest of Judges.

16. Deutsche Bank Trust who started the fake Foreclosure is a fake Deutsche Bank Trust who after the Foreclosure sale had the Clerk of the Court with the Judge to perfect this Thievery changed the name on the Certificate of Sale to a real Deutsche Bank Trust to hide the criminality of their RICO Conspiracy so as to appear on record as a clean deal. Furthermore there is an issue as to whether the individual's name that appears on those documents has any information, personal or otherwise, relating to the information contained in the document and/or the authority to sign the documents. Defendants utilized the AOMS and affidavit of indebtedness and "endorsed" promissory note in this legal process to falsely represent to the Court that Lancaster, MERS and Deutsche Bank had the requisite standing to bring this mortgage foreclosure lawsuit and the sums due and which should be included in the foreclosure final judgment. By creating and utilizing the false documents these Defendants misused legal process and the Court system to promote their best interests by misleading the Court as to And steal the property Lancaster's right to bring the 2007 mortgage foreclosure lawsuit and by misleading the Court as to the legitimacy of alleged "evidence" of "original" documents that they we're relying upon to support their claims against Plaintiff.

These Defendants should not have abused the foreclosure process by filing false documents to support their claim that Lancaster or Deutsche Bank was

the proper party to bring this action. These actions were willful and constituted an intentional misuse of process in an effort to wrongfully foreclose upon homeowner's property. Therefore, Defendants misused civil

legal process against homeowners in an effort to accomplish the fake

foreclosure upon our home based upon false documents.

**WHEREFORE,** Plaintiff requests actual and special damages including Attorneys fees and costs against these Defendants jointly and severally for abuse of legal process.

## FIFTH CAUSE OF ACTION RESPA AND TILA VIOLATION
## RESPA 12 IJ.S.C. 2605

Deutsche Bank N.A. and its agents made material misrepresentations and
omissions with respect to the terms of Plaintiffs loan in violation of the Truth

In Lending Act (TILA). Plaintiffs is informed and believes that Lancaster Bank concealed the terms of the loan with the intention of inducing Plaintiffs to refrain from investigating and challenging the disclosures until the period for rescinding the fake loan expired. Plaintiffs never went to any closing to receive any documents from Lancaster bank at a Florida Title Company, including disclosures required by the Truth in Lending Act, RESPA, and a notice of right to cancel. Plaintiffs loan would have been a mortgage loan subject to the provisions of RESPA, 12 U.S.C. 2605 et. seq. and Cal. financial Code §50505.
BUT IF WE SAW THE REQUESTED INFO WE WOULD HAVE SEEN THAT DEUTSCHE BANK WAS REPRESENTING THAT THEY WERE FROM LANCASTER BANK NOT COUNTRY WIDE BANK AND WE WOULD CAUGHT ON TO THE FACT  THAT WE NEVER CLOSED THAT LOAN WITH LANCASTER
BANK  AND THEY WOULD HAVE BEEN DESTROYED LIKE THE NEW FBI COMMERCIAL

SAYSTHAT

FRAUD IS TRICKSTERS JUST SIGN YOUR PROPRTY OVER TO THEMSELVES (DEUSTCHE
BANK) AND, FORECLOSE AND EVICT YOU WHILE YOUR MAKING PAYMENTS TO ANOTHER
BANK On Oct. 12, 2012, Plaintiff because we were tricked into believing that
we requested a copy of the loan application and Promissory Note at a
Miami branch of Defendants in Florida, A bank OCR *cer* telephoned a
LANCASTER Mortgage Bank LLC office in Florida that we thought was I
and informed Plaintiff that he would receive the loan documents in ten
days. No documents have ever been received. Because they knew they
didn't have a signed note and mortgage and they knew thought that
Lancaster and DEUTSCHE BANK NATJO.IAL TRUSTwas Indy Mac as
servicer to COUNTRY WIDE BANK the Bank we were making payments to
after the LANCASTER BANK didn't close on failed . So DEUTSCHE BANK
NATJONAL TRUST tricked us into thinking they were the bank we was to
ask the questions to about the MORTGAGE and NOTE with the Federal
RESPA 12 U.S.C 2605 QUALIFIDE WRITTEN REQUEST to make them
show their ownership of the property and our exact Dept owed to them
and DEUTSCHE BANK NATJONAL TRUST would't reply in violation of
RESPA 12

U.S.C 2605 federal law and in Dade County courts we have been asking
for this with our Federal RESPA 12 U.S.C 2605 QUALIFIDE WRITTEN
REQUEST form sinse the beginning of this fake Forclosure case began,
**EXH. Defendants have engaged in a practice of non-compliance with
RESPA** Including failing to respond to properly submitted OWR's . see
Exh. . Plaintiff is informed and belives that this practice is designed to
conceal TILA and RESPA Federal violations and to conceal the identity of
the many investors who believe they are the owners of the NOTE,
LANCASTER Mortgage Bank LLC get cash from and true beneficiary of

the Loan. As a direct and proximate result of Defendants failure to comply with RESPA, Plaintiffs have suffered and continues to suffer actual damages in that he's unable to ascertain the basis for defendants claims to his property, he cannot identify the owner of the beneficiary of the Note, he can not determine whether his payments to IndyMac Bank paid to the beneficiary and there is no evidence upon which to conclude that Defendants are acting as NOTE owner with the lawful authority to foreclose the property. Under RESPA, Plaintiffs seeks triple damages, and also documents were ordered for Qualified Written Request. Formal Protest and Dispute of Alleged Debt And Validity of Alleged Loan, But never received See exh. D. established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA: Whether goods or facilities were actually furnished or ser vices were actually performed for the compensation paid and; Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services were actually performed. In applying this test, HUD believes that total compensation should be scrutinized to assure that is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA. The interest and income that Defendants have gained is disproportionate to the situation Plaintiff James

Buckman find themselves in due directly to Defendant's failure to disclose that they will gain a financial benefit while Plaintiff JAMES Buckman suffer financially as a result of the loan product sold to fake Plaintiff that' now James Buckman. No separate fee agreements, regarding the use of the fake LANCASTER Mortgage Bank LLC Cost of Savings" as the Index for the basis of this loan, Disclosures of additional income due to interest rate increases or the proper form and procedure in

relation to the Borrower's Rights to Cancel the fake NOTE and MORTGAGE.

**THERE IS ABSOLUTELY NO WAMU NOTE AT ALL**

**A.)** Because Leroy Williams did not go to the Closing and did not sign the Notes to WAMU BANK, so then the Note was never Assigned to MERS, **exh.C.**

**B.)** Assignment must be recorded within **3 0 days F.S. 494.0075 3. (3)** our

Assignment WAS RECORDED 1 YEAR AND 5 MONTHS AFTER THE SALE/CLOSING, The Assignment conveyed, sold and signed 10/20/05 **Recorded 03/21/27, exh. C.**

**C.)** Because MERS never got a Legal Assignment from Lancaster Bank because there was no Leroy William's Mortgage Note that exhisted. So MERS did not

Assign the Mortgage Note to J.P. MORGAN Bank. Which shows that this EVICTION is ILLEGAL THEFT OF THIS PROPERTY, we actually have no rights to own property. here's more proof.

D.) If Mortgage Note is not recorded by 1 year the Mortgage Note is void. This

Note was never signed and never Recorded with Leroy Williams signature from 10/20/05 until today so Mortgage Note is void . And in violation of F.S. 695.01. and see: **Exh. A.**

E.) The Mortgage Note has a space in the right corner of Mortgage Note for the preparer of the Note where the name and post-office address of the natural person who prepared the instrument or under whose supervision it was prepared are legibly printed, typewritten, or

stamped upon such instrument; this Note is void. And in violation of F.S. 695.26 (1) (b).

F.) And then the Note was Conveyed illegally by WAMU Bank to Mortgage Electronic Registration Systems (MERS) with no thirty day or any notice As required by Florida which renders Note unenforceable and void. F.S. 701.02(1)(2)(3). Notice requirement - The borrower must be giving 15-30 days notice before note is sold or assigned to another entity. **(RESPA Law 12 U.S. CODE § 2605)** the Mortgage Note signed 10/20/05 and the Assignment was on the same day of Sale without required Notice also in the original fraudulent mortgage note **PAGE 11 number 20** states that the sale of note or change of services the borrow must be given notice according to RESPA law which is 15 to 30 days. But the fraudulent Assignment was signed Oct. 20th 2005, **exh. C.** the same day as the fraudulent closing, written on the front page

of the Mortgage Note, **exh. A.** which makes this Assignment void.F.S. 701.02(1)(2)(3).

J.) Assignments must be recorded with in 30 days according to Florida STATUTE 494.0075. 3 (2) (3). This Assignment was recorded two years after

sale was illegally signed, **exh. C.** this Assignment is totally void.

**K.)** If Assignment is not recorded by 1 year the Assignment is void according to Florida Statute 695.01. The Assignment was signed and notarized Oct. 20th 2005 but was recorded May 21st 2007, one year and 5 months later. **Exh. C.**

L.) (Mclean v. JPMorgan) says you can't foreclose before you own the Note!

The Assignment from MERS to Deutsche Bank is Void because assignment was made after foreclosure started 06/20/07, exh. M. and the MERS Assignment to J.P. MORGAN Bank was 08/22/07, exh. N. and (Mclean v. JPMorgan).

## ILLEGAL FAKE NOTARY PUBLIC VOIDS OWNERSHIP ON MORTGAGE AND

### NOTE

The Notary on the Mortgage Note is a VOID. The Notary stamp must contain commission or ID number, to identify the person if needed to varify or in court, (Our Mortgage Note for 1977 address has no commission or ID number that's at all Legible to hide their thievery see page 15 of the MORTGAGE Note of Record. in violation of F.S. 117.05 (3)(A) and F.S. 695.26 (1).

This Mortgage Note does not have proof of identity of signer as required in violation of F.S. 117.05 #(5) and (5)(a) see exh. C. page 2. at middle of the

paper. The Notaries name must be printed under their signature, on 1977 Mortgage Note there is no printed name under the Notary Public signature in violation of the fake Assignment to MERS. Is void of see exh. C. Page 2. F.S. 695.26 (1) (D) (E).

New Jersey notary stamp rules is the same as Florida rules, the New

Jersey notary of 2005 looks totally different from the Fraudulent one on our Mortgage note, exh. P. and C. The State of New Jersey Notary stamp on our mortgage assignment is a COMEPLETLY MADE UP FRAUD! Exh. C. page 2. and is a punishable felony, s.775.082 775.083 or S.715.84.

## ILLEGAL FAKE NOTARY PUBLIC VOIDS OWNERSHIP ON MORTGAGE
### ASSIGNMENT

Must have at least one witness. There is no with witness on our Mortgage Assignment in violation of, F.S. 117.05 (b) 1.a.b.c.d.e. see exh. C. page 2. the
Assignment is void. The Notary on the Assignment is a fake. The Notary stamp must contain commission or ID number, to identify the person if needed to varify or in court, (Our Mortgage Note for 1977 address has no commission or ID number to hide their thievery in violation of F.S. 117.05 (3)(A) and F.S. 695.26 (1). see exh. C. PAGE 2. The name of each person who executed such instrument is legibly printed, type written, or stamped upon such instrument immediately beneath the signature of such person and the post-office address of each such person is legibly printed, typewritten, or stamped upon such instrument in violation of F.S. 695.01 (1) AND F.S. 695.26 (1) (a) and F.S. 494. 0075 (5) and F.S. 701.02(1)(2)(3) **exh. A.**

## NEVER BEHIND ON PAYMENTS

We were making payments to EMC Mortgage see: **exh. S1 - S3,** what was the Alexander Morera Mortgage Note because the buver Lerov

Williams from seller Alexander Morera closing did not happen and then EMC Mortgage Transferred the Note to Indy Mac Bank, **exh. J**. We made payments to Indy Mac Bank **exh. K1 - K5**. We were making those pay.nents far after Deutsche Bank filed the no Due Process of Services Notice Foreclosure h  up until they got the Default Judgement against us we paid EMC, **exh. S1 - S3** tl en the new bank Deutsche bank some how stop taking our on time Payments And refused to take payments from us after they secretly got a j. And now this new Bank who have harassed us, helped sink my boat in my back yard, **Gods2.com #10**

**A.** and broke into my house and stole from us, see police report **exh. Y.** And

now this Fraudulent Duetsche Bank is now Evicting us from the house **exh. G**. with the help of the Clerk of the Courts. See video of Clerks have allowed

unsigned Notes like ours to be illegally recorded  and then banks foreclose on u with no Note even if you are paying on time with the help of the judge who without seeing the Note that is Completely FRAUDULENT Blacked out signatures from the Dade County Records Dept. WOW Gods2.com at the top of the web site # **AA. and AB.. They must be stopped!**!!! this EVICTION IS ILLEGAL AND I JUST REPORTED TO THE FTC TO PRESIDENT TRUMP'S NEW BANK FRAUD TASK FORCE!!!

**HISTORY OF THIS FRAUD AND HOW THEY DID IT!**

The property was quit claimed by owner Alexander Morera cver to Tanna Carter, James Buckman and to himself (ALEXANDER MORERA)

**10/01/04,**

**exh. D1.** We had a lease with an option to buy for 14,000.00 a month, **exh. E.** All. before WAMU Bank Fraudulently Recorded an unsigned blacked out Mortgage Note **exh. A**. And before the so called sale to Leroy Williams, and Alexander Morera, Tanna Carter and James Littlejohn quit claimed it over to James Littlejohn and Leroy Williams 12/06/04, **exh. D2.** Then Leroy Williams quit claimed it solely to James Littlejohn 07/08/06, **exh. D3.** .James LittleJohn then Quit claimed it back to himself, Robert Clark and Leroy Williams on 02/05/2008, **exh.D4**. And James Littlejohn, Robert Cllark and Leroy Williams quit claimed it to James Littlejohn, **exh. D5**. lastly James Littlejohn quit it to Maurice Symonette, James Littlejohn and Micahiel Nichloson 01/01/07, .**exh. D6.** There was supposed to be a Sale Closing on the house but Leroy Williams did not show up and Alexander Morera did not show up because he quit

Claimed the property before the so called closing date and could not be found. After arguing. Alexander Morera and Leroy Williams did not sign the Notes and

the closing Docs, but somehow the title company or some one kept the money. The Proof of this is Attorney Title Insurance Fund (**ATIF**) sued Flamingo Title Services Inc. who was supposed to do the closing on the house. **ATIF** Accused them of keeping the money from the closing that did not happen with Leroy Williams, **exh FI `- F6.** WHICH WAS SOMEHOW RESOLVED between Flamingo Title and Title Insurance Company, **see exh. F1. & F2**. On the same day of Oct. 20, 2005,and a letter had came to tell us that they would not be accepting payments from us to our former bank and that it would be going to Indy Mac Bank and we were making the payments to Indy Mac and then three

months

later J.P. MORGAN Bank filed a foreclosure against us that we didn't

know they had filed which is no Due Process and then suddenly J.P.

MORGAN Bank sent a payment money back to us and then told us that

they would not be accepting

payments from us anymore because they were foreclosing on us but

we were paying EMC and Indy Mac Bank and we replied to them to

prove their dept. **exh. Z.** We had no idea who Deutsche Bank was and

that they were foreclosing on us,we found out J.P. MORGAN bank was

assigned the note by MERS **exh. H.** and without Noticing the buyer as

required by RESPA 12 U.S. CODE § 2605 and According to F.S.

701.02(1)(2)(3) and also in the original fraudulent mortgage note

**PAGE 11 number 20 which** states that the sale of the note or change

of servicer the borrow must be given notice according to RESPA law

15 to 30 days Florida Statute MERS got the Note from WAMU bank but

WAMU never had a closing with Leroy Williams. Notice requirement -

The borrower must be giving 15-30 days notice before note is sold or

assigned to another entity. (RESPA Law 12 U.S. CODE § 2605), F.S

701.02 (1) and also in the original fraudulent mortgage note **PAGE 11**

**number 20** states that the sale of note or change of services the

borrow must be given notice according to RESPA law which is 15 to 30

days. But the fraudulent Assignment was signed Oct. 20th 2005, **exh. C.**

the same day as the fraudulent closing, written on the front page of the

Mortgage Assignment, **exh. C.** which makes this Assignment void.

 (1) No instrument by which the title to real property or any interest

therein conveyed, assigned, encumbered, or otherwise disposed of

shall be recorded by the clerk of the clerk unless

## THIS MORTGAGE NOTE IS FRAUD

Fraud because in #20 OF The mortgage Note it says in accordance with RESPA

Disclosure after settlement law they must give buyer 15 days before selling the Note. But their saying they sold assigned Note the same day as settlement which voids out Assignment F.S. 701.02(1)(2)(3). THE MORTGAGE NOTE HAS <u>NO SIGNATURES</u> WHICH IS ALSO CLERK FRAUD. F.S. 701.04 YOU MUST RECORD ASSIGNMENT WITH 60 DAYS, our Assignment was signed Oct. 20, 2005 but recorded 03/21/07 = Void their is no address or Legal description on the Note.

### SIXTH CAUSE OF ACTION- NO
### CONTRACT FLORIDA STATUE 697, t0

The Assignment from MERS to Lancaster has no Lot or Parcel Description on The Mortgage assignment see exhibit E & F which is a void and an illegal Assignment (South Florida's Citrus and Co. v. Walden, 51 So.554, 59 Fla. 606 (1910), and Garvin v. Baker, 59 SO. 2d 360 (Fla. 1952), also according to Fla. Stat. 697.10 For liability for error in mortgage deed or Note and in any action relating to real Property. If the court shall find that any person has prepared an instrument which due to an inaccurate or improper legal description impairs another person's  title to real property, the court may award to the prevailing party all actual damages that she or he may have sustained as a result of such impairment of title. Must have at least one witness. But There is no witness on our mortgage assignment in violation of, 117.05(b) 1.a.b.c.d.e. <u>see exh. C</u> Page the assignment is void. The Notary on the assignment is a fake.

The Notary

stamp must contain commission or ID number, to identify the person if needed to verify or in court, (our mortgage note for 1977 address has no commission or ID number to hide their thievery in the violation of F.S. 117.05 (3)(A) and F.S. 695.26(1) **see exh**. The name of each person who executed such instrument is legibly printed, tape written , or stamped upon such instrument immediately beneath the signature of such person and the post-office address of each such person is legibly printed, type written, or stamped upon such instrument in violation of F.S. 695.01 (1) and F.S. 695.26 (1)(a) and F.S. 494. 0075 (5) and F.S. 701.02 (1)(2)(3) exh. A <u>Assignment of</u>

<u>Mortgage was done 10/20/05 the day same as the</u> <u>Fake Closing and</u> <u>was done *as an*</u>exhibit. *see* <u>exhibit F2.</u> and not a party of the assignment. So MERS is not owner and the Deutsche Bank Assignment from MERS is Void Completely, and MERS thus causing Plaintiffs to suffer an impaired and defective Title, plaintiff asked for triple Damages.


## <u>SEVENTH CAUSE OF ACTION: FRAUD AND CONCEALMENT</u>
## FLORIDA STATUE 726.105fdJ

Fed. Rule 3.1 Standing can be brought up any time even on Appeal. Denied Defendants Objections to Sale without Bank proving they had Standing because the Bank filed Complaint before they owned the Note. Plaintiff foreclosed on the property before they owned it by way of making a Fraudulent Assignment and taking Defendants property without having Note ownership. This foreclosure should never have been allowed because the Bank didn't have assignment. If we look further, the Lis pendens that was used has a recorded date of 06/20/2007 an Assignment of Mortgage was recorded on that date by the clerk of court in Miami

Dade as seen on exh. C, and as seen on the same Document, the Assignment was made after Lis Pendens was filed which according to Mclean v. JPMorgan Chase Bank N.A.).This is an Illegal foreclosure, you cannot Foreclose on a property before you own it (Note) there was never any evidence of Deutsche bank ever owning the Note or having any kind of an Assignment before the recorded date of 08/22/2007 so this Assignment has no effect against the Creditor unless recorded before the Complaint, see Fla. Stat. 817.535 (e)5(2)(A) a person who files or directs a filer to file with the intent to defraud or harass another, or any Instrument containing a materially false fictitious *or* fraudulent statement or representation that  purports Bank filed Complaint before they owned the Note. Plaintiff foreclosed on the property before they owned it by way of making a Fraudulent Assignment and taking Defendants property without having Note ownership. This foreclosure should never have been allowed because the Bank didn't have assignment. If we look further, the Lis pendens that was used has a recorded date of 06/20/2007 an Assignment of Mortgage was recorded on that date by the clerk of court in Miami Dade as seen on exhibit C, and as seen on the same Document  the Assignment was made after Lis Pendens was filed which according to Mclean v. JPMorgan Chase

Bank N.A.). This is an illegal foreclosure, you cannot Foreclose on a property before you own it (Note), there was never any evidence of Deutsche bank ever owning the Note or having any kind of an Assignment before the recorded date of 08/22/2007 so this Assignment has no effect against the Creditor unless recorded before the Complaint, see Fla. Stat. 817.535(e)5(2)(A) a person who files or directs a filer to file with the intent to defraud or harass another, or any Instrument containing a materially false fictitious *or* fraudulent statement or representation that purports to affect owners interest in the property described in the instrument commits a Felony. Assignments to property cannot be made Retroactively the Assignment

begins from the time that the document is recorded in the County Court. There have been numerous cases that were dismissed because of faulty Assignments such as **Mclean V. IPM. And US** Bank **V. Ibanez** where the Massachusetts Supreme Court found that the mortgages were assigned to the lender after the completion of the foreclosure sale or, the Court decided that the foreclosures were void because the lenders lacked legal authority to foreclose and then there was a Batch v. LaSalle Bank N. A. 171 So. 3d 207, 209 (Fla. 4*DCA 2015) reversing a Foreclosure Judgment in part because "the assignment [of Mortgage] was executed after the complaint was filed, also see Abde Darwiche and Batoul Darwiche v. Bank of New York Mellon, when the assignment of mortgage upon The Bank of New York relied to establish its standing, the Appellate court agreed With the homeowners/that the general issues of material fact remained As to Whether the assignment of mortgage was sufficient to establish BNYM's Standing at the inception of the suit and also see Darlene Angelini and Joseph Angelini v. HSBC BANK, et at., 4D14 -216 the banks testimony did not establish The relevant: that it held the note at the time the complaint was filed. Although The Bank was clearly the holder at the time it introduced the blank indorsed Note at trial, "[a] plaintiffs lack of standing at the

inception of the case and is not a Defect that may be cured by the acquisition of standing after the case is filed. And cannot be established retroactively by acquiring standing to file a lawsuit after the fact. "La France V.U.S. Bank Nat'l Assn. 141 So. 3d 754, 756 (Fla.*DCA 2014) and McClean v. JPMorgan. Therefore Deutsche Bank does not have Standing to Foreclose, and here **Deutsche Bank is at fault and should pay triple.**

### EIGHTH CAUSE OF ACTION: PROPERTY SOLD AT PRICE SO LOW THAT IT SHOCKS THE CONSCIENC FLORIDA STATUE 4S.031-f8l

The Plaintiffs property was sold at a price so low it shocked the conscience the clerk sold plaintiffs $ 2.1 million house for a mere $42,3 00.00 see e b. DI, in which was purchased by the same bank which is (DEUTSCH E BANK NATIONAL TRUST COMPANY AS Trustee Under The Pooling. And Servicing Agreement Series Rast 2006- A8(CSFB} this price is so low it shocks the conscience according to Fl. Stat. 45.031 -(8) Maurice Symonette did file objection to sale and demands that it be heard and has found new information to further strengthen our case to show that the bank is knowingly illegally taking this property. Deutsche Bank bought the property at auction in the foreclosure sale of the said property on 06/22/2017 for forty two thousand three hundred Dollars that price is so low that it shocks the conscience according to Fl. Stat. 45.031-(8) which VOIDS the SALE and Rule 702.Fl. Stat. 702(5). F.S.A. Mitchell V. Mason and also see, First bank V. Fisher Frichtel Inc. which says (if the case is so inadequate as to raise an inference of fraud then the foreclosure can be voided) All this done to by mass Tax. Ooc Stamns and do away with all the liens and monies owed attached to the property. And some days later after realizing that we saw the $42,300.00, exh. ff or gods2.com video clerk saying house sold for 42,300.00 but valued sales price was $2.1 saw that the sales price was so low and against the Law that it shocked the conscience, that when Defendants came back to question the Clerk about our Bankruptcy and wanted to show the manager how ridiculously low that sales was. Mysteriously they show Defendants another Deutsche Bank different from the first Deutsche Bank that Clerk showed us just days earlier selling $42,300.00 but now it showed Defendant's property sold for $888,000.00 in which we discovered later was done on the same date 6/22/2017 With different bank (Deutsche Bank NätfOflal Trust Company As Trustee for RESIDENATIAL ASSET SECURITIZATION trust Series 2006-A8 MORTGAGEPASS -THROUGH CERTIFICATES SERIES 2006-H), even after them seeing us tape them saying mouth, giving it to us in writing and showing us

on their Government computer the sales price at $42,300.00 with witnesses see YouTube: (Dade Clerks are lawless) see exb.1. This shows Fraud and Collusion against the Defendants to just take the property wrongfully which is the main reasons for the Objection to sale and this complaint is that the sale price is so low that it shocks the conscience. The foreclosure amount owed was 2.6 million and the estimated value is $1,810,000.00 but shockingly the sale was forty two thousand three hundred. And the Foreclosure was started while defendants Bank foreclosed we have proof that we were making the payments before and after the Bank started the foreclosure on us see exhibits 1,2.3,4.5, and 6. this foreclosure sale needs to be voided and recalled due to the clerk of the court careless and fraudulent activity.

## NINTH CAUSE OF- ACTION: VIOLATION OF TIMELY ASSIGNMENT FLA. STAT. 702.02 AND FLA. STAT. 726105fD)

The instant assignment was also untimely. In order for the foreclosure to be

legal the assignment to the mortgage must be entered in a timely·manner, that is it should be entered before the foreclosure is filed, in this case it was not, the Lis Pendens was recorded 06/20/2007, exh. B, and the assignment was recorded 08/22/2 007 which was at least 63 days after the Foreclosure see Exhibit C, thus Deutsche Bank foreclosed before they even owned the Note and they knew it and tried it anyway hoping that they could get away with it, an assignment cannot be Assigned retro actively see Progressive Exp. Ins. Co. v Mcgrath Comty. Chiropractic, 913 So. 2d 1281, (Fla. 2d DCA 2005) and Mclean V. JPMorgan. The plaintiffs lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed. Thus a party is not

permitted to establish the right to maintain an action retroactively by Acquiring standing to file a lawsuit after the fact. Mclean v.

JPMorgan. Therefore Deutsche Bank Has no Standing in the ownership of the said property and for Deutsche to amend the complaint to start over would only suggest fraud (Pino v. Bank of New York) as it already is by the nature of the transaction the transaction it self is deceptive and to have this fault of an assignment written after 'he Complaint is filled, but Deutsche Bank N.A. Still claim they have standing in this action of fraud as have been tried by so many other cases and the Banks that did them lost ( US Bank N,A. v Ibanez ), Murray v, HSBC Bank USA 2006 0·P1) and (Powers v. HSBC BANK USA 2006). A fraudulent Transfer is one when one is threatened with suit before assignment of property is made, FI. Stat. 726.105 (D), and also UCC Article 3 line #6 says assignments or endorsements must be effectuated before suit is filed. Progressive Exp. Ins. Co. v. Mcgarth Comty, Also Fla. Fourth DCA and

UCC F,S. DH 673 ARTICLE 3 OF THE UCC: says they must prove they own the Note before they foreclose. On Note this case is void, Deutsche Bank has no standing in this case and property should be awarded to plaintiffs or

Monetary damages.

## TENTH CAUSE OF ACTION

## MONEY MUST BE GIVEN TO ASSIGN A MORTGAGE OR NOTE. FLA. STATUE 701.02(1)(2)

Florida Contract (Mail Box Law) (4) says you must in order to consummate a contract or

an assignment you must give consideration money. The Judge Erred and is in Violation of

Florida Contract Law (4) for not Dismissing the Case because the Assignment has no Consideration Money on the Assignment between Lancaster Bank LLC and MERS not only did they violate the 30 day notice on the Assignment by trying to sale the Note on the same day and they also never Consummated the contract with money consideration, see exb. B and C. Plea and effect of .--Sworn plea of consideration throws burden on plaintiff.---Smith v.Le Yesque, 25 Fla ., 464: White v. Camp , 1 Fla., 94. Plea of want of consideration as against bona fide holder of negotiable promissory note Hancock v. Hale, 17 Fla., 808. Section does not obviate necessity of exhibition of instrument to the jurr; when exhibited, consideration pre- assignment or endorsement Sinclair v. Gray, 9 FLA., 342. EFFECT 0 F SWORN AND unsworn plea of want of consideration.----Ib. Plea must set forth facts.---Ahrens v. Wilbs, 6 fila., 359. How drawn and what should contain White v. Camp, 1 Fla., 94 Must riot be equivalent to illegality or failure of consideration--- Orman v barnard, 5 Fla., 528. Effect of unsworn plea by administrator Knight v Knight, '? Fla., 253. MERS is not on the original note as a nominee or anything at all and the Note shows at the endorsement page of the Lancaster bank's note that all payments -are due to LANCASTER Mortgage Bank LLC on Oct.20 .2005 and Lancaster on the same day signed the note to MERS without a 30 day notice and' with no money consideration

and LANCASTER Mortgage Bank LLC according to Lancaster was now the note holder as stated on the back of the note but LANCASTER Mortgage Bank LLC did assign the note over to MERS ( see exhibit C,) so MERS according to Lancaster's money consideration failure and to Lancaster is not the owner of the Note and MERS never did buy the Note or the assignment because they never consummated the assignment with the consideration money, so therefore the assignment from MERS to Deutsche Bank is Invalid because MERS could not sign a note to Deutsche Bank when they don't own the Note. And don't forget the assignment was late. Filed after

the Lis Pendens was filed in violation of Florida DCA third district court of appeal, Mclean v. JPMorgan.

## ELEVENTH CAUSE OF ACTION VIOLATION GAAP FASB FAS 140 RULE AS GOVERENED BY THE SEC AND THE US DEPT. OF THE TREASURY

This is what I'm Quieting the Title against the SEC and Treasury for. The Federal GAAP FASB FAS 140 Rule says that when a NOTE is sold on the market as a security, the NOTE must be burned and destroyed and can never be as a foreclosure instrument because that is SEC Fraud because the IRS has written the destroyed loss off, then the insurance paid the loss off and then sold it on the market. The NOTE was also separated form the mortgage when the original Promissory NOTE was not recorded along with Mortgage at the county level. Additionally, the Mortgage was separated

form the Note when the loan was bundled together with hundreds or thousands of other loans to create municipal bond funds, in order to sell and trade on Wall Street. When the Original Note was bundled it was destroyed and given a number to prevent others form double-dipping and to prevent others reselling the promissory

Note again. By learning this information, the original wet blue ink promissory Note cannot be produced, because it was destroyed when it was bundled together and put

into a securitized loan trust to sell and trade on wall street. To separate the NOTE from the mortgage is to collapse the trust. See Carpenter v. Longan, 83 U.S. at 274 (finding that an assignment of the mor tgage without the Note is a nullity); Landmark Nat'l Bank v. Kesler, 216 P. 3d 158, 166-67 (Kan. 2009)("In the

Event that a mortgage loan somehow separates interest of the Note and the deed of trust, with

the deed of trust lying with some independent entity, the mortgage may become unenforceable"). See also 37 Fla. Jur. Mortgages and Deeds of Trust '240 (One who does not have the ownership, possession, or the right to possession of the mortgage and the obligation secured by it, may not foreclose the mortgage). "The mortgage follows the note. An assignment of the Note carries the mortgage with it,

while an assignment of the later alone is a nullity." ( Capitol Investors Co. vs. Executors of the Estate of Morison,484 F.2d 1157, 1163n. "When a note is secured by a mortgage is assigned, the mortgage follows the note into the hands of the

mortgagee. "In other words, the note is held and owned by the certificate holders of trust, and the mortgage follows the Note.

## TWELFTH CAUSE OF ACTION: WRONGFUL FORECLOSURE DUE TO UNSIGNED MORTGAGE NOTE FLA STAT. 695.14 AND FEDERAL WRONGFUL FORECLOSURE

This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages. Because MERS never got a legal Assignment from Lancaster Bank because there was no Leroy William's Mortgage or Note that was signed and never existed. So Lancaster did not assign the mortgage to MERS and MERS could not have Assigned the Mortgage or Note to Deutsche Bank. Which shows that this EVICTION is ILLEGAL THEIFT OF THIS PROPERTY So we the Plaintiff, homeowners, dispute the title and ownership of the

real property in question (the "Home"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of Plaintiff s mortgage note and/or Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in Promissory Note and Deed of Trust related to the Property, and, thus, do not have a lawful ownership or a security interest in Plaintiffs Home which is described in detail herein For fraud, Intentional infliction of emotional distress, rescission, declaratory relief based, on violations of T.I.L.A. and R.E.S.P.A., upon the facts and circumstances surrounding Plaintiffs original loan by Leroy Williams that was quit claimed to ]AMES BUCKMAN, Exhibit D1. transaction and subsequent securitization. Defendant's violations of these laws are additional reasons this Court must quiet title in Plaintiffs property and award damages, rescission, declaratory judgment, and injunctive relief as requested below.

### THIRTEENTH CAUSE OF ACTION
### Florida Deceptive and Unfair Trade
### Practice
### Act As to all Defendants except

Plaintiffs realleges and incorporates all paragraphs as though fully set forth in this' paragraph. The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) provides for a civil cause of action for "[u] nconsciable acts or practices, and unfair o1 deceptive acts or practices in the conduct of any trade

or commerce." FLA. STAT. § 501.20491 (2005). 60.This is an action for injunctive and declaratory relief pursuant to the Florida Deceptive and Unfair

Trade Practices Aet, Florida Statues §§ 501.201, el *seq.* (hereinafter "the

Act") and Chapter 86, FLA.STAT. The provisions of the Act are to be liberally construed to promote the following policies: To simplify, clarify, and

modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices; and To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. FLA. STAT. §50L202(1) and (2). At all times relevant hereto, BUCKMAN was used like a Consumer by Deutsche Bank to fraudulently Foreclose and as a "consumer" as defined by FLA. STAT. §501.203 (7). At all times relevant hereto, these defendants were engaged in "trade or commerce" as defined by

FLA. STAT. §501.203 (8) Either, any, or all of the Defendants in this count created the documents purportedly transferring the subject mortgage from LANCASTER TO MERS TO DEUSTCHE BANK 2005-2007 and then These defendants violated the Act by engaging in unfair and deceptive acts and practices including, but not limited to: preparing and executing a false and improper Affidavit and fake assignment of Indebtedness by who has no apparent signing authority, with a fake Notary manufacturing documents to create the illusion that Deutsche bank possessed equitable ownership of the subject mortgage despite a complete lack of evidence to support that contention. These defendants knew, or should have known, the AOMs, Affidavit of Indebtedness, along with other documents "created" to give the illusion that the 2007 foreclosure Defendants possessed  equitable ownership of the subject promissory note and mortgage and was

authorized with invalid and illegal documents created which was performed on Deutsche Bank and

Lancaster BANK'S behalf and with each's acceptance and approval when in fact neither was the real party in interest when the claims were filed. These Defendants have violated the act by engaging the following acts of

unconscionable conduct, of unfair deceptive practices in the conduct of trade or commerce. Defendants, claimed and continue to claim ownership as holder of the subject note and mortgage even though they Knew this status was based upon falsified documents. Attorneys fees and costs are sought pursuant to Fla. Stat. §501.2105. WHEREFORE, Plaintiffs respectfully request that this Court award damages, and    any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

## FOURTEENTH CAUSE OF ACTION
### Illegal Consumer Collection

(FDCPA claims against all defendants except SF) FCCPA claims against all defendants) Plaintiff realleges and incorporates paragraphs 1- as though fully set forth in this

paragraph The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegality and who engage in unfair or out right thievery and/or deceptive practices during the collection of a debt. Plaintiffs are defending themselves from Deutsche Bank or Lancaster who is Foreclosing on us as "consumers" within the meaning of FDCPA, 15 U.S.C. §1692a(3). These defendants have engaged in collection of "debts" as this phrase is defined by 15 U.S.C.

§1692a(5) and Fla. Stat. §559.55 allegedly owed by Plaintiff. Defendants, .Deutsche Bank, MERS, Indy Mac & Lancaster who foreclosed upon this fake Mortgage and Note after a fake default and are "debt collectors" . The collection activity foreclosed the fake Mortgage and Note, to

collect monies falsely owed pursuant to a fake promissory note including a deficiency judgment. It is Plaintiffs good faith belief that the Dory Goebel fake Assignment, created by Defendants was created through collusion between defendants Deutsche

Bank, MERS, & Lancaster to support the claimed indebtedness and to support that there is "no genuine issue of material fact" in this case as of the date that the Assignment was executed These Defendants continue to intentionally mislead the court in an effort to unjustly enrich themselves in taking Plaintiff's home when they know, or should have known, at the inception of this suit that Lancaster and/or its predecessor no interest and has never owned the note. Defendants' collection activities described herein violate the Florida Consumer Collection Practices Act (Fla. Stat, § 559.72) and the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692a *et seq.)* in that defendants' were claiming, attempting and threatening to collect and

enforce this consumer mortgage debt by foreclosure action where they how or should have known that the right to pursue foreclosure does not exist under the law because: Lancaster did not have standing to pursue the 2007g action and WaMu did not have standing to pursue the 2007 action; Failure to engage pre-foreclosure settlement discussions with Plaintiff; Defendants' unconscionable, deceptive methods and practices in collecting this loan should preclude them from seeking judicial enforcement of the alleged. The assignment of mortgage to Deutsche Bank or Lancaster post-dated the filling of the 2007 suit merely labeling oneself as a servicer when, in fact, a large percentage of your business is collecting a debt also qualifies all defendants as "debt collectors" under the law. Further,

Plaintiff was subjected to "default" fees and charges including, but not limited to, attorney fees, legal fees, foreclosure Costs, late charges, property inspection fees, title search expenses, filing

fees, broker price opinions, appraisal fees, forced placed insurance, and other charges and advances, and predatory lending fees and charges all of which are not authorized

by or in conformity with the terms of the subject note and mortgage. For statute of limitations purpose it was impossible for Plaintiff to prove the conduct herein until April, 2018 These acts as well as the prosecution of this case are wrongful,

intentional, reckless, willful and wanton, negligent, deceptive, and predatory. Defendants knew they should not falsify documents particularly sworn documents meant to prove a material fact such as AOIs and AOMs. These perjured documents violate 15 ILS.C. §l 6S2e(10) and 1 5 (LS.C. §1692f.81, As a result of the aforesaid FDCPA and FCCPA violations, Plaintiff has been subjected to false and illegal collection activities, and has therefore been harmed due to the slander to her credit and emotional/physical health issues proximately caused by these defendants. Plaintiff has  retained counsel and is entitled to reimbursement of her costs and attorneys fees pursuant to 15 U.S.C. §1692lc(3) and Fla. Stat. §559.77.

THEREFORE, plaintiff respectfully request an award of damages in plaintiffs favor and against defendants for their actual or statutory damages whichever

is greater; and an award of attorneys' fees and costs and for all other relief to which this Court finds just and appropriate.

## FIFTEENTH CAUSE OF ACTION
### ABUSE OF LEGAL PROCESS

## SIXTEENTH CAUSE OF ACTION VIOLATION OF 1964 and 1983

CIVIL

## RIGHTS ACT

*Breaking all Laws to take **our** property because we are black in a white Neighbor  **As said to us by a Deutsche Bank Rep who said we whites don't want Blacks in this Neighborhood  and  the police took my yacht  because my Neighbor said he didn't Niggers on Yachts in his Neighborhood see  Gods2.com video 10A. This is total Fraud, MERS and Deutsche Bank is breaking all Laws to take our property because I as Blacks for Trump have been treated bad with BLACK MEGA Discrimination because of me helping Republicans from BUSH, SCOTT TO TRUMP.***

We have Newly discovered evidence and fraud, March 4th 2018, we went to the Dade County records Department because all Mortgage Notes are Required to be Recorded with Original Signatures F.S. 701.02(1)(2)(3) **exh. A.** and. We discovered that the WAMU MORTGAGE NOTE has absolutely no signatures of the so called buyer (Leroy Williams) on Note as Required by F.S. 695.26 (1) (a), which caused me to search the whole record to discover that All Buyer's (Leroy William's) SIGNATURES and INTIALS are all Blacked Out and the blacked out signature as shown on gods2.com #1 showing Dade County Clerk Guetty Jean #217325 behind Clerk's desk behind protective glass . She's on video after red stamping and putting my payment receipt on the Certified so called Leroy Williams showing Mortgage Note on Camera,

video shows blacked out initials on WAMU Note. And two managers of the Clerk's office saying there's no way this Note should have been put on Recorded without the Signature, gods2.com and I recorded this all on docket for Leroy Williams there's no signed Mortgage, Promissory or Prepayment Rider Recorded in Dade County. There is no lost Note count in Deutsche Bank

Complaint and MERS is not listed in the Note as Nominee or anything at all, **exh. A.** Which is why they did a Fake Mortgage Assignment which included the Promissory Note as stated on the bottom of the Assigned note from WAMU Bank to MERS **exh. C.**, signed by the Vice President of WAMU (Darlene Perera) the same lady who on the exact same date she signed a fake Allonge to another Bank called Indy Mac Bank, illegal **see exhibit CC 1-5** you can't sell a Note to two different entities especially on the same date and did not record the assignment until 2007 1 year and 5 months after sale which makes the note void according to F.S. **exh. C.** Allowing an unsigned Mortgage Note to be

Recorded in Florida which is a Felony, F.S. 817.2341 and 775.082, 775.083 and 775.084. And are all forgeries that can almost be seen under the blacked out ink when comparing that signature to the other signatures of the other notes with the correct signature see **the Plaintiffs WAMU'S Recorded Note shows Note has a wrong forged signature that you can see under the blacked out signature, exh. A.** This is the Correct Leroy William's real signature from the other note from real Recorded Note of Leroy Williams other property. From a real Closings, **see pgs. 16 and 20 of, exh. B1 and B2.** And Flamingo Title Company was sued by Attorney Title Insurance Co. Because of money given but no Note, **exh. F1, F2, F3,.** And no valid Warranty Deed because Alexander Morera was not there and did not sign the Warranty

Deed, **exh. G.** One of the owners of the home 1977 ne 119th road Miami 33181, James Buckman was not at the closing, see affidavit **exb. H**. and James

Buckman did not sign anything as it APPEARED on the fake Warrenty Deed, **exh.G.** See James Buckman's real signature on drivers license, **exh. H2.** Someone illegally signed for James Buchman. See Affidavit from

Maurice Symonette another owner saying that he (Maurice) was their at the Angry

wiped out non closing and witnessed that James Buckman, Tanner Carter, Alexander Morera nor did Leroy Williams show up to the closing and the Warranty Deed was not signed , see **exh. L.** Affidavit from James Buckman stating that he was not at the closing so there was no Legal Warranty filed on the Record! So payments continued to Bank, **exh. S1, S2, S3.** and then EMC Mortgage Bank EMC. Mortgage co. wrote and said make all payments to INDY MAC BANK, **exh. T.** And Payments were made on time even six months after J.P. MORGAN Bank Foreclosure was started 06/20/2007, exh. M. See receipts showing payments **06/19/07 to 09/29/07 4** months after J.P. MORGAN

Bank foreclosure started **exh. K1, K2,K3, K4.** And unknown Bank. J.P. MORGAN Bank Lis Pendence date filed with no Due Process Notice to us, see **page 11 of Dade Docket exh. O**. This filed while Payments were still being made and on TIME, **exh. 5.** And notice the Note blacked out the Loan Number so that you could not check it, **exh. A.**

## SEVENTEENTH CAUSE OF ACTION- CIVIL CONSPIRACY
### As to all Defendants

Plaintiff realleges and re avers and incorporates all paragraphs as though fully set forth in this paragraph. Plaintiff alleges that Defendants entered into an agreement(s), with each other to defraud Plaintiff by providing false testimony regarding our alleged default on the promissory note securing the mortgage on our house and false documentary evidence to the Court to support their plan to obtain Plaintiffs home. The agreement between the Defendants to provide evidence they knew was unauthenticated and fake therefore inadmissible and in many instances

outright perjury comprises the underlying tort or wrong Defendants have committed against Plaintiff in furtherance of their own financial goals. The overt acts in furtherance of the conspiracy were the following: the preparation and recordation of the November 5, 2007 AOM, the October 31, 2007 AOM, the filing of the "Original Promissory Note" via a September 3, 2007. the filing and reliance upon the Affidavit of Indebtedness executed by Compounding the aforesaid misdeeds,

all Defendants behavior towards Plaintiffs regarding the setting and re-setting of "foreclosure sale" of our home for multiple years evidences a callous and blatant disregard for the good faith and fair dealing that forms the basis for commercial endeavors. at the time filed the BLANK ROME ATTORNEYS LLP,

ATTORNEY/DANIEL HURTZE, 2007 and the 2007 cases, their client did not have sufficient documentation to establish it is was the proper party to bring this action and the documentation upon which those Plaintiff relied upon for standing was improperly manufactured by Banks, as Plaintiffs counsel in both cases and acting on Plaintiff's behalf as its authorized agent. In other words, Defendants created false documents to make it appear that Deutsche Bank or Lancaster were the proper party to bring the respective actions. Plaintiff was sued for foreclosure of their home without first allowing us the right to pursue the federally-required pre-foreclosure loss mitigation opportunities. In addition, Deutsche Bank or Lancaster, BLANK ROME ATTORNEYS LLP, ATTORNEY/DANIEL HURTZE proceeded to pretend to the noticed us. Untold *numbers of other homeowners, in addition to Plaintiff, in this country reasonably relied upon',* the promise of "working out" the alleged default Debts so the property owner could resolve the matter without foreclosure. As a direct and proximate result of the acts set forth in this Count, Plaintiff has suffered damages including but

not limited to psychological and physical pain and suffering,  damage to her eredit reputation, the experetaining counsel and defending the foreclosures and other reasonable and foreseeable damages. Plaintiff has also had to hire undersigned counsel and seems damages for the litigation fees and costs pursuant to Florida Statutes §57.105. WHEREFORE Plaintiff prays that this honorable Court award her damages for the claims set forth herein including litigation Fees and costs.

### EIGHTEENTH CAUSE OF ACTION -
### ABUSE OF LEGAL PROCESS
### As to BLANK ROME ATTORNEYS LLP, ATTORNEY/DANIEL HURTZE,,
### Deutsche Bank as successor to MERS FROM Lancaster,

Plaintiff realleges and re avers paragraphs as if fully set forth herein and further states: This is an action for injunctive and declaratory relief and for damages based upon these Defendants abuse of the legal process in connection with the foreclosure lawsuits. From the filing of the 2007 action to present, Lancaster and then Deutsche Bank as successor, did not have sufficient documentation to establish it is the proper party to bring this action and the documentation upon which it relied on for standing was improperly manufactured by Defendants, individually or jointly. These Defendants created and/or used false documents in an effort to obtain a foreclosure final judgment against homeowner. These documents include the aforementioned AOMS and Affidavit of Indebtedness. Furthermore there is a issue as to whether the individual's name that appears on those documents has any information, personal or otherwise, relating to the information contained in the document and/or the authority to sign the documents. Defendants utilized the AOMS and affidavit of indebtedness and "endorsed" promissory Note in this legal process to falsely represent to the

Court that Lancaster, and then Deutsche Bank had the requisite standing to bring this mortgage foreclosure lawsuit and the sums due and which should be included in the foreclosure final judgment By creating and utilizing the false documents these Defendants misused legal process and the Court system to promote their best interests by misleading the Court as to Lancaster right to bring the 2007 mortgage foreclosure lawsuit and by misleading the Court as to

the legitimacy of alleged "evidence" of "original" documents that they were relying upon to support their claims against Plaintiff These Defendants should not have abused the foreclosure process by filing false documents to support their claim that Lancaster was the proper party to bring this action. These actions were willful and constituted an intentional misuse of process in an effort

to wrongfully foreclose upon homeowner's property. Therefore, Defendants misused civil legal process against homeowners in an effort to accomplish the foreclosure upon her home based upon false documents.

**WHEREFORE,** Plaintiff requests actual and special damages including attorneys fees and costs against these Defendants jointly and severally for abuse of legal process.

### NINETEENTH CAUSE OF ACTION
### SLANDER OF TITLE

Plaintiff JAMES BUCKMAN re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein. Defendants, and each of them, disparaged Plaintiff JAMES BUCKMAN's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to , the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed. Said

Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff s **legal** title to the property. By posting, publishing, and recording said documents' disparagement of Plaintiffs legal title was made to the world at large. As a direct and proximate result of Defendants conduct in publishing these documents, Plaintiff JAMES BUCKMAN'S title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff JAMES BUCKMAN's title which was obtained by quit claim deed on 1/01/2007 see exhibit and Plaintiff has suffered, and continues to suffer, damages in an amount to be proved at trial as a result of Defendants conduct, Plaintiff James Buckman has incurred expenses in order to clear title to the property. Moreover, these expenses are continuing, and Plaintiff James Buckman will incur additional charge for such purpose until the cloud on Plaintiffs title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this As a further direct and pro Kimate result of Defendants conduct, Plaintiff James Buckman has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his and her health and well-being, and continues to suffer such injuries on an on going basis. The amount of such damages shall be proven at trial. At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff James Buckman and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means. The conduct of the Defendants in publishing the documents described above was

fraudulent, oppressive, and malicious. Therefore, Plaintiff James Buckman is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

### TWENTIETH CAUSE OF ACTION: VIOLATION OF 7"& 8" AMENDMENT AND DEPRIVATION OF RIGHTS AND PERJURY GENERALLY.UNDER COLOR OF LAW BY VIOLATING OF FLORIDA STATUTE 82 & 83.

Plaintiffs did not consent to any unconstitutional Judicial foreclose, because according to the 14th Amendment of US Constitution, "No person shall be deprived of life, liberty, and property without due process of Law;" therefore, we demand a jury traial to protect our due process rights and right t to a fair trial, in order to settle this issue, because the amount in question exceeds $20.00 US dollars. According to the 7th amendment of the US Constitution, if the amount exceeds $20.00 dollars the right to a jury trial is preserved. Due to the unconstitutional nature of the said Judicial foreclosure Notice, this Cease and Desist and Lawsuit is filed in good faith, because I do not understand why the City of North Miami Beach Police, Zoning Dept. and Dade County Sheriffs Office has willfully and maliciously violated the Plaintiffs due process and equal protection rights, and The Plaintiffs right to a fair trial, in order to illegally take, evict and sale the plaintiffs property without giving the Plaintiff their day in court first to prove The Plaintiff's case. This Sheriffs Office's motive for willfully and maliciously violating The Plaintiffs constitutional rights is for personal gain and an easy out of court victory. The said Sheriffs Office's actions where indeed willful and

malicious, because this Sheriffs Office has officers who are officers of, the state and are presumed to know the law; therefore, this Sheriffs Office either knew or should have known never to try to deprive a person of life, liberty, and property without du process of law; especially, in light of the fact that this Sheriffs Office has officers who took a sworn oath to uphold and defend the US and Florida Constitution before they can begin professional law enforcement. According to Article VI, Clause 2 of US Constitution, Known as the Supremacy Clause, establishes, The U.S. Constitution and treaties as the supreme law of the land; and the judges in every state shall be bound thereby. "This Sheriffs Office has acted willfully and maliciously with total disregard towards The Plaintiffs federally secured guaranteed constitutional rights, because the said Sheriffs Office either knew or should have known that the United States Constitution is the Supreme Law of the land, in which all public officials are bound by it, because all public officials took Oaths of Office to uphold and defend the Florida and US Constitution. The said Judicial foreclosure and eviction initiated by this Sheriffs Office is undeniable evidence that the officers of this Sheriffs Office have breached their contracts with the State of Florida because they have perjured their oaths to uphold and defend the state and US Constitution, because this Sheriffs Office is indeed warring against the US Constitution, by evicting, taking and sailing our property without providing equal protection of the law, due process of law, and The Plaintiffs right to a fair trial. According to Cohens vs. Virginia, 19 U.S.C, Section 2381.

Title S U.S.C, Section 7311( Loyalty and Striking), which explicitly makes it a federal criminal offense (and a violation of oath of office) for anyone employed in the United States Government (including members of congress) to advocate the overthrow of our constitutional form of government. Title 18 U.S.C, Section 1918 (Disloyalty and

Asserting the right to Strike against the Government), provides penalties for violation of oath of office described in title 5 U.S.C, Section 7311, which include: (1) removal from office; an (2) confinement or a fine. The Alien Registration Act of 1940 (Smith Act, 76th United States Congress. 3d session; ch.439,54 stat. 670, 18 U.S.C, Section 2385 (Advocating the Overthrow of The Smith. government. This Sherriff s Office's said Judicial Foreclosure under power of sale is unconstitutional, because if effectively denies our client, "Access to the Courts, " This Sheriffs Office is attempting to deny the Plaintiff access to the courts by taking The Plaintiffs property away without due process of the law, which is mostly the judicial process, Due to the amount of money The plaintiffs property is worth, this issue needs to be presented before officers of law, in order to ensure Access to the Courts so that Plaintiff s constitutional rights are protected; and to ensure that The plaintiffs life, liberty and property is not being taken without due process and equal protection of the law. "The right to sue and defend in the courts is One of the highest and most essential privileges of citizenship and must be allowed by

each State to the citizens of all other States to the same extent that it is allowed to its Own citizens." (See Chambers v. Baltimore & O.R.R., 207 U.S. 142, 148 (1907); Mcknett v. St. Louis & S.F. Ry., 292 U.S. 230, 233 (1934). "The constitutional requirement is satisfied if the nonresident is given access to the courts of the State upon terms which, in themselves, are reasonable and adequate for the enforcing of any rights he may have, even though they may not be technically the same as those accorded to resident citizens. " (See Canadian Northern Ry. V. Eggen, 252 U.S. 553 (1920. "The right of access to the courts is basic to our system of government and it is well established today that it is one of the fundamental rights protect ed by the Constitution. "(See Ryland v. Shapiro, 708 F.2d 967, 971 (5'* Cir. 1983). This Sheriff's Office with its unconstitutional Final Notice of Eviction and Alias Writ of Possession did indeed advocate the overthrow of our constitutional Form of Government, in violation of the Smith Act; thereby, violating their oaths of office, because Access of the Courts is Common Law that is protected by the Florida and US Constitution. The members of this Sheriffs Office, having taken an oath to support and defend the Florida and the United States Constitution, did wilfully and knowingly violate said oaths by filing a unconstitutional Judicial Final Notice of Eviction, Writ of Possession and did evict some of us on the 24 hour notice to evict on 08/18/16 and then cancelled the eviction Order. We want our property replaced or the money back tripled. See exhibit video on gods2.com Because this is **totally contrary to** well-established **Common Law,** Access to

the violation **of Title 18** U.S.C, Section 241 - **Conspiracy Against Rights, and Title** 18 U.S.C, Section 242 — Deprivations **of Rights under color of state law;** and perjury Generally. Other **criminal and civil** causes of action if this **Sheriffs Office** has **persisted and has not ceased and desisted with their unconstitutional Judicial Foreclosure: with no NOTE OR MORTGAGE** running an **artificial** sham,

breach of trust, extortion, **embezzlement,** law **enforcement malpractice, official oppression,** RICO, Conspiracy to commit RICO, **suppression of evidence, obstruction of justice, violations of the honest** clause, misprision of treason, **piracy** upon the **high** seas, advocating the **overthrow of our constitutional form of government, and Insurrection and**

21st. Cause of Action  Violation of Bankruptcy stay

## CODE:11SEVENTH CAUSE OF ACTION – VIOLATION OF BANKRUPTCY: U.S. U.S.§ 362(a)(3),    11U.S.C. § 362(h)(K), 11U.S.C.§362(c), 1U.S.§362 (1)(2)(3)(4)(5)(6)(7)

Judge   Monica Gordi Erred by not stopping all court proceedings after plaintiff Maurice Symonette showed her his Bankruptcy and also showed her the Transcript from the prior Judge in this Case the Transcript where in the Judge allowed Symonette to intervine , see **Exhibit K** in this Case as an owner in the state court and should have stopped all foreclosure activity in which their was a sale date that was to be on 06/22/2017, but Maurice Symonette had already filed    a bankruptcy on 08/08/2016    And Judge Monica Gordi would not allow the bankruptcy to halt the sale of the house see bankruptcy Docket The Judge Erred in not stopping hearing and setting a sale in violation of 11U.S.Code §362 (1)(2)(3)(4)(5)(6) (7)(8) when they Violated owner Maurice Symonette's bankruptcy, this US Code stops any and all acts against the debtor or against property of the estate while Maurice Symonette's Bankruptcy was still active at the time case no. **16-20959epk**    see **(exhibit L),** the Judge did not    follow the Federal and State rules and laws, which caused his home to be sold. And also see docket on **exhibit M** For date 06/22/20171977 NEW CORRECTED where their was a sale date that should have been stopped by Judge.

## PRAYER FOR RELIEF

**Wherefore plaintiff, James Buckman will ask for the following for each Cause of action to be awarded: And under the penalty of perjury. verifies That he has read the foregoing petition for Declaratory Relief to quiet title And motion for temporary Restraining order and that the facts contained therein are true and**

**correct..**

d) That the Plaintiff have such other and further relief as the Court may deem just and proper and equitable given the facts of the case.

e) Grant injunctive relief (stay).

f) Set aside the Judgment in the original action of foreclosure, voiding the sale and transfer of Title of his homestead Property and,

g) Declaratory judgment instructing the Plaintiff of his rights under law,

## PRAYER

WHEREFORE, Plaintiff request judgment as follows:

1. In that this court issue an Order to show Cause and, after a hearing , issue an order

overturning foreclosure sale restraining Defendant's, and each of them, during the pendency of this action, from continuing with their efforts.

2. That the foreclosure of the property be declared illegal and that Defendant's be forever

enjoined and restrained from selling the property or attempting to sell it or causing it to be sold again, either under power of sale pursuant to trust deed or by foreclosure action and from posting, publishing or recording any notice of default of foreclosure sale contrary to state or federal law.

3.  That the underlying loan transaction be declared void as a result of Defendant's misrepresentation, fraud, concealment, and predatory loan practices.

4.  That Defendant's make restitution to Plaintiff according to proof.

5.  For a judgment determining that Plaintiff is the owner in fee simple of the property against

the adverse claims of Defendants and that have no interest in the property adverse to Plaintiff's.

6.  For damages in an amount of $5,000,000.00.

7.  For the cost of the suit and reasonable attorney fees.

8.  For any and all other and further relief that may be just in this matter.

## VERIFICATION OF MAURICE SYMONETTE

I James Buckman, declare as follows:

1)      I am named as a Plaintiff in the above-entitled matter.

2)      I have read the foregoing VERIFIED COMPLAINT, and attached Affidavit, and know the

facts therein stated to be true and correct. I declare, under penalty of perjury pursuant to the

laws of

JAMES BUCKMAN
1977 NE 119 ' RD.
MIAMI FLA. 33181

MAURICE SYMONETTE

1977 NE 119th RD.

MIAMI FLA. 33181